UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Misc. No. 1:06MS00210 (RCL) |
| Michael Whitney, et al. | ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF'S REQUEST FOR CONFERENCE
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16

Pursuant to Federal Rule of Civil Procedure 16(a), plaintiff U.S Commodity

Futures Trading Commission ("Commission") requests that the Court convene a conference to

address the following:

District of Columbia Subpoena Enforcement

1.    In this miscellaneous action filed on May 8, 2006, the Commission moves

to compel third party, The McGraw-Hill Companies, Inc. ("McGraw-Hill") to produce

documents in response to four subpoenas appropriately issued from this Court pursuant to

Federal Rule of Civil Procedure 45.  The subpoenas pertain to actions filed by the Commission

in federal district courts in Texas, Ohio, Oklahoma and Colorado against individual defendants.[1]

2.    On May 19, 2006, at McGraw-Hill's request and with the Commission's

assent, the Court established a briefing schedule that requires McGraw-Hill to file its opposition

to the motion to compel and cross-motion for protective order on May 26, 2006.

---

[1]    The action filed in Oklahoma is entitled *CFTC v. Jeffrey A. Bradley and Robert L. Martin*, Civil Action No. 4:05-cv-00062 (N.D. Okla.) ("Oklahoma Action").

Oklahoma Subpoena Enforcement

      3.      Separate from the Commission's efforts to secure documents from McGraw-Hill as part of the Oklahoma Action, on February 17, 2006, one of the defendants in that action, Jeffrey A. Bradley ("Bradley") caused a subpoena *duces tecum* to be served on McGraw-Hill from the Northern District of Oklahoma, seeking similar information. The subpoena calls for production at McGraw-Hill's offices in New York City. See Exhibit A.

      4.      On May 11, 2006, at defendant's request, the Oklahoma court (McCarthy, MJ) held a status conference to address defendant's efforts to secure documents from McGraw-Hill. McGraw-Hill participated in the conference. After raising the specter of different courts ruling upon the same issues, the Oklahoma court inquired of Bradley whether he would be willing to pursue documents from McGraw-Hill through the DC action. When Bradley declined, the court invited him to file a motion to compel McGraw-Hill to comply with the Bradley subpoena. McGraw-Hill, the only entity with standing to challenge the effectiveness of the Bradley subpoena, remained silent on this point. Rather, noting the Oklahoma court's inclination to consider Bradley's motion to compel, McGraw-Hill suggested consolidating the Commission's motion to compel filed in this Court and Bradley's anticipated motion, both for the Oklahoma court's consideration. The Oklahoma court did not indicate its view on whether that would be appropriate.

      5.      On May 12, 2006, Bradley filed a motion to compel in the Oklahoma court. In support of the motion, defendant simply attached the Commission's Memorandum of Points and Authorities filed in support of its motion to compel in this Court.

      6.      On May 19, 2006, per the Oklahoma court's instruction, the Commission filed a response stating that it did not oppose Bradley's effort's to secure information from

2

McGraw-Hill, but would oppose any effort to use the Oklahoma court's exercise of jurisdiction over Bradley's subpoena as a basis to consolidate this D.C. action for the Oklahoma court's review. The Commission pointed out that the Bradley subpoena is invalid on its face, and that Bradley's motion to compel is thus not properly before the Oklahoma court. See Exhibit B.

       7.     On May 19, 2006, McGraw-Hill filed an opposition to Bradley's motion to compel. Consistent with its preference that the Oklahoma court exercise jurisdiction over all subpoenas arising out of that action, McGraw-Hill continued to remain silent on the validity of the Bradley subpoena, and further requested that the Oklahoma court enter a protective order, limiting the Commission's use of any documents this Court might compel McGraw-Hill to produce pursuant to a subpoena issued from this Court. In particular, McGraw-Hill seeks entry of an order that, *inter alia,* limits the scope of the documents McGraw-Hill may be required to produce to any party to the Oklahoma Action (*i.e.* the defendants and the Commission); requires that information produced by McGraw-Hill be redacted; limits the parties' use of the information to the Oklahoma Action; and precludes the parties from disseminating documents McGraw-Hill may produce to third parties. Thus, in the case of the Commission, the order would not allow the agency to produce the documents to sister agencies, which is a critical component of the government's cooperative enforcement efforts. See Exhibit C.

       8.     The relief McGraw-Hill seeks from the Oklahoma court pursuant to its cross-motion for protective order, filed on May 19, 2006, is effectively the same relief that McGraw-Hill represented to this Court, pursuant to its request for briefing schedule filed on May 19, 2006, it intends to seek in this action. See Exhibit D. In contrast to the proceedings in the Oklahoma court, the Commission's motion to compel filed in this Court is predicated on a valid

3

subpoena. It was filed with this Court prior to Bradley's motion to compel in the Oklahoma court, and it is before the Court that validly issued the subpoena.

        9.    During the May 11, 2006 status conference, the Oklahoma court expressed its intention to consider all matters regarding McGraw-Hill on an expedited basis. Consistent with this expedited schedule, the court scheduled a hearing on Bradley's motion to compel and McGraw-Hill's motion for protective order for May 31, 2006. The court further ordered the Commission to file its response to McGraw-Hill's request for a protective order by May 30, 2006. See Exhibit E.

        10.    McGraw-Hill's actions create the possibility that the Commission may be subject to two conflicting orders concerning production and use of the same documents. Moreover, given the accelerated briefing schedule established by the Oklahoma court, the Commission has little choice but to respond to McGraw-Hill's cross-motion for protective order, which it vigorously opposes, notwithstanding the uncertainty about whether the issue is even properly before the Oklahoma court.

        11.    Given McGraw-Hill's request to the Oklahoma court to consider the same issues that are properly before this Court, the Commission requests a Rule 16 conference to address how this Court wishes the Commission and McGraw-Hill to proceed.

Dated: May 24, 2006                Respectfully submitted,
     Washington, D.C.

                              /s/ Anthony M. Mansfield
                              Michael J. Otten (VA Bar 42371)
                              Anthony M. Mansfield (MA Bar 630216)
                              Laura Gardy (FL Bar 523909)
                              United States Commodity Futures
                                Trading Commission
                              1155 21st Street, N.W.
                              Washington, D.C. 20581
                              202.418.5000
                              202.418.5523 (facsimile)

CERTIFICATE OF SERVICE

I, Anthony M. Mansfield, hereby certify that on May 24, 2006, I caused a copy of Plaintiff's Request for Conference pursuant to Federal Rule of Civil Procedure 16 to be served by First Class Mail on the following individuals:

Victor Kovner, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019
*Counsel for The McGraw-Hill Companies, Inc.*
(First Class Mail and Electronic Mail)

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

/s/ Anthony M. Mansfield
Anthony M. Mansfield

5

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court
## Northern District of Oklahoma

U.S. Commodity Futures Trading Commission

v.

Jeffrey A. Bradley and
Robert L. Martin

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-CV-62-JHP-FHM

O: The McGraw-Hill Co., c/o Pierre M. Davis, Esq.

] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to stify in the above case.

| ACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in e above case.

| ACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the ace, date, and time specified below (list documents or objects):

See Exhibit "A"

| ACE  The McGraw-Hill Companies<br>1221 Avenue of the Americas, 48th Fl, New York, NY 10020-1095 | DATE AND TIME<br>March 31, 2006 @ 10:00 a.m |
| --- | --- |

] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| EMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more ficers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person signated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| UING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Jeffrey A. Bradley | DATE<br>2/17/06 |
| --- | --- |

UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
. Richard Love, III, 4000 One Williams Center, Tulsa, OK 74172

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

| on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them so correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A
## TO SUBPOENA DUCES TECUM
### TO McGRAW HILL COMPANIES

1.   All documents including, but not limited to, company issued statements, policy, procedures manuals, and literature for or used by or in the orientation and training of current and former McGraw-Hill employees involved in gathering, reporting, and verification of price and volume information about natural gas transactions during the period from January 1, 2001 to October 14, 2002.

2.   All documents containing any information which references, indicates or discusses any false, inaccurate or otherwise incorrect price and volume information about natural gas transactions submitted to McGraw-Hill by CMS Field Services, Inc. during the period from January 1, 2001 to October 14, 2002.

3.   All documents submitted by CMS Field Services, Inc. and received by McGraw-Hill to gather, calculate and publish price and volume information about natural gas transactions during the period from January 1, 2001 to October 14, 2002.

4.   All documents concerning communications between CMS Field Services, Inc. and Platts, including, without limitation, written correspondence (e.g. facsimile), electronic correspondence (e.g., email and/or instant message), telephone logs, audio recordings, notes, memoranda, and diary or journal entries.

5.   All documents reflecting the formulas used to calculate index prices for each natural gas delivery point at which CMS Field Services, Inc. submitted price and volume information on each day of the period from January 1, 2001 to October 14, 2002.

6.   All documents containing or describing any price and volume data about natural gas transactions submitted to McGraw-Hill by CMS Field Services, Inc. that were rejected from, or otherwise not included in, a calculation of a price index.

7.   All documents reflecting published prices, including but not limited to, electronic mail, web pages, and newsletters in chronological date order, during the period from January 1, 2001 to October 14, 2002.

8.   All documents reflecting any requests or demands from any persons to McGraw-Hill, including but not limited to, subpoenas, discovery demands or informal requests for voluntary disclosures concerning false, inaccurate or otherwise incorrect reporting of price and volume information or manipulation by CMS Field Services, Inc. or one of its representatives or agents.

9.   All documents produced pursuant to any requests or demands to McGraw-Hill, including subpoenas, discovery demands or informal requests for voluntary disclosures from any person including specifically but without limitation the

CFTC, concerning false, inaccurate or otherwise incorrect reporting of price and volume information or manipulation or attempted manipulation by CMS Field Services, Inc., or any of its representatives, employees or agents.

10. All documents reflecting any complaints received from any person or any conversation concerning false, inaccurate or otherwise incorrect price and volume information or manipulation by CMS Field Services, Inc.

11. All documents concerning McGraw-Hill's methodology for calculating daily index prices for natural gas, which McGraw-Hill provided to the public and/or any company or individual that submitted information about natural gas transactions to McGraw-Hill during the time period of January 1, 2001 to October 14, 2002.

12. All documents concerning McGraw-Hill's survey of the natural gas markets for information about natural gas transactions, including, without limitation, instructions McGraw-Hill provided to the public about the types of natural gas transactions for which market participants should submit information to McGraw-Hill.

13. All documents concerning McGraw-Hill's survey of the natural gas markets for information about natural gas transactions, including, without limitation, instructions McGraw-Hill provided to the public about the types of natural gas transactions for which market participants should submit information to McGraw-Hill.

14. All documents concerning reporting of information about natural gas transactions McGraw-Hill provided to CMS Field Services, Inc., including, without limitation, instructions about the types of natural gas transactions for which CMS Field Services, Inc. should submit information.

15. All documents that list the names of all companies that participated in McGraw-Hill's price and volume surveys, both daily and monthly, during the period from January 1, 2001 to October 14, 2002, for the following pipelines: ANR; ANR SW; NGPL M/C; NGPL TexOk; Northern, Northern TOK; OGT; ONG; PEPL; Reliant East; Reliant West; TexOK GC; and Williams.

16. For the companies reflected in the documents produced in response to request number 15, *supra*, produce all records that reflect the individual(s) that served as McGraw-Hill's contact for the referenced pipelines during the same time period.

17. All documents which reflect the volumes and prices provided to McGraw-Hill by market participants during the period from January 1, 2001 to October 14, 2002, for the following pipelines: ANR; ANR SW; NGPL M/C; NGPL TexOk; Northern, Northern TOK; OGT; ONG; PEPL; Reliant East; Reliant West; TexOK GC; and Williams.

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-CV-62-JHP-FHM ) |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY SUBPOENA TO MCGRAW-HILL

In accordance with the Court's May 11, 2006 Order, plaintiff U.S. Commodity Futures

Trading Commission submits this response to defendant Jeffrey A. Bradley's motion to compel

production of documents from The McGraw-Hill Companies, Inc. ("McGraw-Hill"). The

Commission does not oppose the defendant's efforts to secure information from McGraw-Hill.

The Commission, however, will oppose any effort to use this Court's exercise of jurisdiction

over the defendant's subpoena as a basis to transfer to this Court a separate subpoena the

Commission caused to be served on McGraw-Hill from the United States District Court for

the District of Columbia, which itself is the subject of a motion to compel in that court.[1]

The Commission shares the defendant's position that the documents in McGraw-Hill's sole possession are relevant to this action, albeit to show a violation of the Commodity Exchange Act. Consistent with this view, the Commission issued a subpoena to McGraw-Hill from the District of Columbia -- one of three jurisdictions from which a subpoena may properly be served on the company pursuant to the Federal Rules of Civil Procedure.[2] As here, McGraw-Hill

---

[1]  Separately, the Commission anticipates that McGraw-Hill will raise the issue of a protective order in connection with its response to Bradley's motion to compel. The Commission opposes the entry of a protective order. In this regard, the Commission notes that limitations on its use and dissemination of McGraw-Hill documents could impede, for example, the Commission's disclosure obligations and ability meet its discovery obligations in other pending enforcement actions. *See* 7 U.S.C. § 12(b) ("The Commission may disclose publicly any data or information that would separately disclose the market positions, business transactions, trade secrets, or names of customers of any person when such disclosure is made in connection with a congressional proceeding, [or] in an administrative or judicial proceeding brought under this Act . . . ."). Such limitations could also undermine the cooperative enforcement provisions of Section 8(a)(2) of the Act, 7 U.S.C. § 12(a)(2).

As the burden rests with McGraw-Hill, in the first instance, to demonstrate that a protective order is warranted, the Commission respectfully requests the opportunity to address any specific limitations on the Commission's use or dissemination proposed by McGraw-Hill in response to Bradley's motion to compel.

The Commission also notes that it has addressed some production limitations previously proposed by McGraw-Hill. *See* Plaintiff's Motion to Clarify and/or Vacate Protective Order and Brief in Support (Docket No. 103); Plaintiff's Memorandum of Points and Authorities in Support of Consolidated Motion to Compel Third Party to Produce Documents in Response to Subpoenas *Duces Tecum* (notice filed at Docket No. 101).

[2]  McGraw-Hill has offices in Washington, New York, and Houston. Pursuant to Federal Rule of Civil Procedure 45(a)(2), "a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." Further, a subpoena must be quashed if it "requires a person who is not a party or an officer to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business . . ." Fed.R.Civ.P. 45(c)(3)(A)(ii). Thus, a subpoena to McGraw-Hill, to be valid, arguably must issue from a federal district court in the District of Columbia, the Southern District of New York, or the Southern District of Texas. *See Echostar Communications Corp. v. The News Corp. Ltd.,* 180 F.R.D. 391 (D.Col. 1998) (subpoenas *duces tecum* issued from the District of Colorado were invalid insofar as they sought production of discovery in Georgia and New Jersey by nonparties). Indeed, at least with respect to choice of law issues, McGraw-Hill's position is that New York

objected to production, thereby forcing the Commission to file a motion to compel.[3]

The Commission is sensitive to this Court's desire to expedite the resolution of this matter. The Commission believes that the District of Columbia will address the Commission's efforts to secure documents from McGraw-Hill in short order, particularly where the Court considered the same issues, involving the same parties and the same categories of documents. *See CFTC v. The McGraw-Hill Companies, Inc.*, 390 F.Supp. 2d 27 (D.D.C. Oct. 4, 2005), *reconsid. denied*, 403 F.Supp. 2d 34 (D.D.C. Dec. 2, 2005) (finding that the Commission overcame McGraw-Hill's invocation of the qualified reporter's privilege). Consistent with the language of Federal Rule of Civil Procedure 45 and the spirit of the rule, the District of Columbia is the appropriate forum to resolve the McGraw-Hill related issues.[4]

---

and Washington are the appropriate jurisdictions in which to pursue records of this kind from the company. *See* Respondent's Memorandum of Law in Opposition to Application for Order Requiring Compliance with Administrative Subpoenas at p.13, Misc. Action H-03-187 (S.D. Tex.) ("To the extent that any other jurisdiction [besides New York] has relevance, that jurisdiction is Washington, D.C., where *Inside FERC* has its offices and where the bulk of the requested documents are located.").

[3]  The Commission filed the motion to compel on May 8, 2006 in the District of Columbia wherein jurisdiction to resolve the dispute properly lies. *See In re Sealed Case*, 141 F.3d 337, 329 (D.C. Cir. 1998) (only the issuing court has power to act on its subpoenas).

[4]  The Commission understands that McGraw-Hill will accede to this Court's exercise of jurisdiction to determine the enforceability of the Commission and defendant Bradley's subpoenas. Even if appropriate, the Commission questions McGraw-Hill's motivation. Courts in New York and Washington have already ordered the company to produce similar categories of documents. *See The McGraw-Hill Companies, Inc.*, 390 F.Supp. 2d 27; *In re Natural Gas Commodities Litigation*, --- F.Supp. 2d ---, 2006 WL 1044224 (S.D.N.Y. April 19, 2006) (qualified reporter's privilege did not protect trade data reported in natural gas industry publications from disclosure). Against this backdrop, McGraw-Hill's willingness to accept service of an arguably invalid subpoena, as a result of which a federal district court in Oklahoma and not the District of Columbia or New York will consider McGraw-Hill's objections to the subpoenas, suggests an effort to avoid unfavorable precedent.

Dated: May 19, 2006
     Washington, D.C.

Respectfully submitted,

s/ James Garcia
James A. Garcia
(D.C. Bar No. 458085)
Michael Solinsky
(D.C. Bar No. 433754)

Kevin C. Leitch
(Oklahoma Bar No. 5366)
Assistant United States Attorney
Northern District of Oklahoma
110 W. 7th Street, Suite 300
Tulsa, Oklahoma 74119-1029
(918) 382-2710 (phone)
(918) 560-7939 (facsimile)

Trial Attorneys
**United States Commodity Futures
    Trading Commission**
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5362 (phone)
(202) 418-5523 (facsimile)

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2006, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a

Notice of Electronic Filing to the following ECF registrants:

David R. Cordell, Esq.                    Thomas M. Ladner, Esq.
R. Richard Love, III, Esq.                Norman Wohlgemuth Chandler & Dowdell
Conner & Winters                          401 South Boston Avenue
4000 One Williams Center                  2900 Mid-Continent Tower
Tulsa, OK 74172                           Tulsa, OK 74103-4023
  Counsel for Defendant Bradley             Counsel for Defendant Martin

I hereby certify that on this 19th day of May 2006, I served the foregoing document by

facsimile and U.S. Mail on the following, who are not registered participants of the ECF system:

James K. Robinson, Esq.                   Victor A. Kovner, Esq.
Cadwalader, Wickersham & Taft             Carolyn K. Foley, Esq.
1201 F. Street, N.W., Suite 1100          Davis Wright Tremaine, LLP
Washington, D.C. 20004                    1633 Broadway
  Counsel for Defendant Bradley           New York, New York 10019-6708
                                            Counsel for Third-Party The McGraw-Hill
                                            Companies, Inc

                          s/ James Garcia
                          James Garcia

# EXHIBIT C

**APPENDIX A**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-CV-62-SHE-FHM |
| v. | ) ) | **[PROPOSED ORDER]** |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) | |
| Defendants | ) ) ) ) | |

        The McGraw-Hill Companies, Inc. ("McGraw-Hill") having filed a Motion,

pursuant to Fed.R.Civ.P. 45 for a Protective Order limiting McGraw-Hill's obligations to

produce documents to the parties in this action, and the Court having considered McGraw-Hill's

Motion, any opposition submitted thereto and any further reply of McGraw-Hill in further

support thereof, and all related pleadings and papers:

        NOW, THEREFORE, it is HEREBY ORDERED that, in recognition of the

applicability of the reporter's privilege to McGraw-Hill's communications with its sources, its

other newsgathering materials, its reporter's notes and its internal editorial materials, all parties

to this action who wish to seek documents from McGraw-Hill shall limit their requests as

follows:

        (1)    requests for communications between McGraw-Hill and CMS shall be limited to

requests for submissions of trade data by CMS to McGraw-Hill in those situations where CMS

NYC 169383v1 3930059-24

did not maintain adequate records of its submissions of trade data to McGraw-Hill;

(2)    requests for the data considered in connection with the determination of McGraw-Hill indices shall be limited to those hubs and those dates for which the CFTC claims that defendants submitted false trade data;

(3)    the names of the sources of such data, other than CMS, that may be produced pursuant to paragraph (2) shall be redacted, as shall be the statistical calculations reflected thereon (which calculations can be performed by the parties themselves).

(4)    No other category of information shall be sought from McGraw-Hill absent a showing made to this Court as to why the reporter's privilege ought to be set aside as to the specific information sought.

(5)    Any production of documents by McGraw-Hill to any party in this case shall be made the subject of a protective order substantially in the form of the order already entered into in this case between McGraw-Hill and Defendants.  (Docket #90)

It is SO ORDERED.

Signed at _____, Oklahoma,
this _____ day of _____, 2006.


_____
Magistrate Judge of the District Court

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States Commodity Futures Trading Commission,<br><br>       Plaintifff,<br><br>       v.<br><br>Michael Whitney, et al.,<br><br>       Defendants. | Misc. No. 1:06-mc-0210 (RCL)<br><br>**STIPULATION AND ORDER** |

**WHEREAS** The U.S. Commodity Futures Trading Commission ("CFTC") served third party The McGraw-Hill Companies, Inc. ("McGraw-Hill") with a motion to compel on May 8, 2006; and

**WHEREAS** McGraw-Hill requests and the CFTC assents,

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the parties, that the respondent McGraw-Hill will serve its Opposition to the CFTC's Motion to Compel and its Cross Motion by May 26, 2006; that the CFTC will serve its reply papers in further support of its Motion to Compel and its Opposition to McGraw-Hill's Cross Motion for a Protective Order by June 7, 2006; and that McGraw-Hill will serve its reply papers in further support of its Cross Motion by June 14, 2006.

Dated: May 19, 2006

UNITED STATES COMMODITY                    DAVIS WRIGHT TREMAINE LLP
FUTURES TRADING COMMISSION

By: _Anthony Mansfield/RLC_                By: _Richard L Cys_
    Michael J. Otten (VA Bar No. 42371)        Richard L. Cys (D.C. Bar 087536)
    Anthony Mansfield (MA Bar 630216)          1500 K Street NW, Suite 450
    Laura Grady (FL Bar 523909)                Washington, D. C. 20005-1272
    1155 21st Street, N.W.                      (202) 508-6600
    Washington, D.C.  20581
    (202) 418-5000                          *Counsel for The McGraw-Hill Companies*

*Counsel for United States Commodity*       Of Counsel:
*Futures Trading Commission*
                                            DAVIS WRIGHT TREMAINE LLP
                                                Victor A. Kovner
                                                Carolyn K. Foley
                                                Kevan Choset
                                                1633 Broadway
                                                New York, NY  10019
                                                (212) 489-8230

It is SO ORDERED.

Signed at Washington, D.C.,
this _____ day of _____, 2006.

_____
United States District Court Judge

2

# EXHIBIT E

**From:** CM-ECFMail_OKND@uscourts.gov [mailto:CM-ECFMail_OKND@uscourts.gov]
**Sent:** Tuesday, May 23, 2006 10:07 AM
**To:** CM-ECFLive_OKND@oknd.uscourts.gov
**Subject:** Activity in Case 4:05-cv-00062-JHP-FHM U.S. Commodity Futures Trading Commission v. Bradley et al "Minute Order"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Northern District of Oklahoma**

Notice of Electronic Filing

The following transaction was received from jcm, Dpty Clk entered on 5/23/2006 at 10:07 AM CDT and filed on 5/23/2006

**Case Name:**        U.S. Commodity Futures Trading Commission v. Bradley et al
**Case Number:**      4:05-cv-62
**Filer:**
**Document Number:** 125

**Docket Text:**
MINUTE ORDER by Magistrate Judge Frank H McCarthy Hearing set in Courtroom #1, 3rd floor, setting/resetting deadline(s)/hearing(s): Attorney's may file supplemental briefs addressing issues raised by these motions by no later than noon on 5/30/06. However, earlier supplementation would be helpful. Attorneys may appear in person or by telephone. If by telephone, notify the court by noon on 5/30/06. Miscellaneous Deadline set for 5/30/2006, Motion Hearing set for 5/31/2006 at 09:30 AM before Magistrate Judge Frank H McCarthy (Re: [99] MOTION for Protective Order, [124] MOTION for Protective Order Governing the Scope and Method of Production by Defendant Jeffrey A. Bradley (Submitted as part of [119], [106] MOTION to Compel Production of Documents by Subpoena to McGraw-Hill and Brief in Support, [122] MOTION for Protective Order That Binds the Plaintiff (Submitted as Document No. 118), [103] MOTION to Clarify and/or) (jcm, Dpty Clk)

The following document(s) are associated with this transaction:

**4:05-cv-62** Notice will be electronically mailed to:

5/23/2006