IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

U.S. Commodity Futures Trading Commission,

              Plaintiff,

v.

Michael Whitney, et al.,

              Defendants.

Case No. 1:06-mc-00210 (RCL)

---

**THIRD PARTY MCGRAW-HILL'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CONFERENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

Third Party The McGraw-Hill Companies, Inc. ("McGraw-Hill") opposes the US Commodity Futures Trading Commission's ("CFTC") request for a conference under Rule 16.

1.    The tone of the CFTC's unusual request – which asks this Court to convene a pre-trial conference in a miscellaneous case brought to compel compliance with subpoenas issued in aid of cases pending in four courts outside of this District – suggests that the CFTC believes that non-party McGraw-Hill somehow has acted in a manner other than to assert and protect its rights as a non-party recipient of subpoenas. In fact, McGraw-Hill has acted in a consistent manner to protect its privileged, proprietary and confidential information from unwarranted intrusion and indiscriminate disclosure.

2.    The situation that the CFTC describes – in which one motion to compel has been brought against McGraw-Hill by defendants in a case pending before the Northern District of Oklahoma (*CFTC v. Bradley and Martin*) and one motion to compel relating to, among other cases, the same Oklahoma case has been brought before this Court by the CFTC – is not one of McGraw-Hill's making or choice. Rather, McGraw-Hill actively sought to avoid this very

situation both by requesting that the Magistrate Judge overseeing the Oklahoma action direct either the defendants to bring their application in the District of Columbia or the CFTC to bring its application before the Oklahoma Court. Because neither party was willing to forego their choice of forum, and the Magistrate Judge was not inclined to force either side to do so, the burden was placed on non-party McGraw-Hill to oppose the motions before both courts simultaneously. (A full copy of the transcript of the May 11, 2006 hearing at which these issues were addressed before the Oklahoma Court and which is selectively and somewhat inaccurately summarized by the CFTC is attached hereto as Exhibit 1.)[1]

3.      The CFTC's apparent belief that it has the right to dictate how McGraw-Hill ought to assert its rights and its suggestion that McGraw-Hill should be faulted for not engaging in additional motion practice with defendants Bradley and Martin because they had issued their subpoena out of the Oklahoma Court is baseless. In essence, the CFTC purports to fault McGraw-Hill for its effort to negotiate with defendants and attempt to avoid motion practice. The fact of the matter is that defendants Bradley and Martin had already agreed that any documents that McGraw-Hill might produce to them pursuant to their subpoena could be produced pursuant to a protective order. It then was the CFTC's absolute refusal to agree to any form of a protective order that prompted the instant motion practice.

4.      Even if McGraw-Hill had moved to quash defendants' subpoena before the Oklahoma Court – a suggestion that the CFTC never raised with McGraw-Hill – McGraw-Hill would still have had to assert all the other objections it possesses to the subpoena at that same

---

[1] For example, the CFTC asserts that the Oklahoma Court did not indicate its view on whether it would be appropriate to consolidate the motion to compel pending before this Court with the motion to compel filed in the Oklahoma Court. In fact, the Oklahoma Court specifically stated that "it certainly wouldn't hurt to tell that judge [referring to this Court] that they could get rid of at least a part of [the motion] and send it to Tulsa." (Tr. at 29). *See generally,* Tr. pages 24 through 29. (Note that the transcript has two sets of page numberings; we refer to the ones at the very bottom of the page.)

2

time before the Oklahoma court in the event that the motion on jurisdictional grounds was, for some reason, denied. Thus, raising any possible jurisdictional issue would not have simplified matters. In addition, even if McGraw-Hill had succeeded in quashing defendants' subpoena on jurisdictional grounds, this Court is not the only jurisdiction from which defendants may have attempted to re-issue their subpoena. (Without addressing the merits of any jurisdictional argument, McGraw-Hill notes that it has offices and conducts business in a multitude of federal districts and that the CFTC takes the position that there are at least three jurisdictions in which a subpoena to McGraw-Hill might properly issue.) There is thus no assurance, even if defendants' subpoena did not properly issue in Oklahoma, that defendants would instead have chosen this Court. Under any scenario, non-party McGraw-Hill lacks control over the fora in which these vying parties might attempt to lodge these subpoena matters.[2]

5.     In fact, it would appear from the recent appearance conducted before the Oklahoma court (see Exhibit 1 hereto) that the CFTC and the defendants in the Oklahoma case may actually be using these competing motions to advance their own strategic purposes, such as the scheduling of the trial date in that case. According to the defendants in the Oklahoma case, the primary purpose of their motion to compel was to keep the discovery schedule on track in that case in order to preserve a July trial date. Sensitive to the schedule, the Magistrate Judge appeared willing not only to entertain defendants' motion to compel but to expedite his decision in order to keep the case on track.[3]

---

[2] The CFTC's purported concern for the burden placed on McGraw-Hill in this case is particularly disingenuous considering the fact that McGraw-Hill affirmatively reached out to the CFTC to address the numerous subpoenas it has received and to request that the CFTC assist McGraw-Hill in coordinating and consolidating the issues that arise from having subpoenas in multiple jurisdictions. (A copy of this letter is attached as Exhibit 2.) The CFTC has yet to respond to this letter.

[3] Indeed, the CFTC is the only party before this Court in a position in which it is able to avoid the potential of inconsistent rulings being issued in the same case: the CFTC can voluntarily transfer to Oklahoma that portion of the instant motion to compel that concerns the *CFTC v. Bradley and Martin* case to the Oklahoma Court.

3

6.     McGraw-Hill also questions why the CFTC waited almost two months to file its motion to compel in this case. McGraw-Hill made its original proposal to the CFTC for resolving its subpoenas issued to McGraw-Hill on March 15, 2006. (*See* Exhibits 3, 4, 5 and 6) While the CFTC expressed concerns with the proposal, it indicated that it was considering the proposal. After one conversation with counsel for the CFTC, McGraw-Hill modified its original proposal in an attempt to address the CFTC's concerns. (*See* Exhibits 7 and 8). Still, the CFTC made no counterproposal, nor did it reject McGraw-Hill's proposal.

7.     The CFTC next contacted McGraw-Hill with regard to the subpoenas on May 5, 2006, at which point it threatened to file the present motion to compel unless McGraw-Hill immediately agreed to produce *all* documents requested by the CFTC's subpoenas. The CFTC would not engage in any further negotiations and absolutely refused to enter into any form of a protective order or to narrow its subpoena in any fashion whatsoever.

8.     McGraw-Hill intends to address the substantive issues raised by the CFTC's subpoenas and motion to compel in its papers due to be served on May 26, 2006. McGraw-Hill respectfully submits that the appropriate time to consider and resolve all matters concerning the subpoenas, including the existence of subpoenas and motion practice in more than one jurisdiction, is during the normal course of deciding the CFTC's instant motion to compel.

9. If this Court is, however, inclined to convene a Rule 16 conference as requested, the earliest McGraw-Hill would be available to appear before the Court for such a conference is the afternoon of Thursday, June 1. McGraw-Hill's attorneys are currently working on their opposition to the CFTC's motion to compel for this Court which is due to be filed on Friday, May 26. On the Tuesday following the Memorial Day holiday, McGraw-Hill's counsel will be flying to Tulsa for the May 31 hearing set on the motions pending in the Oklahoma case.

Dated:  May 25, 2006
       New York, New York

Respectfully submitted,

         /s/
Richard L. Cys
D.C. Bar No. 087536
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600 (phone)
(202) 508-6699 (fax)
*Counsel for Third Party*
*The McGraw-Hill Companies, Inc.*

Of Counsel:
Victor A. Kovner (*pro hac vice* admission pending)
Carolyn K. Foley (*pro hac vice* admission pending)
Kevan D. Choset (*pro hac vice* admission pending)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10011
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
Email:  carolynfoley@dwt.com

Of Counsel:
William Farley, Esq.
Adam Schuman, Esq.
The McGraw-Hill Companies, Inc.
1221 Avenue of the Americas
New York, New York  10020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2006, copies of the foregoing Opposition to Plaintiff's Request for Conference Pursuant to Federal Rule of Civil Procedure 16 were served by first-class mail, postage prepaid, upon the following:

Anthony M. Mansfield, Esq. (MA Bar 630216)
Michael J. Otten, Esq. (VA Bar 42371)
Laura Gardy, Esq. (FL Bar 523909)
United States Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

                                                               /s/
                                        Richard L. Cys