# APPENDIX B

Document2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH P. FOLEY,<br><br>    Defendant | Case No. 2:05-cv-849<br>United States District Court for the Southern District of Ohio<br><br>**[PROPOSED ORDER]** |

Pursuant to the application of the McGraw-Hill Companies, Inc. ("McGraw-Hill"), through its respective counsel of record, the Court finds that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1. Except as provided below, Plaintiff the United States Commodity Futures Trading Commission ("CFTC" or "Plaintiff") and Defendant Joseph P. Foley ("Foley" or "Defendant" and, along with "Plaintiff," the "Parties") shall limit their dissemination of the McGraw-Hill Documents[1] to the parties, their attorneys, their employees, experts or consultants and witnesses, and these individuals or entities will be similarly bound by this Protective Order.

2. Use by Plaintiff and Defendant of the McGraw-Hill Documents shall be strictly limited to the present civil case only and shall not be shared, in any manner, with any individual or

---

1     For purposes of this protective order, "McGraw-Hill Documents" refers to any documents that McGraw-Hill may produce in response to any third party subpoenas that it may be served

NYC 169931v1 3930059-27

entity beyond those designated pursuant to paragraph 1, and the McGraw-Hill Documents will not be used by Plaintiff or Defendant, their attorneys, their employees, experts and consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, dispute or case.

3. Should either Party determine it is necessary to file with this Court any pleadings, motions or other materials that include or refer to the McGraw-Hill Documents, that Party shall file such pleadings, motions or other materials under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil Procedure and shall file in the public record a version of such pleadings, motions or other materials from which the documents produced by McGraw-Hill have been either removed or redacted. Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriate sealed container on which the filing or submitting party shall indicate the caption of this action, the contents of the envelope or container, the phrase "Confidential—Filed or Submitted Under Seal" and the following statement:

> This envelope or container is sealed and contains confidential information protected by order of the United States District Court for the District of Columbia. This envelope or container shall not be opened or have its contents displayed or revealed except by officers of the court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Protective Order entered in Case No. 1:06-mc-00210 (RCL) in the United States District Court for the District of Columbia, or by further order of the United States District Court for the District of Columbia or written stipulation of McGraw-Hill and [Plaintiff/Defendant]. Absent such further order or stipulation, any authorized person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

4. Should any party or a third party to this civil case seek to challenge the sealed status of any materials filed with the Court pursuant to paragraph 3, above, that party or third party shall be

with by any party to the captioned action.

required to serve all parties in this case and McGraw-Hill with said motion at least 7 days in advance of any scheduled hearing date. McGraw-Hill must file and serve its response within 4 business days of being served with the motion. The material shall remain sealed pending the Court's resolution of the dispute.

5. Every person described in paragraph 1 who is given access to the McGraw-Hill Documents shall be provided with a copy of this Protective Order prior to receipt of the McGraw-Hill Documents and shall be advised that the documents are being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than in accordance with this Protective Order.

6. Any of the Parties may object at any time to the continued treatment of any McGraw-Hill Documents subject to the terms of this Protective Order. Whenever that Party objects to the continued treatment of McGraw-Hill Documents as subject to this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery, courier or facsimile transmission. If McGraw-Hill believes in good faith that the documents should remain subject to this Protective Order, McGraw-Hill shall have 10 business days to seek a ruling from this Court as to whether the documents should continue to be treated pursuant to the terms of this Protective Order. Until the Court enters an order, if any, changing the designation of any McGraw-Hill documents marked as "Confidential," the documents shall remain subject to the terms of this Protective Order.

7. Within 90 days after the end of this civil case, including the exhaustion of all appeals, Plaintiff and Defendant shall return the originals and all copies of the McGraw-Hill Documents or provide a certificate of destruction to McGraw-Hill that said documents have been destroyed, except

that any McGraw-Hill Documents that have been referred to or attached to any pleadings, motions or other materials filed in this civil case need not be destroyed or returned, though they remain subject to this Protective Order so long as they are not returned or destroyed.

8. The CFTC's request for documents from McGraw-Hill shall be limited as follows in paragraphs 9 through 12 of this Order.

9. Requests for communications between McGraw-Hill and AEP or Defendant shall be limited to requests for submissions of trade data by AEP to McGraw-Hill in those situations where AEP did not maintain adequate records of its submissions of trade data to McGraw-Hill.

10. Requests for the data considered in connection with the determination of McGraw-Hill indices shall be limited to those hubs and those dates for which the CFTC certifies it has reason to believe that Defendant submitted (or caused others to submit) false or misleading trade data.

11. The names of the sources of such data, other than AEP, that may be produced pursuant to paragraph 10 shall be redacted, as shall be the statistical calculations reflected thereon (which calculations can be performed by the parties themselves).

12. No other category of information shall be sought from McGraw-Hill absent a showing made to this Court as to why the reporter's privilege ought to be set aside as to the specific information sought.

13. Any notices to be provided to McGraw-Hill pursuant to this Protective Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at 212-489-8340, email (victorkovner@dwt.com and carolynfoley@dwt.com) and by over-night courier service at Davis Wright Tremaine LLP, 1633 Broadway, New York, NY 10019.

14. The terms of this Protective Order shall remain in force and effect until modified,

superseded, or terminated by order of the Court. The terms of this Protective Order shall be binding upon the conclusion of this Action and the Court shall retain jurisdiction over the parties for enforcement of the terms of this Protective Order following conclusion of this Action.

DATED: _____, 2006

    It is SO ORDERED.

_____
United States District Judge