# EXHIBIT 10

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

CAROLYN K. FOLEY
DIRECT (212) 603-6472
carolynfoley@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 15, 2006

**CONFIDENTIAL OFFER MADE FOR**
**PURPOSES OF SETTLEMENT ONLY**
**CONFIDENTIAL TREAMENT REQUESTED**
**BY THE McGRAW-HILL COMPANIES, INC.**
**PURUSANT TO 17 CFR 145.9(d)(4)**

James A. Garcia, Esq.
United States Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581

Re:     *CFTC v. Jeffrey A. Bradley and Robert L. Martin*
        (N.D. Okla. 4:05-cv-00062-JHP-FHM)

Dear James:

Pursuant to our conversations regarding the February 21, 2006 subpoena ("Subpoena") you have issued to McGraw-Hill in connection with the captioned action ("Action"), and in order to avoid litigation over the proper scope of the Subpoena, McGraw-Hill proposes to respond to the Subpoena in the following manner.

In response to **Request 1**, McGraw-Hill will undertake a reasonable search of its *Gas Daily* files for the time period and to produce any documents in its possession responsive to Request 1.[1] McGraw-Hill's response to Request 1 will be limited to *Gas Daily* because, as you

---

[1]     Before Platts acquired *Gas Daily* in September 2001, it is my understanding that the publication routinely discarded the information submitted by the energy company traders. And although after the acquisition, Platts informed *Gas Daily* reporters of Platts' preference for retaining the reports made by energy company traders, it is my understanding that, at least during a transition period that lasted well into 2002, *Gas Daily* reporters largely continued their

James A. Garcia, Esq.
March 15, 2006
Page 2



have indicated and as I have noted in reviewing the complaint in the captioned Action, the CFTC's claims against Mr. Bradley and Mr. Martin focus on alleged misreporting of trade data to *Gas Daily*. Accordingly, the monthly submissions by CMS Field Services, Inc. ("CMS") to *Inside FERC Gas Market Report* are not relevant to the Action and the reporter's privilege cannot be overcome with regard to such submissions.[2]

The documents produced pursuant to Request 4 will be produced in satisfaction of **Request 2**.

The documents produced pursuant to Requests 1 and 4 will be produced in satisfaction of **Request 3**.

With respect to **Request 4**, you should know that until November 4, 2002, the computer system used to create the *Gas Daily* indices was not set up in such a way to keep track of the source of each item of data considered in creating the indices. In other words, for all daily indices published before November 2002, *Gas Daily* simply does not have records that would enable McGraw-Hill, the CFTC – or anyone else – to retroactively match the data considered in connection with the creation of the *Gas Daily* indices with the source that provided it. So with regard to the *Gas Daily* indices, McGraw-Hill is unable to identify which documents, if any, in its possession might be responsive to this request and therefore has nothing to produce.

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 5**.

With respect to **Request 6**, McGraw-Hill will produce the indices as published in *Gas Daily* and *Inside FERC Gas Market Report* for the time period of the Subpoena (December 1, 2000 through October 14, 2002).

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 7**.

With respect to **Request 8**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

With respect to **Request 9**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Inside FERC Gas Market Report* were derived during the time period.

---

previous practices of discarding the daily trade reports.
[2]    The reporter's privilege applies to those requests that seek documents reflecting or concerning CMS's submissions of trade data to *Inside FERC Gas Market Report* and McGraw-Hill asserts that privilege and declines to produce those documents.

James A. Garcia, Esq.
March 15, 2006
Page 3



     With respect to **Request 10,** McGraw-Hill will perform a reasonable search for and produce a representative sampling of the reporting instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were intended to be used by those reporting trade data to *Gas Daily* or *Inside FERC Gas Market Report*. Because of the manner in which these email notices were sent, however, we are unable to identify the specific recipients of these email reminders.

     With respect to **Request 11,** McGraw-Hill will undertake to conduct a reasonable search for responsive documents and will produce any non-privileged responsive documents that may be found.

     As set forth in McGraw-Hill's Responses and Objections to the Subpoena, all documents to be produced by McGraw-Hill will be produced subject to the entry of the Stipulated Protective Order attached to the Objections.

     Sincerely,

Carolyn K. Foley

UNITED STATES DISTRICT COURT,
DISTRICT OF COLUMBIA

```
------------------------------------------------------x
                                                      :
United States Commodity Futures Trading               :
Commission                                            :
                                                      :
                                                      :
                  v.                                  :
                                                      :
                                                      :
Jeffrey A. Bradley and Robert L. Martin               :
------------------------------------------------------x
```

(Subpoena issued for Action Pending
in U.S. District Court for the Northern
District of Oklahoma, 4:05-cv-00062-
JHP-FHM)


## THE McGRAW-HILL COMPANIES, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its attorneys, Davis

Wright Tremaine LLP, hereby responds to the Subpoena Duces Tecum issued February 21, 2006

by the United States District Court, District of Columbia ("Subpoena") at the request of the

United States Commodity Futures Trading Commission ("CFTC"). McGraw-Hill reserves the

right to supplement these responses.


### GENERAL OBJECTIONS

McGraw-Hill objects generally to the Subpoena as set forth below. To the extent

that McGraw-Hill responds to document requests to which it objects, such objections are not

waived. In addition, the inadvertent disclosure of privileged information or release of privileged

documents shall not constitute a waiver of any applicable privilege. McGraw-Hill's responses

and productions are being made according to its best understanding of the terms used in the

Subpoena and subject to a reasonable inquiry into the relevant facts within the time allowed for

responding to the requests. McGraw-Hill reserves the right to correct, amend, modify or

supplement its responses from time to time and at any time in the future, as warranted by the

circumstances.

## GENERAL OBJECTIONS

1. McGraw-Hill objects to the Subpoena to the extent it seeks documents or information protected by the reporter's privilege, the attorney-client privilege, attorney work product or any other applicable privilege.

2. McGraw-Hill objects to the Subpoena to the extent that it seeks confidential research, commercial, customer or propriety information or information that McGraw-Hill received in confidence and/or is obligated to treat confidentiality. Responsive documents and other responsive information to the extent that any exist will be produced subject to the protections, and upon execution of and "so ordering" of, the Stipulation and Agreement of Confidentiality in the form attached hereto.

3. McGraw-Hill objects to the Subpoena to the extent that it seeks the disclosure of documents and/or information not in McGraw-Hill's possession, custody or control.

4. McGraw-Hill objects to the Subpoena and, in particular, to its definitions and instructions, to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Columbia or any other applicable rules.

5. McGraw-Hill objects to the definition of "The McGraw-Hill Companies" in so far as it purports to include "any and all of [McGraw-Hill's] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, including but not limited to Platts, wherever they may be situated, and all other persons who have an interest in McGraw-Hill, its subsidiaries, affiliates, divisions, joint ventures, including, but not limited to McGraw-Hill or any

other legal entity in which McGraw-Hill has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret the Subpoena as requiring a reasonable search for documents submitted to and maintained by the reporters, editors and other employees who contribute to the publication of *Gas Daily* – McGraw-Hill's daily newsletter containing news and analysis regarding the natural gas market, including daily price information.

6.    McGraw-Hill objects to the definition of "CMS Field Services" in so far as it purports to include "any and all of [CMS Field Services, Inc.'s] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors, including Continental Natural Gas, Inc., and successors, wherever they may be situated, and all other persons who had an interest in CMS Field Services, its subsidiaries, affiliates, divisions, joint ventures, including, but not limited to CMS Field Services or any other legal entity in which CMS Field Services had an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret "CMS Field Services" as referring to CMS Field Services, Inc. If there are other entities or individuals whom the CFTC views as falling within its definition of "CMS Field Services," the CFTC should specifically identify such entities.

7.    McGraw-Hill objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unreasonably duplicative, and oppressive, or seek documents that are not relevant to this civil action entitled *United States Commodity Futures Trading Commission v. Bradley and Martin*, U.S. District Court for the Northern District of Oklahoma, 4:05-cv-00062-JHP-FHM (the "Action") in aid of which the CFTC has issued this Subpoena.

8.    McGraw-Hill objects to the Subpoena to the extent that it seeks documents

that are either publicly available and therefore are of no greater burden for the CFTC to obtain

than for McGraw-Hill to obtain; are available from defendants, CMS Field Services, CMS Field

Services employees and other non-journalistic sources; and/or are already in the CFTC's

possession.

      9. McGraw-Hill reserves the right to correct, amend, modify or supplement its

responses from time to time and at any time in the future, as warranted by the circumstances.

      10. A response that McGraw-Hill will produce documents responsive to any

individual request does not imply that McGraw-Hill has located any responsive document, but

only that McGraw-Hill will produce all such non-privileged documents that it locates through

good faith efforts and reasonable diligence.

      11. McGraw-Hill objects to the Subpoena as duplicative of the information

requested by the CFTC by way of a Subpoena dated October 9, 2002 which is currently the

subject of a motion to compel enforcement, which motion has been fully briefed and argued and

is pending before the Court in the Southern District of Texas (Docket # 03-187). This Subpoena

is an impermissible attempt to circumvent the pending ruling in the Southern District of Texas,

constitutes a blatant and inappropriate attempt to "forum shop" and imposes additional,

unnecessary and unjustified burden on McGraw-Hill.

## RESPONSES TO DOCUMENT REQUESTS

### Document Request Number 1:

    All documents received by McGraw-Hill during the relevant period from any employee
or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert Martin,
Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna Nair, that
contains price, volume or delivery location of any natural gas transaction. Please note that for
portions of the Relevant Time Period, documents received from CMS Field Services may have
borne headings referring to Continental Natural Gas, Inc.

**<u>Response to Document Request Number 1</u>:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a

file of "[a]ll documents received ... from any employee ... of CMS Field Services [or any energy

company] ....that contains price, volume or delivery location of any natural gas transaction."

McGraw-Hill further objects to this request on the grounds that it calls for the production of

documents protected from disclosure by the reporter's privilege, but is not limited to seeking

information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**<u>Document Request Number 2</u>:**

All documents prepared or created by McGraw-Hill at any time that reflect the price,
volume, or delivery location of any natural gas transaction entered into during the relevant period
that was communicated to McGraw-Hill by any and all means of communication by any
employee or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert
Martin, Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna
Nair.

**<u>Response to Document Request Number 2</u>:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that it calls for the production of documents protected by the

reporter's privilege, but is not limited to seeking information that is highly material, necessary

and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Request No. 4

will be produced in satisfaction of this request.

**Document Request Number 3:**

All documents containing any information which references, indicates or discusses any price or volume information concerning any natural gas transaction entered into during the relevant period that was communicated to McGraw-Hill by any means of communication by any employee or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert Martin, Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna Nair.

**Response to Document Request Number 3:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request Nos.

1 and 2 and is overbroad, vague, unduly burdensome and unclear as to the precise information

sought. McGraw-Hill further objects to this request on the grounds that it calls for the

production of documents protected by the reporter's privilege, but is not limited to seeking

information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos.

1 and 4 will be produced in satisfaction of this request.

**Document Request Number 4:**

All documents reflecting, referencing or implementing the formulas used to calculate index prices for each day of the relevant period for each natural gas delivery point at which any employee or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert Martin, Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna Nair submitted price and volume information on each day of the relevant period.

**Response to Document Request Number 4:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No.

2, and is overbroad, vague, unduly burdensome and is unclear as to the precise information

sought. McGraw-Hill further objects to this request on the grounds that it calls for the

production of documents protected from disclosure by the reporter's privilege, but is not limited

to seeking information that is highly material, necessary and critical and unavailable from other

sources. McGraw-Hill further objects to this request on the grounds that it incorrectly asserts

and assumes that McGraw-Hill uses "formulas" to "calculate" its natural gas index prices.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 5:**

All documents containing or describing any price and volume data about natural gas
transactions that was communicated to McGraw-Hill during the relevant period by any employee
or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert Martin,
Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna Nair that
McGraw-Hill rejected, or otherwise decided not to include, in a calculation of a price index.

**Response to Document Request Number 5:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1

and on the grounds that it is overbroad, vague and unclear as to the precise information sought.

McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the

ordinary course of business, maintain a file of or otherwise keep track of "documents containing

or describing any price and volume data .... that McGraw-Hill rejected or otherwise decided not

to include in a calculation of a price index." McGraw-Hill further objects to this request on the

grounds that such information is most likely to be found on the documents to be produced

pursuant to Request Nos. 1 and 4 above and that the likelihood of such information existing on

other documents is very minimal and that it would be extraordinarily burdensome to require

McGraw-Hill to search its files for such additional documents or such information. McGraw-

Hill further objects to this request on the grounds that it calls for the production of documents

protected by the reporter's privilege, but does not seek information that is necessary or critical,

nor highly material to the Action.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos.

1 and 4 will be produced in satisfaction of this request.

### Document Request Number 6:

All documents reflecting published natural gas prices during the relevant period,
including but not limited to, electronic mail, web pages, and newsletters in chronological date
order, during the Relevant Time Period.

### Response to Document Request Number 6:

McGraw-Hill objects to this request to the extent that it seeks "all documents reflecting"

published prices, on the grounds that such request is overbroad, vague, unduly burdensome and

unclear as to the precise information sought.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce the

indices as published in *Gas Daily* in the time period.

### Document Request Number 7:

All documents reflecting any complaints received from any person, or any conversation
that relates to the communication of false, inaccurate or otherwise incorrect price and volume
information or attempted price manipulation by any employee or agent of CMS Field Services,
including but not limited to Jeffrey Bradley, Robert Martin, Todd Thompson, Dale Gann, Terry
McHendry, Maureen "Mo" Fisher, and LaDonna Nair.

**Response to Document Request Number 7:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1 and is overbroad, vague, and unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of or otherwise track "complaints received from any person, or any conversation that relates to the communication of false, inaccurate or otherwise incorrect price and volume information or attempted price manipulation by any employee or agent of CMS Field Services" or any other energy company. McGraw-Hill further objects to this request on the grounds that the information sought, if it exists at all, is most likely to be found on the documents to be produced pursuant to Request Nos. 1 and 4 and that it would be extraordinarily burdensome to require McGraw-Hill to search all of its files for such documents and unlikely to reveal additional information. McGraw-Hill further objects to this request on the grounds it seeks information protected by the reporter's privilege that is neither necessary or critical, nor highly material to the Action and on the grounds that the information may be sought from alternative sources. McGraw-Hill further objects to this request on the grounds that this request is primarily designed to identify instances of false reporting by CMS Field Services and that such determination can be made by comparison of the documents that may be produced in response to Request No. 1 with CMS Field Services' records of its actual trades and that any "complaints" that may or may not have been made about CMS Field Services' submission of trade data to *Gas Daily* would be cumulative of such a comparison.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 8:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's daily published natural gas index prices during the relevant period.

**Response to Document Request Number 8:**

McGraw-Hill objects to this request to the extent that it calls for the production of privileged documents and to the extent it is vague, ambiguous, overbroad and otherwise imprecise as to the information sought.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

**Document Request Number 9:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's first of the month (or monthly) published index prices for natural gas during the relevant period.

**Response to Document Request Number 9:**

McGraw-Hill objects to this request to the extent that it calls for the production of privileged documents and to the extent it is vague, ambiguous, overbroad, overly burdensome and unclear as to the information sought. McGraw-Hill further objects to this request on the grounds that it seeks information regarding *Inside FERC Gas Market Report* when the only alleged mis-reporting activities against Defendants Bradley and Martin concern reporting to *Gas Daily*.

**Document Request Number 10:**

All documents concerning reporting of information about natural gas transactions McGraw-Hill provided to any employee or agent of CMS Field Services, including but not limited to Jeffrey Bradley, Robert Martin, Todd Thompson, Dale Gann, Terry McHendry, Maureen "Mo" Fisher, and LaDonna Nair, including, without limitation, instructions about the types of natural gas transactions for which CMS Field Services/they should submit information.

**Response to Document Request Number 10:**

McGraw-Hill objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and otherwise imprecise as to the information sought. McGraw-Hill further objects to this request to the extent it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce a representative sampling of the instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and were intended to be used by those reporting trade data to *Gas Daily*.

**Document Request Number 11:**

All documents concerning a telephone conversation between Thomas Haywood and Jeffrey Bradley on July 30, 2002.

**Response to Document Request Number 11:**

McGraw-Hill objects to this request to the extent it calls for the production of documents

protected from disclosure by the reporter's privilege, but is not limited to seeking information

that is highly material, necessary and critical and unavailable from other sources. McGraw-Hill

further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course

of business, keep a file of or otherwise track such phone conversations. With respect to this

request, McGraw-Hill will undertake to conduct a reasonable search for responsive documents

and will produce any non-privileged responsive documents that may be found.

Dated:    New York, New York
          March 15, 2006

                                        DAVIS WRIGHT TREMAINE LLP


                                        By: _____
                                            Victor A. Kovner
                                            Carolyn K. Foley
                                            Kevan D. Choset
                                        1633 Broadway
                                        New York, New York  10019
                                        (212) 489-8230

                                        Attorneys for The McGraw-Hill
                                        Companies, Inc.

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OKLAHOME

```
------------------------------------------------------------x
                                                :
United States Commodity Futures Trading         :
Commission                                      :       (Subpoena issued for Action Pending
                                                :       in U.S. District Court for the Northern
              v.                                :       District of Oklahoma, 4:05-cv-00062-
                                                :       JHP-FHM)
Jeffrey A. Bradley and Robert L. Martin         :
------------------------------------------------------------x
```

## STIPULATION

IT IS HEREBY STIPULATED by and between the United States Commodity Futures

Trading Commission ("CFTC"),  Defendants Jeffrey A. Bradley and Robert L. Martin

("Defendants") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), through their

respective counsel of record, as follows:

WHEREAS, the CFTC is an independent federal regulatory agency responsible for

administering and enforcing the provisions of the Commodity Exchange Act, as amended, 7

U.S.C. §§ 1.1 et seq. (2002) and  the CFTC's Regulations ("Regulations"), 17 C.F.R. § 1.1 et

seq. (2004);

WHEREAS, on February 1, 2005 the CFTC filed a civil action in the United States

District Court for the Northern District of Oklahoma against Defendants alleging that Defendants

"have engaged in acts and practices which constitute violations of the Commodity Exchange Act,

as amended, (the "Act") 7 U.S.C. §§ 1 et seq. (2002)";

WHEREAS, on February 21, 2006, the CFTC issued a subpoena to McGraw-Hill

seeking, *inter alia*, production of internal, proprietary and confidential documents used by

McGraw-Hill in connection with its published natural gas price indices (the "Subpoena");

WHEREAS, McGraw-Hill contends that compliance with the Subpoena will require McGraw-Hill to produce material protected by the reporter's privilege, that was provided to it on a confidential basis, as well as information that is proprietary and commercially sensitive and which concerns or relates to trade secrets, processes, operations, style of work, confidential statistical data, confidential business transactions, among other things, pertaining to both McGraw-Hill and its confidential sources;

WHEREAS, McGraw-Hill objected to producing many of the documents requested by the Subpoena on the grounds that the documents were highly sensitive and confidential, reflected valuable trade secrets, and were privileged from production pursuant to the reporter's privilege;

WHEREAS, in seeking to resolve these issues short of court intervention, the CFTC, Defendants and McGraw-Hill wish to enter into this Stipulation and Protective Order governing the use and dissemination of McGraw-Hill documents produced in response to the Subpoena;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the CFTC, Defendants and McGraw-Hill, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1.      This Protective Order shall govern the CFTC's and Defendants' use of all documents, materials and information (referred to herein as "documents") produced by McGraw-Hill pursuant to the Subpoena.

2.      Except as provided below, dissemination by the CFTC or Defendants of documents produced by McGraw-Hill pursuant to the Subpoena that are marked "CONFIDENTIAL" shall be limited to the parties, their attorneys, their employees, experts or consultants and witnesses, and these individuals or entities will be similarly bound by this

Protective Order.

        3.      Use by the CFTC or Defendant of McGraw-Hill documents marked "CONFIDENTIAL" shall be limited to the present civil case only and shall not be shared, in any manner, with any individual or entity beyond those designated pursuant to paragraph 2, and these documents will not be used by the parties, their attorneys, their employees, experts and consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, dispute or case.

        4.      Should the CFTC or Defendant determine it is necessary to file with this Court any pleadings, motions or other materials that include or refer to McGraw-Hill documents marked "Confidential," that party shall file such pleadings, motions or other materials under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil Procedure and shall file in the public record a version of such pleadings, motions or other materials from which the documents produced by McGraw-Hill have been either removed or redacted. Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriate sealed container on which the filing or submitting party shall indicate the caption of this action, the contents of the envelope or container, the phrase "Confidential—Filed or Submitted Under Seal" and the following statement:

> This envelope or container is sealed and contains confidential information protected by order of the United States District Court for the **[Northern District of Oklahoma]**. This envelope or container shall not be opened or have its contents displayed or revealed except by officers of the court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Protective Order entered in Case No. 4:05-cv-00062-JHP-FHM in the United States District Court for the **[Northern District of Oklahoma]**, or by further order of the United States District Court for the Northern District of Oklahoma or written stipulation of McGraw-Hill, Defendant and the CFTC. Absent such further order or stipulation, any authorized person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

5.    If the CFTC or Defendant determine it is necessary to present, introduce as evidence or otherwise discuss before this Court McGraw-Hill documents that are marked "Confidential," that party shall provide McGraw-Hill with at least 10 business days prior written notice of such determination. McGraw-Hill must move within 5 business days of such notice for a protective order limiting public disclosure of said documents. Neither the CFTC nor Defendants shall disclose in open court proceedings said documents until resolution of McGraw-Hill's motion for a protective order.

6.    Should any party or a third party to this civil case seek to challenge the sealed status of any materials filed with the Court including or otherwise disclosing McGraw-Hill documents marked as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order, that party or third party shall be required to serve all parties in this case and McGraw-Hill with said motion at least 10 days in advance of any scheduled hearing date. McGraw-Hill must file and serve its response within 5 business days of being served with the motion. The material shall remain sealed pending the Court's resolution of the dispute.

7.    Every person described in paragraph 2 who is given access to McGraw-Hill documents marked "CONFIDENTIAL" shall be provided with a copy of this Protective Order prior to receipt of documents marked as "CONFIDENTIAL" and shall be advised that the documents are being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used other than in accordance with this Protective Order.

8.    The CFTC and Defendant may object at any time to the continued treatment of any McGraw-Hill documents subject to the terms of this Protective Order. Whenever that party objects to the continued treatment of McGraw-Hill documents as subject to this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for

such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery, courier or facsimile transmission. If McGraw-Hill believes in good faith that the documents should remain subject to this Protective Order, McGraw-Hill shall have 10 business days to seek a ruling from this Court as to whether the documents should continue to be treated pursuant to the terms of this Protective Order. Until the Court enters an order, if any, changing the designation of any McGraw-Hill documents marked as "Confidential," the documents shall remain subject to the terms of this Protective Order.

9.      Within 45 days after the end of this civil case, including the exhaustion of all appeals, the CFTC and Defendants shall return the originals and all copies of McGraw-Hill documents marked as "CONFIDENTIAL," or provide a certificate of destruction to McGraw-Hill that said documents have been destroyed, except that documents marked as "CONFIDENTIAL" that have been referred to or attached to any pleadings, motions or other materials filed in this civil case need not be destroyed or returned.

10.      Any notices to be provided to McGraw-Hill pursuant to this Protective Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at 212-489-8340 and by over-night courier service at Davis Wright Tremaine, LLP 1633 Broadway, New York, NY 10024.

11.     The terms of this Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.  The terms of this Protective Order shall be binding upon the conclusion of this action and the Court shall retain jurisdiction over the parties for enforcement of the terms of this Protective Order following conclusion of this action.

DATED:          _____, 2006

By:_____
    Michael J. Otten *Counsel for the United States
    Commodity Futures Commission*

By:_____

    *Counsel for Defendant Jeffrey A. Bradley*

By:_____

    *Counsel for Defendant Robert L. Martin*

By:_____
    VICTOR A. KOVNER, ESQ.
    CAROLYN K. FOLEY, ESQ.
    *Counsel for The McGraw-Hill Companies, Inc.*

It is SO ORDERED.

Signed at the Northern District of Oklahoma

this _____ day of _____, 2006.

_____
Judge of the District Court

# EXHIBIT 11

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

CAROLYN K. FOLEY
DIRECT (212) 603-6472
carolynfoley@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 15, 2006

**CONFIDENTIAL OFFER MADE FOR
PURPOSES OF SETTLEMENT ONLY
CONFIDENTIAL TREAMENT REQUESTED
BY THE McGRAW-HILL COMPANIES, INC.
PURUSANT TO 17 CFR 145.9(d)(4)**

David W. MacGregor, Esq.
United States Commodity Futures Trading Commission
140 Broadway
New York, NY 10005

Re:    *CFTC v. Joseph P. Foley (S.D. Ohio 2:05-cv-849)*

Dear David:

Pursuant to our conversations regarding the February 21, 2006 subpoena ("Subpoena") you have issued to McGraw-Hill in connection with the captioned action ("Action"), and in order to avoid litigation over the proper scope of the Subpoena, McGraw-Hill proposes to respond to the Subpoena in the following manner.

In response to **Request 1**, McGraw-Hill will undertake a reasonable search of its *Gas Daily* files for the time period and to produce any documents in its possession responsive to Request 1.[1]  McGraw-Hill will provide the CFTC with a list of the trade data associated with AEP as considered in the determination of the natural gas index prices published in *Inside FERC Gas Market Report*.  The CFTC can compare this list to the records of AEP'S actual trading activity (which we assume the CFTC has obtained from AEP).  For those dates and pricing

---

[1]    Before Platts acquired *Gas Daily* in September 2001, it is my understanding that the publication routinely discarded the information submitted by the energy company traders.  And although after the acquisition, Platts informed *Gas Daily* reporters of Platts' preference for retaining the reports made by energy company traders, it is my understanding that, at least during a transition period that lasted well into 2002, *Gas Daily* reporters largely continued their previous practices of discarding the daily trade reports.

David W. MacGregor, Esq.
March 15, 2006
Page 2



points as to which the CFTC certifies that discrepancies are found, McGraw-Hill will undertake a reasonable search of its records for the document(s) that reflect the data submitted by AEP for the affected pricing point on the identified date and will produce any such document still in its possession.

The documents produced pursuant to Request 4 will be produced in satisfaction of **Request 2**.

The documents produced pursuant to Requests 1 and 4 will be produced in satisfaction of **Request 3**.

With respect to **Request 4**, you should know that until November 4, 2002, the computer system used to create the *Gas Daily* indices was not set up in such a way to keep track of the source of each item of data considered in creating the indices. In other words, for all daily indices published before November 2002, *Gas Daily* simply does not have records that would enable McGraw-Hill, the CFTC – or anyone else – to retroactively match the data considered in connection with the creation of the *Gas Daily* indices with the source that provided it. So with regard to the *Gas Daily* indices, McGraw-Hill is unable to identify which documents, if any, in its possession might be responsive to this request and therefore has nothing to produce.

McGraw-Hill will produce redacted copies of the spreadsheets that reflect the data considered in the determination of the natural gas index prices, as published in *Inside FERC Gas Market Report*, for the specific pricing points and dates on which the CFTC certifies that it has a good faith belief that AEP submitted false trade data to *Inside FERC Gas Market Report*. (It is anticipated that after receiving the information provided pursuant to Request 1, the CFTC will be able to compare the trade data submitted by AEP to the records of AEP's actual trading records and thereby identify which submissions contained false information. The spreadsheets produced pursuant to this request will be redacted to protect the continued confidentiality of the sources who are not the subject of the underlying Action.

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 5**.

With respect to **Request 6**, McGraw-Hill will produce the indices as published in *Gas Daily* and *Inside FERC Gas Market Report* for the time period of the Subpoena (October 1, 2000 through October 31, 2002).

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 7**.

With respect to **Request 8**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

David W. MacGregor, Esq.
March 15, 2006
Page 3



With respect to **Request 9,** McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Inside FERC Gas Market Report* were derived during the time period.

With respect to **Request 10,** McGraw-Hill will perform a reasonable search for and produce a representative sampling of the reporting instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were intended to be used by those reporting trade data to *Gas Daily* or *Inside FERC Gas Market Report*. Because of the manner in which these email notices were sent, however, we are unable to identify the specific recipients of these email reminders.

As set forth in McGraw-Hill's Responses and Objections to the Subpoena, all documents to be produced by McGraw-Hill will be produced subject to the entry of the Stipulated Protective Order attached to the Objections.

Sincerely,

Carolyn K. Foley

UNITED STATES DISTRICT COURT,
DISTRICT OF COLUMBIA

```
----------------------------------------------------------x
                                                          :
United States Commodity Futures Trading                   :
Commission                                                :        (Subpoena issued for Action Pending
                                                          :        in U.S. District Court for the Southern
                    v.                                    :        District of Ohio, 2:05-cv-849)
                                                          :
Joseph P. Foley                                           :
----------------------------------------------------------x
```

## THE McGRAW-HILL COMPANIES, INC.'S RESPONSES AND OBJECTIONS
## TO SUBPOENA DUCES TECUM

The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its attorneys, Davis

Wright Tremaine LLP, hereby responds to the Subpoena Duces Tecum issued February 21, 2006

by the United States District Court, District of Columbia ("Subpoena") at the request of the

United States Commodity Futures Trading Commission ("CFTC"). McGraw-Hill reserves the

right to supplement these responses.

## GENERAL OBJECTIONS

McGraw-Hill objects generally to the Subpoena as set forth below. To the extent

that McGraw-Hill responds to document requests to which it objects, such objections are not

waived. In addition, the inadvertent disclosure of privileged information or release of privileged

documents shall not constitute a waiver of any applicable privilege. McGraw-Hill's responses

and productions are being made according to its best understanding of the terms used in the

Subpoena and subject to a reasonable inquiry into the relevant facts within the time allowed for

responding to the requests. McGraw-Hill reserves the right to correct, amend, modify or

supplement its responses from time to time and at any time in the future, as warranted by the

circumstances.

### GENERAL OBJECTIONS

1.  McGraw-Hill objects to the Subpoena to the extent it seeks documents or information protected by the reporter's privilege, the attorney-client privilege, attorney work product or any other applicable privilege.

2.  McGraw-Hill objects to the Subpoena to the extent that it seeks confidential research, commercial, customer or propriety information or information that McGraw-Hill received in confidence and/or is obligated to treat confidentiality.  Responsive documents and other responsive information to the extent that any exist will be produced subject to the protections, and upon execution of and "so ordering" of, the Stipulation and Agreement of Confidentiality in the form attached hereto.

3.  McGraw-Hill objects to the Subpoena to the extent that it seeks the disclosure of documents and/or information not in McGraw-Hill's possession, custody or control.

4.  McGraw-Hill objects to the Subpoena and, in particular, to its definitions and instructions, to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Columbia or any other applicable rules.

5.  McGraw-Hill objects to the definition of "The McGraw-Hill Companies" in so far as it purports to include "any and all of [McGraw-Hill's] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, including but not limited to Platts, wherever they may be situated, and all other persons who have an interest in McGraw-Hill, its subsidiaries, affiliates, divisions, joint ventures, including, but not limited to McGraw-Hill or any

other legal entity in which McGraw-Hill has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret the Subpoena as requiring a reasonable search for documents submitted to and maintained by the reporters, editors and other employees who contribute to the publication of *Gas Daily* – McGraw-Hill's daily newsletter containing news and analysis regarding the natural gas market, including daily price information – and by the reporters, editors and other employees who contribute to the publication of *Inside FERC Gas Market Report*, McGraw Hill's biweekly newsletter that also publishes news and analysis of the natural gas market, including monthly price indices and assessments for the natural gas market.

      6.  McGraw-Hill objects to the definition of "AEP" in so far as it purports to include "any and all of [American Electric Power Company, Inc.'s] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, wherever they may be situated, and all other persons who have an interest in AEP, its subsidiaries, affiliates, divisions, joint ventures, including but not limited to AEP or any other legal entity in which AEP has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret "AEP" as referring to American Electric Power Company, Inc. If there are other entities or individuals whom the CFTC views as falling within its definition of "AEP," the CFTC should specifically identify such entities.

      7.  McGraw-Hill objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unreasonably duplicative, and oppressive, or seek documents that are not relevant to this civil action entitled *United States Commodity Futures Trading Commission v. Foley*, U.S. District Court for the Southern District of Ohio, 2:05-cv-849 (the "Action") in aid of which the CFTC has issued this Subpoena .

8. McGraw-Hill objects to the Subpoena to the extent that it seeks documents that are either publicly available and therefore are of no greater burden for the CFTC to obtain than for McGraw-Hill to obtain; are available from defendants, AEP, AEP employees and other non-journalistic sources; and/or are already in the CFTC's possession.

9. McGraw-Hill reserves the right to correct, amend, modify or supplement its responses from time to time and at any time in the future, as warranted by the circumstances.

10. A response that McGraw-Hill will produce documents responsive to any individual request does not imply that McGraw-Hill has located any responsive document, but only that McGraw-Hill will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

11. McGraw-Hill objects to the Subpoena as duplicative of the information requested by the CFTC by way of a Subpoena dated October 9, 2002 which is currently the subject of a motion to compel enforcement, which motion has been fully briefed and argued and is pending before the Court in the Southern District of Texas (Docket # 03-187). This Subpoena is an impermissible attempt to circumvent the pending ruling in the Southern District of Texas, constitutes a blatant and inappropriate attempt to "forum shop" and imposes additional, unnecessary and unjustified burden on McGraw-Hill.

## RESPONSES TO DOCUMENT REQUESTS

**Document Request Number 1:**

All documents received by McGraw-Hill during the Relevant Time Period from any employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John Baggett, Michael Hoover, John Hymel, and Todd Lambert, that contains price, volume or delivery location of any natural gas transaction.

**Response to Document Request Number 1:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a

file of "[a]ll documents received ... from any employee ... of AEP [or any energy company]

....that contains price, volume or delivery location of any natural gas transactions." McGraw-

Hill further objects to this request on the grounds that it calls for the production of documents

protected from disclosure by the reporter's privilege, but is not limited to seeking information

that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 2:**

All documents prepared or created by McGraw-Hill at any time that reflect the price,
volume, or delivery location of any natural gas transaction entered into during the Relevant Time
Period that was communicated to McGraw-Hill by any and all means of communication by any
employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John
Baggett, Michael Hoover, John Hymel, and Todd Lambert.

**Response to Document Request Number 2:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that it calls for the production of documents protected by the

reporter's privilege, but is not limited to seeking information that is highly material, necessary

and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Request No. 4

will be produced in satisfaction of this request.

**Document Request Number 3:**

All documents containing any information which references, indicates or discusses any price or volume information concerning any natural gas transaction entered into during the Relevant Time Period that was communicated to McGraw-Hill by any means of communication by any employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John Baggett, Michael Hoover, John Hymel, and Todd Lambert.

**Response to Document Request Number 3:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request Nos.

1 and 2 and is overbroad, vague, unduly burdensome and unclear as to the precise information

sought. McGraw-Hill further objects to this request on the grounds that it calls for the

production of documents protected by the reporter's privilege, but is not limited to seeking

information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos.

1 and 4 will be produced in satisfaction of this request.

**Document Request Number 4:**

All documents reflecting, referencing or implementing the formulas used to calculate index prices for each day of the Relevant Time Period for each natural gas delivery point at which any employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John Baggett, Michael Hoover, John Hymel, and Todd Lambert submitted price and volume information on each day of the Relevant Time Period.

**Response to Document Request Number 4:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No.

2, and is overbroad, vague, unduly burdensome and is unclear as to the precise information

sought. McGraw-Hill further objects to this request on the grounds that it calls for the

production of documents protected from disclosure by the reporter's privilege, but is not limited

to seeking information that is highly material, necessary and critical and unavailable from other

sources. McGraw-Hill further objects to this request on the grounds that it incorrectly asserts

and assumes that McGraw-Hill uses "formulas" to "calculate" its natural gas index prices.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 5:**

All documents containing or describing any price and volume data about natural gas
transactions that was communicated to McGraw-Hill during the Relevant Time Period by any
employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John
Baggett, Michael Hoover, John Hymel, and Todd Lambert that McGraw-Hill rejected, or
otherwise decided not to include, in a calculation of a price index.

**Response to Document Request Number 5:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1

and on the grounds that it is overbroad, vague and unclear as to the precise information sought.

McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the

ordinary course of business, maintain a file of or otherwise keep track of "documents containing

or describing any price and volume data .... that McGraw-Hill rejected or otherwise decided not

to include in a calculation of a price index." McGraw-Hill further objects to this request on the

grounds that such information is most likely to be found on the documents to be produced

pursuant to Request Nos. 1 and 4 above and that the likelihood of such information existing on

other documents is very minimal and that it would be extraordinarily burdensome to require

McGraw-Hill to search its files for such additional documents or such information. McGraw-

Hill further objects to this request on the grounds that it calls for the production of documents

protected by the reporter's privilege, but does not seek information that is necessary or critical,

nor highly material to the Action.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos.

1 and 4 will be produced in satisfaction of this request.

### Document Request Number 6:

All documents reflecting published natural gas prices during the Relevant Time Period, including but not limited to, electronic mail, web pages, and newsletters in chronological date order.

### Response to Document Request Number 6:

McGraw-Hill objects to this request to the extent that it seeks "all documents reflecting"

published prices, on the grounds that such request is overbroad, vague, unduly burdensome and

unclear as to the precise information sought.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce the

indices as published in *Gas Daily* and *Inside FERC Gas Market Report* in the time period.

### Document Request Number 7:

All documents reflecting any complaints received from any person, or any conversation that relates to the communication of false, inaccurate or otherwise incorrect price and volume information or attempted price manipulation during the Relevant Time Period by any employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John Baggett, Michael Hoover, John Hymel, and Todd Lambert.

### Response to Document Request Number 7:

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1

and is overbroad, vague, and unclear as to the precise information sought. McGraw-Hill further

objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of

business, keep a file of or otherwise track "complaints received from any person, or any conversation that relates to the communication of false, inaccurate or otherwise incorrect price and volume information or attempted price manipulation by any employee or agent of AEP" or any other energy company. McGraw-Hill further objects to this request on the grounds that the information sought, if it exists at all, is most likely to be found on the documents to be produced pursuant to Request Nos. 1 and 4 and that it would be extraordinarily burdensome to require McGraw-Hill to search all of its files for such documents and unlikely to reveal additional information. McGraw-Hill further objects to this request on the grounds it seeks information protected by the reporter's privilege that is neither necessary or critical, nor highly material to the Action and on the grounds that the information may be sought from alternative sources. McGraw-Hill further objects to this request on the grounds that this request is primarily designed to identify instances of false reporting by AEP and that such determination can be made by comparison of the documents that may be produced in response to Request No. 1 with AEP's records of its actual trades and that any "complaints" that may or may not have been made about AEP's submission of trade data to *Gas Daily* or *Inside FERC* would be cumulative of such a comparison.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 8:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's daily published natural gas index prices during the Relevant Time Period.

**Response to Document Request Number 8:**

McGraw-Hill objects to this request to the extent that it calls for the production of

privileged documents and to the extent it is vague, ambiguous, overbroad and otherwise

imprecise as to the information sought.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce all

versions of the published methodology by which the natural gas index prices published in *Gas*

*Daily* were derived during the time period.

**Document Request Number 9:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's first of the month (or monthly) published index prices for natural gas during the Relevant Time Period.

**Response to Document Request Number 9:**

McGraw-Hill objects to this request to the extent that it calls for the production of

privileged documents and to the extent it is vague, ambiguous, overbroad, overly burdensome

and unclear as to the information sought.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce all

versions of the published methodology by which the natural gas index prices published in *Inside*

*FERC Gas Market Report* were derived during the time period.

**Document Request Number 10:**

All documents concerning reporting of information about natural gas transactions McGraw-Hill provided to any employee or agent of AEP, including but not limited to Joseph Foley, Randy Turturice, John Baggett, Michael Hoover, John Hymel, and Todd Lambert, including, without limitation, instructions about the types of natural gas transactions for which AEP/they should submit information.

**Response to Document Request Number 10:**

McGraw-Hill objects to this request on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and otherwise imprecise as to the information sought. McGraw-Hill further objects to this request to the extent it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce a representative sampling of the instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were intended to be used by those reporting trade data to *Gas Daily* or *Inside FERC Gas Market Report.*

Dated:    New York, New York
          March 15, 2006

                                    DAVIS WRIGHT TREMAINE LLP

                                    By: _____
                                        Victor A. Kovner
                                        Carolyn K. Foley
                                        Kevan D. Choset
                                    1633 Broadway
                                    New York, New York 10019
                                    (212) 489-8230

                                    Attorneys for The McGraw-Hill
                                    Companies, Inc.

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF OHIO

```
-----------------------------------------------------------x
                                                           :
United States Commodity Futures Trading                    :
Commission                                                 :        (Subpoena issued for Action Pending
                                                           :        in U.S. District Court for the Southern
                    v.                                     :        District of Ohio Colorado, 2:05-cv-
                                                           :        849)
Joseph P. Foley                                            :
-----------------------------------------------------------x
```

## STIPULATION

IT IS HEREBY STIPULATED by and between the United States Commodity Futures

Trading Commission ("CFTC"), Defendant Joseph P. Foley ("Defendant") and The McGraw-

Hill Companies, Inc. ("McGraw-Hill"), through their respective counsel of record, as follows:

WHEREAS, the CFTC is an independent federal regulatory agency responsible for

administering and enforcing the provisions of the Commodity Exchange Act, as amended, 7

U.S.C. §§ 1.1 et seq. (2002) and the CFTC's Regulations ("Regulations"), 17 C.F.R. § 1.1 et

seq. (2004);

WHEREAS, on September 14, 2005 the CFTC filed a civil action in the United States

District Court for the Southern District of Ohio against Defendant alleging that Defendant "has

engaged in acts and practices which constitute violations of the Commodity Exchange Act, as

amended, (the "Act") 7 U.S.C. §§ 1 et seq. (2001)";

WHEREAS, on February 21, 2006, the CFTC issued a subpoena to McGraw-Hill

seeking, *inter alia*, production of internal, proprietary and confidential documents used by

McGraw-Hill in connection with its published natural gas price indices (the "Subpoena");

WHEREAS, McGraw-Hill contends that compliance with the Subpoena will require McGraw-Hill to produce material protected by the reporter's privilege, that was provided to it on a confidential basis, as well as information that is proprietary and commercially sensitive and which concerns or relates to trade secrets, processes, operations, style of work, confidential statistical data, confidential business transactions, among other things, pertaining to both McGraw-Hill and its confidential sources;

WHEREAS, McGraw-Hill objected to producing many of the documents requested by the Subpoena on the grounds that the documents were highly sensitive and confidential, reflected valuable trade secrets, and were privileged from production pursuant to the reporter's privilege;

WHEREAS, in seeking to resolve these issues short of court intervention, the CFTC, Defendant and McGraw-Hill wish to enter into this Stipulation and Protective Order governing the use and dissemination of McGraw-Hill documents produced in response to the Subpoena;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the CFTC, Defendant and McGraw-Hill, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1.    This Protective Order shall govern the CFTC's and Defendant's use of all documents, materials and information (referred to herein as "documents") produced by McGraw-Hill pursuant to the Subpoena.

2.    Except as provided below, dissemination by the CFTC or Defendant of documents produced by McGraw-Hill pursuant to the Subpoena that are marked "CONFIDENTIAL" shall be limited to the parties, their attorneys, their employees, experts or consultants and witnesses, and these individuals or entities will be similarly bound by this

Protective Order.

      3.     Use by the CFTC or Defendant of McGraw-Hill documents marked "CONFIDENTIAL" shall be limited to the present civil case only and shall not be shared, in any manner, with any individual or entity beyond those designated pursuant to paragraph 2, and these documents will not be used by the parties, their attorneys, their employees, experts and consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, dispute or case.

      4.     Should the CFTC or Defendant determine it is necessary to file with this Court any pleadings, motions or other materials that include or refer to McGraw-Hill documents marked "Confidential," that party shall file such pleadings, motions or other materials under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil Procedure and shall file in the public record a version of such pleadings, motions or other materials from which the documents produced by McGraw-Hill have been either removed or redacted.  Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriate sealed container on which the filing or submitting party shall indicate the caption of this action, the contents of the envelope or container, the phrase "Confidential—Filed or Submitted Under Seal" and the following statement:

> This envelope or container is sealed and contains confidential information protected by order of the United States District Court for the **[Southern District of Ohio]**.  This envelope or container shall not to be opened or have its contents displayed or revealed except by officers of the court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Protective Order entered in Case No. 2:05-cv-849 in the United States District Court for the **[Southern District of Ohio]**, or by further order of the United States District Court for the Southern District of Ohio or written stipulation of McGraw-Hill, Defendant and the CFTC.  Absent such further order or stipulation, any authorized person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

5.      If the CFTC or Defendant determine it is necessary to present, introduce
as evidence or otherwise discuss before this Court McGraw-Hill documents that are marked
"Confidential," that party shall provide McGraw-Hill with at least 10 business days prior written
notice of such determination. McGraw-Hill must move within 5 business days of such notice for
a protective order limiting public disclosure of said documents. Neither the CFTC nor Defendant
shall disclose in open court proceedings said documents until resolution of McGraw-Hill's
motion for a protective order.

6.      Should any party or a third party to this civil case seek to challenge the
sealed status of any materials filed with the Court including or otherwise disclosing McGraw-
Hill documents marked as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order,
that party or third party shall be required to serve all parties in this case and McGraw-Hill with
said motion at least 10 days in advance of any scheduled hearing date. McGraw-Hill must file
and serve its response within 5 business days of being served with the motion. The material shall
remain sealed pending the Court's resolution of the dispute.

7.      Every person described in paragraph 2 who is given access to McGraw-
Hill documents marked "CONFIDENTIAL" shall be provided with a copy of this Protective
Order prior to receipt of documents marked as "CONFIDENTIAL" and shall be advised that the
documents are being disclosed pursuant and subject to the terms of this Protective Order and
may not be disclosed or used other than in accordance with this Protective Order.

8.      The CFTC and Defendant may object at any time to the continued
treatment of any McGraw-Hill documents subject to the terms of this Protective Order.
Whenever that party objects to the continued treatment of McGraw-Hill documents as subject to
this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for

such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery, courier or facsimile transmission. If McGraw-Hill believes in good faith that the documents should remain subject to this Protective Order, McGraw-Hill shall have 10 business days to seek a ruling from this Court as to whether the documents should continue to be treated pursuant to the terms of this Protective Order. Until the Court enters an order, if any, changing the designation of any McGraw-Hill documents marked as "Confidential," the documents shall remain subject to the terms of this Protective Order.

9.     Within 45 days after the end of this civil case, including the exhaustion of all appeals, the CFTC and Defendant shall return the originals and all copies of McGraw-Hill documents marked as "CONFIDENTIAL," or provide a certificate of destruction to McGraw-Hill that said documents have been destroyed, except that documents marked as "CONFIDENTIAL" that have been referred to or attached to any pleadings, motions or other materials filed in this civil case need not be destroyed or returned.

10.     Any notices to be provided to McGraw-Hill pursuant to this Protective Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at 212-489-8340 and by over-night courier service at Davis Wright Tremaine, LLP 1633 Broadway, New York, NY 10024.

11.    The terms of this Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. The terms of this Protective Order shall be binding upon the conclusion of this action and the Court shall retain jurisdiction over the parties for enforcement of the terms of this Protective Order following conclusion of this action.

DATED:        _____, 2006

By:_____
      Michael J. Otten *Counsel for the United States*
      *Commodity Futures Commission*

By:_____

      *Counsel for Defendant Joseph P. Foley*

By:_____
      VICTOR A. KOVNER, ESQ.
      CAROLYN K. FOLEY, ESQ.
      *Counsel for The McGraw-Hill Companies, Inc.*

It is SO ORDERED.

Signed at the Southern District of Ohio

this ____ day of _____, 2006.

_____
Judge of the District Court

# EXHIBIT 12

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

CAROLYN K. FOLEY
DIRECT (212) 603-6472
carolynfoley@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 15, 2006

**CONFIDENTIAL OFFER MADE FOR
PURPOSES OF SETTLEMENT ONLY
CONFIDENTIAL TREAMENT REQUESTED
BY THE McGRAW-HILL COMPANIES, INC.
PURUSANT TO 17 CFR 145.9(d)(4)**

Michael J. Otten, Esq.
Chief Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, D.C.  20581

Re:    *CFTC v. Andrew Richmond* (D. Colo. 05-F-668 (OES))

Dear Mike:

    Pursuant to our conversations regarding the February 6, 2006 subpoena ("Subpoena") you have issued to McGraw-Hill in connection with the captioned action ("Action"), and in order to avoid litigation over the proper scope of the Subpoena, McGraw-Hill proposes to respond to the Subpoena in the following manner.

    In response to **Request 1**, McGraw-Hill will undertake a reasonable search of its *Gas Daily* files for the time period and to produce any documents in its possession responsive to Request 1.[1]  McGraw-Hill's response to Request 1 will be limited to *Gas Daily* because, as you

---

[1]    Before Platts acquired *Gas Daily* in September 2001, it is my understanding that the publication routinely discarded the information submitted by the energy company traders.  And although after the acquisition, Platts informed *Gas Daily* reporters of Platts' preference for retaining the reports made by energy company traders, it is my understanding that, at least during a transition period that lasted well into 2002, *Gas Daily* reporters largely continued their

Michael J. Otten, Esq.
March 15, 2006
Page 2



have indicated and as I have noted in reviewing the complaint in the captioned Action, the CFTC's claims against Mr. Richmond focus on alleged misreporting of trade data to *Gas Daily.* Accordingly, the monthly submissions by Western Gas Resources, Inc. ("Western") to *Inside FERC Gas Market Report* are not relevant to the Action and the reporter's privilege cannot be overcome with regard to such submissions.[2]

If, however, the CFTC provides McGraw-Hill with a written certification that it has a good faith basis to believe that Mr. Richmond submitted or caused to be submitted false trade data to *Inside FERC Gas Market Report*, McGraw-Hill will provide the CFTC with a list of the trade data considered in the determination of the natural gas index prices published in *Inside FERC Gas Market Report*. The CFTC can compare this list to the records of Western's actual trading activity (which we assume the CFTC has obtained from Western). For those dates and pricing points as to which the CFTC certifies that discrepancies are found, McGraw-Hill will undertake a reasonable search of its records for the document(s) that reflect the data submitted by Western for the affected pricing point on the identified date and will produce any such document still in its possession.

The documents produced pursuant to Request 4 will be produced in satisfaction of **Request 2.**

The documents produced pursuant to Requests 1 and 4 will be produced in satisfaction of **Request 3.**

With respect to **Request 4,** you should know that until November 4, 2002, the computer system used to create the *Gas Daily* indices was not set up in such a way to keep track of the source of each item of data considered in creating the indices. In other words, for all daily indices published before November 2002, *Gas Daily* simply does not have records that would enable McGraw-Hill, the CFTC – or anyone else – to retroactively match the data considered in connection with the creation of the *Gas Daily* indices with the source that provided it. So with regard to the *Gas Daily* indices, McGraw-Hill is unable to identify which documents, if any, in its possession might be responsive to this request and therefore has nothing to produce.

To the extent that the CFTC certifies with regard to Request 1 that it has reason to believe that Mr. Richmond submitted false information to *Inside FERC Gas Market Report* and thereafter certifies that it has identified certain pricing points and dates on which the CFTC has a good faith belief that Western submitted false trade data to *Inside FERC Gas Market Report*, McGraw-Hill will produce redacted copies of the spreadsheets that reflect the data considered in the determination of the natural gas index prices, as published in *Inside FERC Gas Market*

---

previous practices of discarding the daily trade reports.
[2]    The reporter's privilege applies to those requests that seek documents reflecting or concerning Western's submissions of trade data to *Inside FERC Gas Market Report* and McGraw-Hill asserts that privilege and declines to produce those documents.

Michael J. Otten, Esq.
March 15, 2006
Page 3



*Report*, for the specific pricing points and dates identified by the CFTC. The spreadsheets will be redacted to protect the continued confidentiality of the sources who are not the subject of the underlying Action.

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 5.**

With respect to **Request 6**, McGraw-Hill will produce the indices as published in *Gas Daily* and *Inside FERC Gas Market Report* for the time period of the Subpoena (April 1, 2000 through February 28, 2001).

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 7.**

With respect to **Request 8**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

With respect to **Request 9**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Inside FERC Gas Market Report* were derived during the time period.

With respect to **Request 10**, McGraw-Hill will perform a reasonable search for and produce a representative sampling of the reporting instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were intended to be used by those reporting trade data to *Gas Daily* or *Inside FERC Gas Market Report*. Because of the manner in which these email notices were sent, however, we are unable to identify the specific recipients of these email reminders.

As set forth in McGraw-Hill's Responses and Objections to the Subpoena, all documents to be produced by McGraw-Hill will be produced subject to the entry of the Stipulated Protective Order attached to the Objections.

Sincerely,

Carolyn K. Foley

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                               :

United States Commodity Futures Trading    :
Commission                                 :       (Subpoena issued for Action Pending
                                :       in U.S. District Court for the District
              v.                  :       of Colorado, 1:05-cv-000668)
                                :

Andrew Kennedy Richmond                :
-----------------------------------------------------------x

## THE McGRAW-HILL COMPANIES, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its attorneys, Davis Wright Tremaine LLP, hereby responds to the Subpoena Duces Tecum issued February 6, 2006 by the United States District Court, Southern District of New York ("Subpoena") at the request of the United States Commodity Futures Trading Commission ("CFTC"). McGraw-Hill reserves the right to supplement these responses.

### GENERAL OBJECTIONS

McGraw-Hill objects generally to the Subpoena as set forth below. To the extent that McGraw-Hill responds to document requests to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege. McGraw-Hill's responses and productions are being made according to its best understanding of the terms used in the Subpoena and subject to a reasonable inquiry into the relevant facts within the time allowed for responding to the requests. McGraw-Hill reserves the right to correct, amend, modify or supplement its responses from time to time and at any time in the future, as warranted by the

circumstances.

## GENERAL OBJECTIONS

1.  McGraw-Hill objects to the Subpoena to the extent it seeks documents or information protected by the reporter's privilege, the attorney-client privilege, attorney work product or any other applicable privilege.

2.  McGraw-Hill objects to the Subpoena to the extent that it seeks confidential research, commercial, customer or propriety information or information that McGraw-Hill received in confidence and/or is obligated to treat confidentiality. Responsive documents and other responsive information to the extent that any exist will be produced subject to the protections, and upon execution of and "so ordering" of, the Stipulation and Agreement of Confidentiality in the form attached hereto.

3.  McGraw-Hill objects to the Subpoena to the extent that it seeks the disclosure of documents and/or information not in McGraw-Hill's possession, custody or control.

4.  McGraw-Hill objects to the Subpoena and, in particular, to its definitions and instructions, to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York or any other applicable rules.

5.  McGraw-Hill objects to the definition of "The McGraw-Hill Companies" in so far as it purports to include "any and all of [McGraw-Hill's] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, including but not limited to Platts, wherever they may be situated, and all other persons who have an interest in McGraw-Hill, its subsidiaries, affiliates, divisions, joint ventures, including, but not limited to McGraw-Hill or any

other legal entity in which McGraw-Hill has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret the Subpoena as requiring a reasonable search for documents submitted to and maintained by the reporters, editors and other employees who contribute to the publication of *Gas Daily* – McGraw-Hill's daily newsletter containing news and analysis regarding the natural gas market, including daily price information.

6.  McGraw-Hill objects to the definition of "Western" in so far as it purports to include "any and all of [Western Gas Resources, Inc.'s] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, wherever they may be situated and all other persons who have an interest in Western, its subsidiaries, affiliates, divisions, joint ventures, including but not limited to Western or any other legal entity in which Western has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret "Western" as referring to Western Gas Resources, Inc. If there are other entities or individuals whom the CFTC views as falling within its definition of "Western," the CFTC should specifically identify such entities.

7.  McGraw-Hill objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unreasonably duplicative, and oppressive, or seek documents that are not relevant to this civil action entitled *United States Commodity Futures Trading Commission v. Richmond*, U.S. District Court for the District of Colorado, 1:05-cv-000668 (the "Action") in aid of which the CFTC has issued this Subpoena .

8.  McGraw-Hill objects to the Subpoena to the extent that it seeks documents that are either publicly available and therefore are of no greater burden for the CFTC to obtain than for McGraw-Hill to obtain; are available from defendants, Western, Western employees and

other non-journalistic sources; and/or are already in the CFTC's possession.

9. McGraw-Hill reserves the right to correct, amend, modify or supplement its responses from time to time and at any time in the future, as warranted by the circumstances.

10. A response that McGraw-Hill will produce documents responsive to any individual request does not imply that McGraw-Hill has located any responsive document, but only that McGraw-Hill will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

## RESPONSES TO DOCUMENT REQUESTS

### Document Request Number 1:

All documents received by McGraw-Hill during the relevant period from any employee or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Christine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter, that contains price, volume or delivery location of any natural gas transactions.

### Response to Document Request Number 1:

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of "[a]ll documents received ... from any employee ... of Western [or any energy company] ....that contains price, volume or delivery location of any natural gas transactions." McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 2:**

      All documents prepared or created by McGraw-Hill at any time that reflect the price, volume, or delivery location of any natural gas transaction entered into during the relevant period that was communicated to McGraw-Hill by any and all means of communication by any employee or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Christine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter.

**Response to Document Request Number 2:**

      McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that it calls for the production of documents protected by the

reporter's privilege, but is not limited to seeking information that is highly material, necessary

and critical and unavailable from other sources.

      Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Request No. 4

will be produced in satisfaction of this request.

**Document Request Number 3:**

      All documents containing any information which references, indicates or discusses any price or volume information concerning any natural gas transaction entered into during the relevant period that was communicated to McGraw-Hill by any means of communication by any employee or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Christine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter.

**Response to Document Request Number 3:**

      McGraw-Hill objects to this request on the grounds that it is duplicative of Request Nos.

1 and 2 and is overbroad, vague, unduly burdensome and unclear as to the precise information

sought. McGraw-Hill further objects to this request on the grounds that it calls for the

production of documents protected by the reporter's privilege, but is not limited to seeking

information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

### Document Request Number 4:

All documents reflecting, referencing or implementing the formulas used to calculate index prices for each day of the relevant period for each natural gas delivery point at which any employee or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Chrstine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter submitted price and volume information on each day of the Relevant Time Period.

### Response to Document Request Number 4:

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 2, and is overbroad, vague, unduly burdensome and is unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources. McGraw-Hill further objects to this request on the grounds that it incorrectly asserts and assumes that McGraw-Hill uses "formulas" to "calculate" its natural gas index prices.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to the appropriate scope of this request and that if an agreement can be reached as to the matters under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC at a mutually agreed upon time and place.

### Document Request Number 5:

All documents containing or describing any price and volume data about natural gas transactions that was communicated to McGraw-Hill during the relevant period by any employee

or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Chrstine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter that McGraw-Hill rejected, or otherwise decided not to include, in a calculation of a price index.

**Response to Document Request Number 5:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1 and on the grounds that it is overbroad, vague and unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, maintain a file of or otherwise keep track of "documents containing or describing any price and volume data .... that McGraw-Hill rejected or otherwise decided not to include in a calculation of a price index." McGraw-Hill further objects to this request on the grounds that such information is most likely to be found on the documents to be produced pursuant to Request Nos. 1 and 4 above and that the likelihood of such information existing on other documents is very minimal and that it would be extraordinarily burdensome to require McGraw-Hill to search its files for such additional documents or such information. McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected by the reporter's privilege, but does not seek information that is necessary or critical, nor highly material to the Action.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 6:**

All documents reflecting published natural gas prices during the relevant period, including but not limited to, electronic mail, web pages, and newsletters in chronological date order, during the Relevant Time Period.

**Response to Document Request Number 6:**

McGraw-Hill objects to this request to the extent that it seeks "all documents reflecting" published prices, on the grounds that such request is overbroad, vague, unduly burdensome and unclear as to the precise information sought.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce the indices as published in *Gas Daily* in the time period.

**Document Request Number 7:**

All documents reflecting any complaints received from any person, or any conversation that relates to the communication of false, inaccurate or otherwise incorrect price and volume information or attempted price manipulation by any employee or agent of Western, including but not limited to Andrew Richmond, Tamara Osborn (aka Tamara Haueisen), Chrstine Odell, Clayton (Cole) Stanley, Dan Fox, and Andrew Carter.

**Response to Document Request Number 7:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1 and is overbroad, vague, and unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of or otherwise track "complaints received from any person, or any conversation that relates to the communication of false, inaccurate or otherwise incorrect price and volume information or attempted price manipulation by any employee or agent of Western" or any other energy company. McGraw-Hill further objects to this request on the grounds that the information sought, if it exists at all, is most likely to be found on the documents to be produced pursuant to Request Nos. 1 and 4 and that it would be extraordinarily burdensome to require McGraw-Hill to search all of its files for such documents and unlikely to reveal additional information. McGraw-Hill further objects to this request on the grounds it seeks information protected by the reporter's privilege that is neither necessary or critical, nor highly

material to the Action and on the grounds that the information may be sought from alternative sources. McGraw-Hill further objects to this request on the grounds that this request is primarily designed to identify instances of false reporting by Western and that such determination can be made by comparison of the documents that may be produced in response to Request No. 1 with Western's records of its actual trades and that any "complaints" that may or may not have been made about Western's submission of trade data to *Gas Daily* would be cumulative of such a comparison.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 8:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's daily published natural gas index prices during the relevant period.

**Response to Document Request Number 8:**

McGraw-Hill objects to this request to the extent that it calls for the production of privileged documents and to the extent it is vague, ambiguous, overbroad and otherwise imprecise as to the information sought.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

**Document Request Number 9:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's first of the month (or monthly) published index prices for natural gas during the relevant period.

**Response to Document Request Number 9:**

McGraw-Hill objects to this request to the extent that it calls for the production of

privileged documents and to the extent it is vague, ambiguous, overbroad, overly burdensome

and unclear as to the information sought. McGraw-Hill further objects to this request on the

grounds that it seeks information regarding *Inside FERC Gas Market Report* when the only

alleged mis-reporting activities against Defendant Richmond concern reporting to *Gas Daily*.

### Document Request Number 10:

All documents concerning reporting of information about natural gas transactions
McGraw-Hill provided to any employee or agent of Western, including but not limited to
Andrew Richmond, Tamara Osborn (*aka* Tamara Haueisen), Chrstine Odell, Clayton (Cole)
Stanley, Dan Fox, and Andrew Carter, including, without limitation, instructions about the types
of natural gas transactions for which Western/they should submit information.

### Response to Document Request Number 10:

McGraw-Hill objects to this request on the grounds that it is vague, ambiguous,

overbroad, unduly burdensome and otherwise imprecise as to the information sought. McGraw-

Hill further objects to this request to the extent it calls for the production of documents protected

from disclosure by the reporter's privilege, but is not limited to seeking information that is highly

material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce a

representative sampling of the instructions, if any, that were regularly sent out during the time

period by reporters and editors for *Gas Daily* and were intended to be used by those reporting

trade data to *Gas Daily*.

Dated:　　New York, New York
　　　　　March 15, 2006

　　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP

　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　Victor A. Kovner
　　　　　　　　　　　　　　　　　　　Carolyn K. Foley
　　　　　　　　　　　　　　　　　　　Kevan D. Choset
　　　　　　　　　　　　　　　　　1633 Broadway
　　　　　　　　　　　　　　　　　New York, New York  10019
　　　　　　　　　　　　　　　　　(212) 489-8230

　　　　　　　　　　　　　　　　　Attorneys for The McGraw-Hill
　　　　　　　　　　　　　　　　　Companies, Inc.

UNITED STATES DISTRICT COURT,
DISTRICT OF COLORADO

```
--------------------------------------------------------------x
                                                              :
United States Commodity Futures Trading                       :
Commission                                                    :        (Subpoena issued for Action Pending
                                                              :        in U.S. District Court for the District
              v.                                              :        of Colorado, 1:05-cv-000668)
                                                              :
Andrew Kennedy Richmond                                       :
--------------------------------------------------------------x
```

## STIPULATION

IT IS HEREBY STIPULATED by and between the United States Commodity Futures

Trading Commission ("CFTC"),  Defendant Andrew Kennedy Richmond ("Defendant") and The

McGraw-Hill Companies, Inc. ("McGraw-Hill"), through their respective counsel of record, as

follows:

WHEREAS, the CFTC is an independent federal regulatory agency responsible for

administering and enforcing the provisions of the Commodity Exchange Act, as amended, 7

U.S.C. §§ 1.1 et seq. (2002) and  the CFTC's Regulations ("Regulations"), 17 C.F.R. § 1.1 et

seq. (2004);

WHEREAS, on April 12, 2005 the CFTC filed a civil action in the United States District

Court for the District of Colorado against Defendant alleging that Defendant "has engaged in

acts and practices which constitute violations of the Commodity Exchange Act, as amended, (the

"Act") 7 U.S.C. §§ 1 et seq. (2002)";

WHEREAS, on February 6, 2006, the CFTC issued a subpoena to McGraw-Hill seeking,

*inter alia*, production of internal, proprietary and confidential documents used by McGraw-Hill

in connection with its published natural gas price indices (the "Subpoena");

WHEREAS, McGraw-Hill contends that compliance with the Subpoena will require McGraw-Hill to produce material protected by the reporter's privilege, that was provided to it on a confidential basis, as well as information that is proprietary and commercially sensitive and which concerns or relates to trade secrets, processes, operations, style of work, confidential statistical data, confidential business transactions, among other things, pertaining to both McGraw-Hill and its confidential sources;

WHEREAS, McGraw-Hill objected to producing many of the documents requested by the Subpoena on the grounds that the documents were highly sensitive and confidential, reflected valuable trade secrets, and were privileged from production pursuant to the reporter's privilege;

WHEREAS, in seeking to resolve these issues short of court intervention, the CFTC, Defendant and McGraw-Hill wish to enter into this Stipulation and Protective Order governing the use and dissemination of McGraw-Hill documents produced in response to the Subpoena;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the CFTC, Defendant and McGraw-Hill, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1.      This Protective Order shall govern the CFTC's and Defendant's use of all documents, materials and information (referred to herein as "documents") produced by McGraw-Hill pursuant to the Subpoena.

2.      Except as provided below, dissemination by the CFTC or Defendant of documents produced by McGraw-Hill pursuant to the Subpoena that are marked "CONFIDENTIAL" shall be limited to the parties, their attorneys, their employees, experts or consultants and witnesses, and these individuals or entities will be similarly bound by this

Protective Order.

      3.    Use by the CFTC or Defendant of McGraw-Hill documents marked "CONFIDENTIAL" shall be limited to the present civil case only and shall not be shared, in any manner, with any individual or entity beyond those designated pursuant to paragraph 2, and these documents will not be used by the parties, their attorneys, their employees, experts and consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, dispute or case.

      4.    Should the CFTC or Defendant determine it is necessary to file with this Court any pleadings, motions or other materials that include or refer to McGraw-Hill documents marked "Confidential," that party shall file such pleadings, motions or other materials under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil Procedure and shall file in the public record a version of such pleadings, motions or other materials from which the documents produced by McGraw-Hill have been either removed or redacted. Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriate sealed container on which the filing or submitting party shall indicate the caption of this action, the contents of the envelope or container, the phrase "Confidential—Filed or Submitted Under Seal" and the following statement:

> This envelope or container is sealed and contains confidential information protected by order of the United States District Court for the **[District of Colorado]**. This envelope or container shall not to be opened or have its contents displayed or revealed except by officers of the court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Protective Order entered in Case No. 1:05-cv-000668 in the United States District Court for the **[District of Colorado]**, or by further order of the United States District Court for the District of Colorado or written stipulation of McGraw-Hill, Defendant and the CFTC. Absent such further order or stipulation, any authorized person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

5.    If the CFTC or Defendant determine it is necessary to present, introduce as evidence or otherwise discuss before this Court McGraw-Hill documents that are marked "Confidential," that party shall provide McGraw-Hill with at least 10 business days prior written notice of such determination. McGraw-Hill must move within 5 business days of such notice for a protective order limiting public disclosure of said documents. Neither the CFTC nor Defendant shall disclose in open court proceedings said documents until resolution of McGraw-Hill's motion for a protective order.

6.    Should any party or a third party to this civil case seek to challenge the sealed status of any materials filed with the Court including or otherwise disclosing McGraw-Hill documents marked as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order, that party or third party shall be required to serve all parties in this case and McGraw-Hill with said motion at least 10 days in advance of any scheduled hearing date. McGraw-Hill must file and serve its response within 5 business days of being served with the motion. The material shall remain sealed pending the Court's resolution of the dispute.

7.    Every person described in paragraph 2 who is given access to McGraw-Hill documents marked "CONFIDENTIAL" shall be provided with a copy of this Protective Order prior to receipt of documents marked as "CONFIDENTIAL" and shall be advised that the documents are being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used other than in accordance with this Protective Order.

8.    The CFTC and Defendant may object at any time to the continued treatment of any McGraw-Hill documents subject to the terms of this Protective Order. Whenever that party objects to the continued treatment of McGraw-Hill documents as subject to this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for

such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery, courier or facsimile transmission. If McGraw-Hill believes in good faith that the documents should remain subject to this Protective Order, McGraw-Hill shall have 10 business days to seek a ruling from this Court as to whether the documents should continue to be treated pursuant to the terms of this Protective Order. Until the Court enters an order, if any, changing the designation of any McGraw-Hill documents marked as "Confidential," the documents shall remain subject to the terms of this Protective Order.

9.    Within 45 days after the end of this civil case, including the exhaustion of all appeals, the CFTC and Defendant shall return the originals and all copies of McGraw-Hill documents marked as "CONFIDENTIAL," or provide a certificate of destruction to McGraw-Hill that said documents have been destroyed, except that documents marked as "CONFIDENTIAL" that have been referred to or attached to any pleadings, motions or other materials filed in this civil case need not be destroyed or returned.

10.    Any notices to be provided to McGraw-Hill pursuant to this Protective Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at 212-489-8340 and by over-night courier service at Davis Wright Tremaine, LLP 1633 Broadway, New York, NY 10024.

11.     The terms of this Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.  The terms of this Protective Order shall be binding upon the conclusion of this action and the Court shall retain jurisdiction over the parties for enforcement of the terms of this Protective Order following conclusion of this action.

DATED:          _____, 2006

By:_____

       Michael J. Otten *Counsel for the United States
       Commodity Futures Commission*

By:_____

       *Counsel for Defendant Andrew Kennedy
       Richmond*

By:_____

       VICTOR A. KOVNER, ESQ.
       CAROLYN K. FOLEY, ESQ.
       *Counsel for The McGraw-Hill Companies, Inc.*

It is SO ORDERED.

Signed at the District of Colorado

this _____ day of _____, 2006.

_____
Judge of the District Court

# EXHIBIT 13

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

CAROLYN K. FOLEY
DIRECT (212) 603-6472
carolynfoley@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 15, 2006

**CONFIDENTIAL OFFER MADE FOR**
**PURPOSES OF SETTLEMENT ONLY**
**CONFIDENTIAL TREAMENT REQUESTED**
**BY THE McGRAW-HILL COMPANIES, INC.**
**PURUSANT TO 17 CFR 145.9(d)(4)**

Michael J. Otten, Esq.
Chief Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, D.C. 20581

Re:    _CFTC v. Michael Whitney_ (S.D. Tex. 4:05-cv-00333)

Dear Mike:

Pursuant to our conversations regarding the February 21, 2006 subpoena ("Subpoena") you have issued to McGraw-Hill in connection with the captioned action ("Action"), and in order to avoid litigation over the proper scope of the Subpoena, McGraw-Hill proposes to respond to the Subpoena in the following manner.

In response to **Request 1**, McGraw-Hill will undertake a reasonable search of its _Gas Daily_ files for the time period and to produce any documents in its possession responsive to Request 1.[1]  McGraw-Hill's response to Request 1 will be limited to _Gas Daily_ because, as you

---

[1]    Before Platts acquired _Gas Daily_ in September 2001, it is my understanding that the publication routinely discarded the information submitted by the energy company traders. And although after the acquisition, Platts informed _Gas Daily_ reporters of Platts' preference for retaining the reports made by energy company traders, it is my understanding that, at least during

Michael J. Otten, Esq.
March 15, 2006
Page 2



have indicated and as I have noted in reviewing the complaint in the captioned Action, the CFTC's claims against Mr. Whitney focus on alleged misreporting of trade data to *Gas Daily*. Accordingly, the monthly submissions by Duke Energy Corporation ("Duke") to *Inside FERC Gas Market Report* are not relevant to the Action and the reporter's privilege cannot be overcome with regard to such submissions.[2]

The documents produced pursuant to Request 4 will be produced in satisfaction of **Request 2**.

The documents produced pursuant to Requests 1 and 4 will be produced in satisfaction of **Request 3**.

With respect to **Request 4**, you should know that until November 4, 2002, the computer system used to create the *Gas Daily* indices was not set up in such a way to keep track of the source of each item of data considered in creating the indices.  In other words, for all daily indices published before November 2002, *Gas Daily* simply does not have records that would enable McGraw-Hill, the CFTC – or anyone else – to retroactively match the data considered in connection with the creation of the *Gas Daily* indices with the source that provided it.  So with regard to the *Gas Daily* indices, McGraw-Hill is unable to identify which documents, if any, in its possession might be responsive to this request and therefore has nothing to produce.

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 5**.

With respect to **Request 6**, McGraw-Hill will produce the indices as published in *Gas Daily* and *Inside FERC Gas Market Report* for the time period of the Subpoena (June 1, 2001 through August 31, 2002).

The documents produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of **Request 7**.

With respect to **Request 8**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas Daily* were derived during the time period.

With respect to **Request 9**, McGraw-Hill will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices

---

a transition period that lasted well into 2002, *Gas Daily* reporters largely continued their previous practices of discarding the daily trade reports.
[2]     The reporter's privilege applies to those requests that seek documents reflecting or concerning Duke's submissions of trade data to *Inside FERC Gas Market Report* and McGraw-Hill asserts that privilege and declines to produce those documents.

Michael J. Otten, Esq.
March 15, 2006
Page 3



published in *Inside FERC Gas Market Report* were derived during the time period.

    With respect to **Request 10**, McGraw-Hill will perform a reasonable search for and produce a representative sampling of the reporting instructions, if any, that were regularly sent out during the time period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were intended to be used by those reporting trade data to *Gas Daily* or *Inside FERC Gas Market Report*. Because of the manner in which these email notices were sent, however, we are unable to identify the specific recipients of these email reminders.

    With respect to **Request 11**, McGraw-Hill will undertake a reasonable search of any of Mr. Heywood's email still in its custody and control for responsive documents and produce any non-privileged documents that may be found.

    As set forth in McGraw-Hill's Responses and Objections to the Subpoena, all documents to be produced by McGraw-Hill will be produced subject to the entry of the Stipulated Protective Order attached to the Objections.

              Sincerely,

              Carolyn K. Foley

UNITED STATES DISTRICT COURT,
DISTRICT OF COLUMBIA

-----------------------------------------------------------x
                                            :
United States Commodity Futures Trading     :
Commission                                  :        (Subpoena issued for Action Pending
                                            :        in U.S. District Court for the Southern
               v.                           :        District of Texas, 4:05-cv-00333)
                                            :
Michael Whitney                             :
-----------------------------------------------------------x

### THE McGRAW-HILL COMPANIES, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM

The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its attorneys, Davis

Wright Tremaine LLP, hereby responds to the Subpoena Duces Tecum issued February 21, 2006

by the United States District Court, District of Columbia ("Subpoena") at the request of the

United States Commodity Futures Trading Commission ("CFTC"). McGraw-Hill reserves the

right to supplement these responses.

### GENERAL OBJECTIONS

McGraw-Hill objects generally to the Subpoena as set forth below. To the extent

that McGraw-Hill responds to document requests to which it objects, such objections are not

waived. In addition, the inadvertent disclosure of privileged information or release of privileged

documents shall not constitute a waiver of any applicable privilege. McGraw-Hill's responses

and productions are being made according to its best understanding of the terms used in the

Subpoena and subject to a reasonable inquiry into the relevant facts within the time allowed for

responding to the requests. McGraw-Hill reserves the right to correct, amend, modify or

supplement its responses from time to time and at any time in the future, as warranted by the

circumstances.

## GENERAL OBJECTIONS

1.  McGraw-Hill objects to the Subpoena to the extent it seeks documents or information protected by the reporter's privilege, the attorney-client privilege, attorney work product or any other applicable privilege.

2.  McGraw-Hill objects to the Subpoena to the extent that it seeks confidential research, commercial, customer or propriety information or information that McGraw-Hill received in confidence and/or is obligated to treat confidentiality.  Responsive documents and other responsive information to the extent that any exist will be produced subject to the protections, and upon execution of and "so ordering" of, the Stipulation and Agreement of Confidentiality in the form attached hereto.

3.  McGraw-Hill objects to the Subpoena to the extent that it seeks the disclosure of documents and/or information not in McGraw-Hill's possession, custody or control.

4.  McGraw-Hill objects to the Subpoena and, in particular, to its definitions and instructions, to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Columbia or any other applicable rules.

5.  McGraw-Hill objects to the definition of "The McGraw-Hill Companies" in so far as it purports to include "any and all of [McGraw-Hill's] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, including but not limited to Platts, wherever they may be situated, and all other persons who have an interest in McGraw-Hill, its subsidiaries, affiliates, divisions, joint ventures, including, but not limited to McGraw-Hill or any

other legal entity in which McGraw-Hill has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret the Subpoena as requiring a reasonable search for documents submitted to and maintained by the reporters, editors and other employees who contribute to the publication of *Gas Daily* – McGraw-Hill's daily newsletter containing news and analysis regarding the natural gas market, including daily price information.

6.  McGraw-Hill objects to the definition of "Duke" in so far as it purports to include "any and all of [Duke Energy Corporation's] affiliates, subsidiaries, directors, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, wherever they may be situated, and all other persons who have an interest in Duke, its subsidiaries, affiliates, divisions, joint ventures, including by not limited to Duke or any other legal entity in which Duke has an interest" as overly broad, vague and ambiguous. McGraw-Hill states that it will interpret "Duke" as referring to Duke Energy Corporation. If there are other entities or individuals whom the CFTC views as falling within its definition of "Duke," the CFTC should specifically identify such entities.

7.  McGraw-Hill objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unreasonably duplicative, and oppressive, or seek documents that are not relevant to this civil action entitled *United States Commodity Futures Trading Commission v. Whitney*, U.S. District Court for the Southern District of Texas, 4:05-cv-00333 (the "Action") in aid of which the CFTC has issued this Subpoena .

8.  McGraw-Hill objects to the Subpoena to the extent that it seeks documents that are either publicly available and therefore are of no greater burden for the CFTC to obtain than for McGraw-Hill to obtain; are available from defendants, Duke, Duke employees and other non-journalistic sources; and/or are already in the CFTC's possession.

9.  McGraw-Hill reserves the right to correct, amend, modify or supplement its responses from time to time and at any time in the future, as warranted by the circumstances.

10. A response that McGraw-Hill will produce documents responsive to any individual request does not imply that McGraw-Hill has located any responsive document, but only that McGraw-Hill will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

11. McGraw-Hill objects to the Subpoena as duplicative of the information requested by the CFTC by way of a Subpoena dated October 9, 2002 which is currently the subject of a motion to compel enforcement, which motion has been fully briefed and argued and is pending before this Court (Docket # 03-187).  This Subpoena is an impermissible attempt to circumvent the pending ruling in this Court, constitutes a blatant and inappropriate attempt to "forum shop" and imposes additional, unnecessary and unjustified burden on McGraw-Hill.

## RESPONSES TO DOCUMENT REQUESTS

**Document Request Number 1:**

All documents received by McGraw-Hill during the relevant period from any employee or agent of Duke, including but not limited to Michael Whitney, that contains price, volume or delivery location of any natural gas transaction.

**Response to Document Request Number 1:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought.  McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of "[a]ll documents received ... from any employee ... of Duke [or any energy company] ....that contains price, volume or delivery location of any natural gas transactions."  McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information

that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 2:**

All documents prepared or created by McGraw-Hill at any time that reflect the price, volume, or delivery location of any natural gas transaction entered into during the relevant period that was communicated to McGraw-Hill by any and all means of communication by any employee or agent of Duke, including but not limited to Michael Whitney.

**Response to Document Request Number 2:**

McGraw-Hill objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought. McGraw-Hill further objects to

this request on the grounds that it calls for the production of documents protected by the

reporter's privilege, but is not limited to seeking information that is highly material, necessary

and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Request No. 4

will be produced in satisfaction of this request.

**Document Request Number 3:**

All documents containing any information which references, indicates or discusses any false, inaccurate or otherwise incorrect price or volume information concerning any natural gas transaction entered into during the relevant period that was communicated to McGraw-Hill by any means of communication by any employee or agent of Duke, including but not limited to Michael Whitney.

**Response to Document Request Number 3:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request Nos. 1 and 2 and is overbroad, vague, unduly burdensome and unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of or otherwise track "false, inaccurate or otherwise incorrect price or volume information." McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 4:**

All documents reflecting, referencing or implementing the formulas used to calculate index prices for each day of the relevant period for each natural gas delivery point at which any employee or agent of Duke, including but not limited to Michael Whitney submitted price and volume information on each day of the relevant period.

**Response to Document Request Number 4:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 2, and is overbroad, vague, unduly burdensome and is unclear as to the precise information sought. McGraw-Hill further objects to this request on the grounds that it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources. McGraw-Hill further objects to this request on the grounds that it incorrectly asserts and assumes that McGraw-Hill uses "formulas" to "calculate" its natural gas index prices.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to

the appropriate scope of this request and that if an agreement can be reached as to the matters

under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC

at a mutually agreed upon time and place.

**Document Request Number 5:**

All documents containing or describing any price and volume data about natural gas transactions that was communicated to McGraw-Hill during the relevant period by any employee or agent of Duke, including but not limited to Michael Whitney that McGraw-Hill rejected, or otherwise decided not to include, in a calculation of a price index.

**Response to Document Request Number 5:**

McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1

and on the grounds that it is overbroad, vague and unclear as to the precise information sought.

McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the

ordinary course of business, maintain a file of or otherwise keep track of "documents containing

or describing any price and volume data …. that McGraw-Hill rejected or otherwise decided not

to include in a calculation of a price index." McGraw-Hill further objects to this request on the

grounds that such information is most likely to be found on the documents to be produced

pursuant to Request Nos. 1 and 4 above and that the likelihood of such information existing on

other documents is very minimal and that it would be extraordinarily burdensome to require

McGraw-Hill to search its files for such additional documents or such information. McGraw-

Hill further objects to this request on the grounds that it calls for the production of documents

protected by the reporter's privilege, but does not seek information that is necessary or critical,

nor highly material to the Action.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos.

1 and 4 will be produced in satisfaction of this request.

**Document Request Number 6:**

     All documents reflecting published natural gas prices during the relevant period,
including but not limited to, electronic mail, web pages, and newsletters in chronological date
order, during the Relevant Time Period.

**Response to Document Request Number 6:**

     McGraw-Hill objects to this request to the extent that it seeks "all documents reflecting"

published prices, on the grounds that such request is overbroad, vague, unduly burdensome and

unclear as to the precise information sought.

     Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce the

indices as published in *Gas Daily* in the time period.

**Document Request Number 7:**

     All documents reflecting any complaints received from any person, or any conversation
that relates to the communication of false, inaccurate or otherwise incorrect price and volume
information or attempted price manipulation by any employee or agent of Duke, including but
not limited to Michael Whitney.

**Response to Document Request Number 7:**

     McGraw-Hill objects to this request on the grounds that it is duplicative of Request No. 1

and is overbroad, vague, and unclear as to the precise information sought. McGraw-Hill further

objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of

business, keep a file of or otherwise track "complaints received from any person, or any

conversation that relates to the communication of false, inaccurate or otherwise incorrect price

and volume information or attempted price manipulation by any employee or agent of Duke" or

any other energy company. McGraw-Hill further objects to this request on the grounds that the

information sought, if it exists at all, is most likely to be found on the documents to be produced pursuant to Request Nos. 1 and 4 and that it would be extraordinarily burdensome to require McGraw-Hill to search all of its files for such documents and unlikely to reveal additional information. McGraw-Hill further objects to this request on the grounds it seeks information protected by the reporter's privilege that is neither necessary or critical, nor highly material to the Action and on the grounds that the information may be sought from alternative sources. McGraw-Hill further objects to this request on the grounds that this request is primarily designed to identify instances of false reporting by Duke and that such determination can be made by comparison of the documents that may be produced in response to Request No. 1 with Duke's records of its actual trades and that any "complaints" that may or may not have been made about Duke's submission of trade data to *Gas Daily* would be cumulative of such a comparison.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that the documents, if any, produced pursuant to Requests Nos. 1 and 4 will be produced in satisfaction of this request.

**Document Request Number 8:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's daily published natural gas index prices during the relevant period.

**Response to Document Request Number 8:**

McGraw-Hill objects to this request to the extent that it calls for the production of privileged documents and to the extent it is vague, ambiguous, overbroad and otherwise imprecise as to the information sought.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Gas*

*Daily* were derived during the time period.

**Document Request Number 9:**

All documents concerning McGraw-Hill's methodology for calculating McGraw-Hill's first of the month (or monthly) published index prices for natural gas during the relevant period.

**Response to Document Request Number 9:**

McGraw-Hill objects to this request to the extent that it calls for the production of privileged documents and to the extent it is vague, ambiguous, overbroad, overly burdensome and unclear as to the information sought. McGraw-Hill further objects to this request on the grounds that it seeks information regarding *Inside FERC Gas Market Report* when the only alleged mis-reporting activities against Defendant Whitney concern reporting to *Gas Daily*.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it will perform a reasonable search for and produce all versions of the published methodology by which the natural gas index prices published in *Inside FERC Gas Market Report* were derived during the time period.

**Document Request Number 10:**

All documents concerning reporting of information about natural gas transactions McGraw-Hill provided to any employee or agent of Duke, including but not limited to Michael Whitney, including, without limitation, instructions about the types of natural gas transactions for which Duke/they should submit information.

**Response to Document Request Number 10:**

McGraw-Hill objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and otherwise imprecise as to the information sought. McGraw-Hill further objects to this request to the extent it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources.

Subject to and without waiving the foregoing General Objections and Specific

Objections, McGraw-Hill states that it will perform a reasonable search for and produce a

representative sampling of the instructions, if any, that were regularly sent out during the time

period by reporters and editors for *Gas Daily* and *Inside FERC Gas Market Report* and were

intended to be used by those reporting trade data to *Gas Daily* and *Inside FERC Gas Market

Report*.


**Document Request Number 11:**

All documents referencing or relating to any conversations between Tom Haywood and
any employee or agent of Duke, including but not limited to Michael Whitney, during the
relevant period relating to any price or volume information reported to McGraw-Hill.

**Response to Document Request Number 11:**

McGraw-Hill objects to this request to the extent it calls for the production of documents protected from disclosure by the reporter's privilege, but is not limited to seeking information that is highly material, necessary and critical and unavailable from other sources. McGraw-Hill further objects to this request on the grounds that McGraw-Hill does not, in the ordinary course of business, keep a file of or otherwise track such phone conversations.

Subject to and without waiving the foregoing General Objections and Specific Objections, McGraw-Hill states that it is currently negotiating with counsel for the CFTC as to the appropriate scope of this request and that if an agreement can be reached as to the matters under negotiation, McGraw-Hill will produce non-privileged, responsive documents to the CFTC at a mutually agreed upon time and place.

Dated:    New York, New York
          March 15, 2006

                              DAVIS WRIGHT TREMAINE LLP

                              By: _Carolyn K. Foley_
                                  Victor A. Kovner
                                  Carolyn K. Foley
                                  Kevan D. Choset
                              1633 Broadway
                              New York, New York  10019
                              (212) 489-8230

                              Attorneys for The McGraw-Hill
                              Companies, Inc.

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF TEXAS

```
-------------------------------------------------------------x
                                             :
United States Commodity Futures Trading      :
Commission                                   :         (Subpoena issued for Action Pending
                                             :         in U.S. District Court for the Southern
            v.                               :         District of Texas, 4:05-cv-00333)
                                             :
Michael Whitney                              :
-------------------------------------------------------------x
```

## STIPULATION

IT IS HEREBY STIPULATED by and between the United States Commodity Futures

Trading Commission ("CFTC"), Defendant Michael Whitney ("Defendant") and The McGraw-

Hill Companies, Inc. ("McGraw-Hill"), through their respective counsel of record, as follows:

WHEREAS, the CFTC is an independent federal regulatory agency responsible for

administering and enforcing the provisions of the Commodity Exchange Act, as amended, 7

U.S.C. §§ 1.1 et seq. (2002) and the CFTC's Regulations ("Regulations"), 17 C.F.R. § 1.1 et

seq. (2004);

WHEREAS, on February 1, 2005 the CFTC filed a civil action in the United States

District Court for the Southern District of Texas against Defendant alleging that Defendant "has

engaged in acts and practices which constitute violations of the Commodity Exchange Act, as

amended, (the "Act") 7 U.S.C. §§ 1 et seq. (2002)";

WHEREAS, on February 21, 2006, the CFTC issued a subpoena to McGraw-Hill

seeking, *inter alia*, production of internal, proprietary and confidential documents used by

McGraw-Hill in connection with its published natural gas price indices (the "Subpoena");

WHEREAS, McGraw-Hill contends that compliance with the Subpoena will require McGraw-Hill to produce material protected by the reporter's privilege, that was provided to it on a confidential basis, as well as information that is proprietary and commercially sensitive and which concerns or relates to trade secrets, processes, operations, style of work, confidential statistical data, confidential business transactions, among other things, pertaining to both McGraw-Hill and its confidential sources;

WHEREAS, McGraw-Hill objected to producing many of the documents requested by the Subpoena on the grounds that the documents were highly sensitive and confidential, reflected valuable trade secrets, and were privileged from production pursuant to the reporter's privilege;

WHEREAS, in seeking to resolve these issues short of court intervention, the CFTC, Defendant and McGraw-Hill wish to enter into this Stipulation and Protective Order governing the use and dissemination of McGraw-Hill documents produced in response to the Subpoena;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the CFTC, Defendant and McGraw-Hill, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1.  This Protective Order shall govern the CFTC's and Defendant's use of all documents, materials and information (referred to herein as "documents") produced by McGraw-Hill pursuant to the Subpoena.

2.  Except as provided below, dissemination by the CFTC or Defendant of documents produced by McGraw-Hill pursuant to the Subpoena that are marked "CONFIDENTIAL" shall be limited to the parties, their attorneys, their employees, experts or consultants and witnesses, and these individuals or entities will be similarly bound by this

Protective Order.

        3.      Use by the CFTC or Defendant of McGraw-Hill documents marked "CONFIDENTIAL" shall be limited to the present civil case only and shall not be shared, in any manner, with any individual or entity beyond those designated pursuant to paragraph 2, and these documents will not be used by the parties, their attorneys, their employees, experts and consultants or witnesses for any other commercial, business, competitive, or other purpose, or for any other judicial, quasi-judicial or administrative proceedings, dispute or case.

        4.      Should the CFTC or Defendant determine it is necessary to file with this Court any pleadings, motions or other materials that include or refer to McGraw-Hill documents marked "Confidential," that party shall file such pleadings, motions or other materials under seal pursuant to Rule 26(c)(8) of the Federal Rules of Civil Procedure and shall file in the public record a version of such pleadings, motions or other materials from which the documents produced by McGraw-Hill have been either removed or redacted.  Filings and submissions under seal, and service thereof, shall be made in a sealed envelope or other appropriate sealed container on which the filing or submitting party shall indicate the caption of this action, the contents of the envelope or container, the phrase "Confidential—Filed or Submitted Under Seal" and the following statement:

> This envelope or container is sealed and contains confidential information protected by order of the United States District Court for the **[Southern District of Texas]**.  This envelope or container shall not to be opened or have its contents displayed or revealed except by officers of the court or attorneys for parties to this action, other persons authorized to have such access or disclosure pursuant to the Protective Order entered in Case No. 4:05-cv-00333 in the United States District Court for the **[Southern District of Texas]**, or by further order of the United States District Court for the Southern District of Texas or written stipulation of McGraw-Hill, Defendant and the CFTC.  Absent such further order or stipulation, any authorized person reviewing the contents hereof must return them to the proper custodian in a sealed envelope or container.

5.    If the CFTC or Defendant determine it is necessary to present, introduce as evidence or otherwise discuss before this Court McGraw-Hill documents that are marked "Confidential," that party shall provide McGraw-Hill with at least 10 business days prior written notice of such determination. McGraw-Hill must move within 5 business days of such notice for a protective order limiting public disclosure of said documents. Neither the CFTC nor Defendant shall disclose in open court proceedings said documents until resolution of McGraw-Hill's motion for a protective order.

6.    Should any party or a third party to this civil case seek to challenge the sealed status of any materials filed with the Court including or otherwise disclosing McGraw-Hill documents marked as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order, that party or third party shall be required to serve all parties in this case and McGraw-Hill with said motion at least 10 days in advance of any scheduled hearing date. McGraw-Hill must file and serve its response within 5 business days of being served with the motion. The material shall remain sealed pending the Court's resolution of the dispute.

7.    Every person described in paragraph 2 who is given access to McGraw-Hill documents marked "CONFIDENTIAL" shall be provided with a copy of this Protective Order prior to receipt of documents marked as "CONFIDENTIAL" and shall be advised that the documents are being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used other than in accordance with this Protective Order.

8.    The CFTC and Defendant may object at any time to the continued treatment of any McGraw-Hill documents subject to the terms of this Protective Order. Whenever that party objects to the continued treatment of McGraw-Hill documents as subject to this Protective Order, that party shall inform McGraw-Hill of its objection, and its reasons for

such objection in writing. Such writing shall be delivered to McGraw-Hill by hand delivery,

courier or facsimile transmission. If McGraw-Hill believes in good faith that the documents

should remain subject to this Protective Order, McGraw-Hill shall have 10 business days to seek

a ruling from this Court as to whether the documents should continue to be treated pursuant to

the terms of this Protective Order. Until the Court enters an order, if any, changing the

designation of any McGraw-Hill documents marked as "Confidential," the documents shall

remain subject to the terms of this Protective Order.

9.    Within 45 days after the end of this civil case, including the exhaustion of

all appeals, the CFTC and Defendant shall return the originals and all copies of McGraw-Hill

documents marked as "CONFIDENTIAL," or provide a certificate of destruction to McGraw-

Hill that said documents have been destroyed, except that documents marked as

"CONFIDENTIAL" that have been referred to or attached to any pleadings, motions or other

materials filed in this civil case need not be destroyed or returned.

10.    Any notices to be provided to McGraw-Hill pursuant to this Protective

Order shall be provided to Victor A. Kovner, Esq. and Carolyn K. Foley, Esq. by facsimile at

212-489-8340 and by over-night courier service at Davis Wright Tremaine, LLP 1633

Broadway, New York, NY 10024.

11.    The terms of this Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.  The terms of this Protective Order shall be binding upon the conclusion of this action and the Court shall retain jurisdiction over the parties for enforcement of the terms of this Protective Order following conclusion of this action.

DATED:              _____, 2006

By:_____
    Michael J. Otten *Counsel for the United States*
    *Commodity Futures Commission*


By:_____

    *Counsel for Defendant Michael Whitney*


By:_____
    VICTOR A. KOVNER, ESQ.
    CAROLYN K. FOLEY, ESQ.
    *Counsel for The McGraw-Hill Companies, Inc.*


It is SO ORDERED.

Signed at the Southern District of Texas

this _____ day of _____, 2006.


_____
Judge of the District Court