UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Michael Whitney, et al.<br><br>Defendants. | Misc. No. 1:06MS00210 (RCL) |

### PLAINTIFF'S OPPOSITION TO THIRD PARTY'S
### MOTION TO SEAL AFFIDAVIT OF KELLEY DOOLAN

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") submits this opposition to the Motion to Seal the Affidavit of Kelley Doolan ("Doolan Affidavit") filed by third party, The McGraw-Hill Companies, Inc. ("McGraw-Hill"). In support thereof, the Commission states as follows:

1.  McGraw-Hill moves, ostensibly, pursuant to Federal Rule of Civil Procedure 26(c) to seal the Doolan Affidavit. Rule 26(c) states, in pertinent part, that "for good cause shown" the court may make any order "which justice so requires to protect a party or person from . . . undue burden or expense." Fed.R.Civ.P. 26(c). Thus, "it is the movant's burden to articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought." *McKesson HBOC, Inc. v. Islamic Republic of Iran*, 226 F.R.D. 56, 57 (D.D.C. Jan. 21, 2004) (citation omitted).

2.  In support of its motion, McGraw-Hill states, "[t]he Affidavit discusses confidential proprietary and trade secret information developed by *Inside FERC* over several years and other information explaining *Inside FERC*'s internal processes." Motion at ¶ 7.

RECEIVED

JUN - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

McGraw-Hill, however, does not articulate what the alleged "confidential proprietary trade secret information" is, or how disclosure of the Doolan Affidavit will harm the company. In fact, the Doolan Affidavit contains no such information.

3. In the Affidavit, Mr. Doolan states that *Inside FERC* engages in an "in-depth, focused editorial process"; that this process "lies at the heart of *Inside FERC*'s publication of price assessments"; and that disclosure of this process "would significantly disadvantage *Inside FERC* by making available commercially sensitive and valuable information to its competitors." However, other than generalized statements about the types of information Platts' editors consider, Mr. Doolan does not identify any of the details about this supposed editorial process.

4. Similarly, Mr. Doolan refers to certain spreadsheets that Platts uses to calculate its index prices. He offers that "the spreadsheets themselves [] have commercial value . . ." Specifically, "the structure, design, shape and size of these spreadsheets are designed to make the transfer of information gathered by various *Inside FERC* reporters and provided by confidential sources, as well as the analysis of this information, as easy and as seamless as possible." However, Mr. Doolan does not describe what this "structure, design, shape and size" is, nor does he attach to the Affidavit an example of the spreadsheets that reveal this supposed trade secret information.[1]

5. Furthermore, even if any of the information Mr. Doolan imparts in his Affidavit were worthy of trade secret protection, which it is not, the information is already a part of the public record. On June 16, 2005, the Commission filed an application in this Court to enforce a separate subpoena served on McGraw-Hill. See *CFTC v. The McGraw-Hill Companies, Inc.*,

---

[1] The Commission disputes whether any of the information McGraw-Hill seeks to protect rises to the level of protected trade secrets. The Commission's position is set forth in its Reply to McGraw-Hill's Opposition to the Motion to Compel Third Party to Produce Documents in Response to Subpoenas *Duces Tecum* and Opposition to Cross-Motion for Protective Order, which is being filed contemporaneously with the Commission's Opposition to the Motion to Seal. The Commission incorporates, by reference, the arguments set forth in that submission.

Misc. Action No. 05-235 (RCL). In connection with McGraw-Hill's opposition to the Commission's application, it submitted a separate Affidavit of Kelley Doolan, under seal ("DC Doolan Affidavit") (7/11/05) (Doc. 15). The statements contained in the Doolan Affidavit, which is the subject of McGraw-Hill's pending motion to seal, largely repeat statements Mr. Doolan made in the DC Doolan Affidavit. Specifically, the DC Doolan Affidavit contains a similar discussion about Platts' development of its price assessments (*compare* DC Doolan Affidavit, ¶¶ 4-7 with Doolan Affidavit, ¶¶ 6-9) and the alleged confidential proprietary nature of Platts' process (*compare* DC Doolan Affidavit, ¶¶ 11-19 with Doolan Affidavit, ¶¶ 11-14).

6.  On September 20, 2005, this Court ordered that only a discrete group of documents would remain under seal, the DC Doolan Affidavit not among them, and that any document submitted under seal pending the Court's ruling on a motion to seal would not be under seal. *See CFTC v. The McGraw-Hill Companies, Inc.*, Misc. Action No. 05-235 (RCL) (Doc. 11). McGraw-Hill did not challenge the Court's order and has since made no effort to seal the DC Doolan Affidavit. Thereafter, the Court incorporated the DC Doolan Affidavit in its ruling on the Commission's application. *See CFTC v. The McGraw-Hill Companies, Inc.*, 390 F.Supp. 2d 27, 36 (D.D.C. Oct. 4, 2005).

7.  McGraw-Hill's failure to protect the DC Doolan Affidavit cannot be reconciled with its current efforts to seal largely the same information. As such, the Court should dismiss McGraw-Hill's motion to seal as nothing more than an attempt to bolster McGraw-Hill's position that its information is confidential and proprietary.

For the foregoing reasons, the Commission respectfully requests that the Court deny McGraw-Hill's request to seal the Affidavit of Kelley Doolan filed in this action.

Dated: June 7, 2006
      Washington, D.C.

Respectfully submitted,

_____
Michael J. Otten (VA Bar No. 42371)
Anthony M. Mansfield (MA Bar 630216)
Laura Gardy (FL Bar 523909)
United States Commodity Futures
   Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
202.418.5000
202.418.5523 (facsimile)

## CERTIFICATE OF SERVICE

I, Anthony M. Mansfield, hereby certify that on June 7, 2006, I caused a copy of *Plaintiff's Opposition to Third Party's Motion to Seal Affidavit of Kelley Doolan* to be served by First Class Mail on the following individuals:

Victor Kovner, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019
*Counsel for The McGraw-Hill Companies, Inc.*
*First Class Mail and Electronic Mail*

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

_____
Anthony M. Mansfield