IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

U.S. Commodity Futures Trading Commission,

                Plaintiff,

- against -

Michael Whitney, et al.

                Defendants.

Case No. 1:06-mc-00210 (RCL)

---

### APPLICANT'S MOTION TO SEAL THE SUPPLEMENTAL DECLARATION OF KELLEY DOOLAN AND UNREDACTED REPLY MEMORANDUM

Applicant The McGraw-Hill Companies, Inc. ("McGraw-Hill") hereby moves for an order to seal: (1) Declaration of Kelley Doolan dated June 9, 2006 ("6/9/06 Doolan Declaration"), filed concurrently with McGraw-Hill's June 14, 2006 Reply Memorandum of Points & Authorities ("Reply Memorandum") in this matter; (2) an unredacted version of the June 14, 2006 Reply Memorandum of McGraw-Hill. In support thereof McGraw-Hill would show the Court as follows:

1. On or about May 8, 2006, the U.S. Commodity Futures Trading Commission ("CFTC") served upon McGraw-Hill a Motion to Compel filed in this Court.

2. On or about May 19, 2006, McGraw-Hill submitted to this Court its Opposition to the CFTC's Motion to Compel and Cross-Motion for a Protective Order, which, among other things, argues that the documents sought by the CFTC do, in fact, constitute trade secrets that should be protected from unnecessary dissemination.

3. On or about June 7, 2006, the CFTC filed papers in opposition to McGraw-Hill's motion, in which it argued that McGraw-Hill's internal spreadsheets are not worthy of protection. McGraw-Hill is submitting today its Reply Memorandum to the CFTC's opposition.

NYC 170640v1 3930059-27

4.      To respond to arguments made by the CFTC in opposition to the McGraw-Hill's cross-motion, McGraw-Hill is presently submitting the 6/9/06 Doolan Declaration with McGraw-Hill's Reply Memorandum. To make that showing, however, Mr. Doolan must discuss the proprietary nature of McGraw-Hill's documents in a way that reveals the very proprietary information that McGraw-Hill seeks to protect.

5.      Kelley Doolan was, during the relevant time period, the Chief Editor of *Inside FERC*, one of the two publications at issue. His 6/9/06 Declaration discusses confidential proprietary and trade secret information developed by *Inside FERC* over several years and other information explaining *Inside FERC*'s internal processes. Placing the 6/9/06 Doolan Declaration in the public record at this time would defeat the purpose of McGraw-Hill's cross-motion for a protective order, which is currently pending before this Court. Doing so would provide a road map detailing McGraw-Hill's internal processes to the public and thus compromise McGraw-Hill's ability to compete in the marketplace and give its competitors the opportunity to easily replicate what took McGraw-Hill years to develop.

6.      In support of McGraw-Hill's motion for a protective order, it submits the 6/9/06 Doolan Declaration to explain to the Court the harm that would come to McGraw-Hill if its trade secrets were made public. In that declaration, in addition to explaining background information about *Inside FERC* and describing *Inside FERC*'s confidential relationship with its sources, Mr. Doolan explains at length the nature of the spreadsheets and what McGraw-Hill's competitors could do with them.

7.      While the 6/9/06 Doolan Declaration does not include an actual spreadsheet, it provides a roadmap of the types of things McGraw-Hill's competitors should look for in its spreadsheets, should those spreadsheets ever come into their possession.

8.  While McGraw-Hill's competitors currently do not have access to McGraw-Hill's spreadsheets, if the CFTC opposition to McGraw-Hill's Motion for a Protective Order is successful, some of McGraw-Hill's spreadsheets may eventually be made part of the public record and thereafter be available to McGraw-Hill's competitors.

9.  If the 6/9/06 Doolan Declaration is not filed under seal and McGraw-Hill's motion for a protective order is denied, McGraw-Hill's competitors will effectively end up with both the spreadsheets themselves and Mr. Doolan's instructions for how best to exploit them to McGraw-Hill's detriment.

10. A portion of McGraw-Hill's Reply Memorandum paraphrases the 6/9/06 Doolan Declaration and reveals the same information that is in the affidavits.

11. McGraw-Hill is simultaneously filing publicly a version of the Reply Memorandum in which that portion referring to the confidential statements made in the 6/9/06 Doolan Declaration has been redacted. McGraw-Hill has no objection to the redacted version of the Reply Memorandum being part of the public record.

12. McGraw-Hill is a non-party in the present cases. McGraw-Hill is the owner of many publications, including two at issue here, *Gas Daily* and *Inside FERC*. McGraw-Hill's confidential, privileged and proprietary trade secret information is being requested by the CFTC in this case.

13. McGraw-Hill is currently requesting that the court enter a protective order that binds the CFTC and that governs the release of its highly confidential trade secret materials.

14. Unlimited public access (*e.g.*, to all materials considered on a motion for protective order) would eviscerate the very protection sought by McGraw-Hill in its Motion for a Protective Order. See 8 Wright, Miller & Marcus, *Fed Practice and Procedure*, § 2042, p.550-

51 (1994 West Publishing Co)), quoted at p. 8 of the CFTC's Opposition Brief.

15. Submitting the 6/9/06 Doolan Declaration and the Unredacted Memorandum under seal would facilitate the ongoing progress of the current litigation while also protecting McGraw-Hill's trade secrets.

16. The proposed Order Sealing the Supplemental Declaration of Kelley Doolan and the Unredacted Reply Memorandum accomplishes this goal.

For the reasons set forth above, McGraw-Hill respectfully requests that this Court order that the June 9, 2006 Supplemental Declaration of Kelley Doolan and the June 14, 2006 Unredacted Reply Memorandum be filed under seal.

Dated: June 14, 2006    Respectfully submitted,
New York, New York

s/ Richard L. Cys
Richard L. Cys
D.C. Bar No. 087536
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005-1272
(202) 508-6600 (phone)
(202) 508-6699 (fax)
*Counsel for Third Party The McGraw-Hill Companies, Inc.*

Of Counsel:
Victor A. Kovner (*pro hac vice* admission pending)
Carolyn K. Foley (*pro hac vice* admission pending)
Kevan D. Choset (*pro hac vice* admission pending)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: carolynfoley@dwt.com

Of Counsel:
William Farley, Esq.
Adam Schuman, Esq.
The McGraw-Hill Companies, Inc.
1221 Avenue of the Americas
New York, New York  10020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2006, copies of the foregoing Motion to Seal the Supplemental Declaration of Kelley Doolan and Unredacted Reply Memorandum and Order Sealing the Supplemental Declaration of Kelley Doolan and Unredacted Reply Memorandum were served by first-class mail, postage prepaid, upon the following:

Anthony M. Mansfield, Esq. (MA Bar 630216)
Michael J. Otten, Esq. (VA Bar 42371)
Laura Gardy, Esq. (FL Bar 523909)
United States Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

_____