UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 1:06MS00210 (RCL) |
| ) | |
| Michael Whitney, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S MOTION TO FILE SURREPLY

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") moves this Court for leave to file a surreply to *Reply Memorandum of Points and Authorities in Support of McGraw-Hill's Cross-Motion for Protective Order* (Doc. 21). The surreply is attached hereto as Exhibit A. As grounds for this motion, the Commission states as follows:

1.    On May 26, 2006, third party, The McGraw-Hill Companies, Inc. ("McGraw-Hill") moved for a protective order governing the use of documents McGraw-Hill may be required to produce to the Commission by this Court (Doc. 11). On June 7, the Commission filed an opposition to McGraw-Hill's motion (Doc. 18). On June 14, 2006, McGraw-Hill filed the above referenced reply memorandum.

2.    In connection with its reply memorandum, McGraw-Hill submitted an affidavit of Kelley Doolan, the third filed in this Court. The Doolan affidavit contains factual statements, which bear upon the alleged harm McGraw-Hill will suffer should it be required to produce documents to the Commission without the requested protective order. The Commission believes that the statements are inaccurate and that it is necessary to draw these (and other) inaccuracies to the Court's attention.

For the foregoing reasons, the Commission respectfully moves this Court for leave to file the attached surreply.

Dated: June 16, 2006                    Respectfully submitted,
       Washington, D.C.


/s/ Anthony M. Mansfield
Michael J. Otten (VA Bar No. 42371)
Anthony M. Mansfield (MA Bar 630216)
Laura Gardy (FL Bar 523909)
United States Commodity Futures
  Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
202.418.5000
202.418.5523 (facsimile)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. 1:06MS00210 (RCL) |
| ) | |
| Michael Whitney, et al. ) | |
| ) | |
| Defendants. ) | |

**SURREPLY TO REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MCGRAW-HILL'S CROSS-MOTION FOR PROTECTIVE ORDER**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") submits

this surreply to *Reply Memorandum of Points and Authorities in Support of McGraw-Hill's*

*Cross-Motion for Protective Order* to address two factual points raised in McGraw-Hill's papers.

**I.    The Commission's Disagreement with McGraw-Hill's Claim of Confidentiality Does
not Equate to a Lack of Respect for McGraw-Hill's Concerns**

Returning to the theme of the Commission's alleged "dismissive view toward the

confidentiality of McGraw-Hill's documents," McGraw-Hill points to the Commission's service

of the *Supplemental Declaration of Anthony M. Mansfield* -- to which was attached copies of

McGraw-Hill's spreadsheets -- to each of the defendants in the four underlying actions. *See*

Reply at 6, n.3. According to McGraw-Hill, the Commission's use of these privileged

documents offers "a prime example of why McGraw-Hill needs a protective order." *Id.* at 6.

However, in McGraw-Hill's original cross-motion for protective order filed in

this Court on May 26, 2006 (Doc. 11), the company represented that the protective order it seeks

does not apply to documents McGraw-Hill previously produced to the Commission -- *i.e.* the

documents this Court ordered McGraw-Hill to produce pursuant to the Subpoena Enforcement

Action, and the documents that are attached to the Supplemental Mansfield Declaration. *See* Cross-Motion for Protective Order at 20, n.13 ("As with the protective order to which the defendants in the *CFTC v. Bradley and Martin* have already agreed, and the protective order to which McGraw-Hill has proposed that the Oklahoma court bind the CFTC, McGraw-Hill is not proposing here the entry of a protective order that will change the CFTC's obligations with respect to any documents already in its possession.").[1]

As McGraw-Hill is aware, this Court denied its request for a protective order governing the documents produced in the Subpoena Enforcement Action (which includes the documents about which McGraw-Hill now complains). Furthermore, under the Commodity Exchange Act, the Commission may "disclose publicly any data or information that would separately disclose the market positions, business transactions, trade secrets, or names of customers of any person when such disclosure is made in connection with . . . an administrative or judicial proceeding brought under this Act . . ." 7 U.S.C. § 12(b).

Thus, rather than illustrating the Commission's dismissive view towards McGraw-Hill's concerns and providing a prime example of why a protective order is needed, the Commission's submission of McGraw-Hill's spreadsheets in this action under seal highlights the Commission's efforts to be respectful of McGraw-Hill's position despite its disagreement with that position. Indeed, contrary to McGraw-Hill's representation, the Commission did not attach the McGraw-Hill spreadsheets to the copies of the Supplemental Mansfield Declaration served

---

[1]    *See also, Memorandum of Law in Opposition to Plaintiff's Motion to Clarify and/or Vacate Protective Order and Cross-Motion to Bind Plaintiff to a Separate Protective Order*, at 20, n.4, *CFTC v. Bradley and Martin*, C.A. No. 05-cv-62 (N.D. Ok. 5/19/06) ("As the CFTC already possesses the documents it produced to the defendants [McGraw-Hill spreadsheets produced to the Commission in the Subpoena Enforcement Action] and is bound to confidentiality by its own regulations, it need not be bound by the requested protective order with regard to those documents.").

2

on the defendants in the four underlying actions. Rather, in their place, the Commission attached

a single page marked "FILED UNDER SEAL."

**II.    The Latest Doolan Declaration Does not Show that Proprietary Information will be Revealed in the Records the Commission Seeks**

To support its position, McGraw-Hill submits another Declaration of Kelley

Doolan, which purports to describe the proprietary nature of McGraw-Hill's documents ("Third

Doolan Declaration"). However, like the two previous Doolan declarations filed in this Court,

the Third Doolan Declaration fails to articulate how any of McGraw-Hill's alleged proprietary

secrets are revealed in the documents the Commission seeks. Specifically,

- In paragraphs 4-6, Mr. Doolan refers to the "programming", "efficiencies" and "capabilities" contained in McGraw-Hill's spreadsheets. He fails to note, however, that these features, whatever they may be, are embedded in the electronic versions of the spreadsheets and are not revealed in the hard copies of the spreadsheets McGraw-Hill has, and ostensibly will, produce;

- In paragraphs 7-9, Mr. Doolan refers to "key indicators" found in the spreadsheets, arguing that their disclosure to Platts' competitors will reveal what Platts believes is important. Again, these indicators are already identified in the exemplars McGraw-Hill publishes on its website. *Compare* Platts' methodology, p.8 attached as <u>Exhibit 10</u> to Declaration of Anthony M. Mansfield and actual spreadsheets attached as <u>Exhibit 8</u> to Supplemental Mansfield Declaration;

- In paragraph 8, Mr. Doolan states that the "compactness and seeming simplicity of the spreadsheets themselves is one of the key design aspects . . ." However, again, the spreadsheet in its "compact" form is disclosed in the exemplar published on McGraw-Hill's website;

- Finally, in paragraph 11, Mr. Doolan seeks to distinguish the exemplars from the actual spreadsheets by pointing out that the exemplars do not reveal what, if any, trade data was rejected as an outlier and what data was used. However, as the actual spreadsheets attached as <u>Exhibit 8</u> to the Supplemental Mansfield Declaration demonstrate, neither do the actual spreadsheets.

Furthermore, Mr. Doolan, in his efforts to bolster McGraw-Hill's claim that Platts' relationships

with its sources will be chilled, *see* paragraph 17, contradicts McGraw-Hill's own prior public

statements on this very point. Specifically, at the Futures Industry Association's *International*

3

*Futures Industry Conference* held in Boca Raton, Florida in March 2005, Platts' President, Harry Sachinis spoke about the current state of Platts' indices in the aftermath of the government's investigation of false reporting in the natural gas markets. He stated, among other things,

- the volume of the information Platts receives from the industry has increased five times in the last two years;

- the increase is due, in part, to the fact that participants in the market feel the need to provide Platts with the data to bring transparency to Platts indices; and,

- the quality of players has increased.

*See* Third Declaration of Anthony M. Mansfield, Exhibit 1 submitted herewith.

In sum, rather than adversely impacting "Platts' ability to continue reporting price assessments and bringing a measure of transparency to the natural gas market," the government's pursuit and prosecution of false reporting in the natural gas markets, arguably, has enhanced Platts' ability to generate its indices.

Dated: June 16, 2006                    Respectfully submitted,
       Washington, D.C.


                                        /s/ Anthony M. Mansfield
                                        Michael J. Otten (VA Bar No. 42371)
                                        Anthony M. Mansfield (MA Bar 630216)
                                        Laura Gardy (FL Bar 523909)
                                        United States Commodity Futures
                                            Trading Commission
                                        1155 21st Street, N.W.
                                        Washington, D.C. 20581
                                        202.418.5000
                                        202.418.5523 (facsimile)

4