UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| PLAINTIFF, | ) ) ) No. 05-CV-62-JHP-FHM ) |
| JEFFREY A. BRADLEY and ROBERT L. MARTIN, | ) ) ) ) |
| DEFENDANT(S). | ) |

### ORDER

This order addresses a series of motions[1] filed by the parties and a non-party, McGraw-Hill Companies, Inc. (McGraw-Hill). The motions concern the proper scope of discovery <u>in this case</u> from McGraw-Hill and whether any documents produced by McGraw-Hill <u>in this case</u> should be subject to a protective order.

In general, Plaintiff alleges that from January 1, 2001 through October 2002, Defendants, while employed by CMS Field Services (CMS), attempted to manipulate the price of natural gas by reporting false information to trade publications including McGraw-Hill. The instant discovery disputes center around the parties' attempts to obtain information from McGraw-Hill about natural gas purchase and sales data submitted to it by the Defendants and others and how that data may or may not have affected McGraw-Hill's analysis of the natural gas market and its publication of market information.

---

[1] The Motions at issue are: Plaintiff's Motion to Clarify and/or Vacate Protective Order [Dkt. 103]; Defendant Bradley's Motion to Compel Production of Documents by Subpoena to McGraw-Hill [Dkt. 106]; Motion of McGraw-Hill for Entry of Protective Order that Binds the Plaintiff [Dkt. 118, 122]; Motion of McGraw-Hill for Entry of Protective Order Governing the Scope and Method of Production to Defendant Bradley [Dkt. 119, 124].

Preliminarily, the Court must consider whether this is the appropriate court to hear Defendant Bradley's Motion to Compel [Dkt. 106] and McGraw-Hill's Motion for a Protective Order concerning the scope of discovery by all parties to this litigation [Dkt. 119, 124].

Defendant Bradley's Motion to Compel [Dkt. 106] is problematic because Defendant Bradley issued a subpoena from this court to McGraw-Hill directing the production of documents in New York. Ordinarily, under Fed.R.Civ.P. 45, a subpoena commanding production of documents in New York should issue from the appropriate United States District Court in New York. Under Rule 45, that court has the authority to compel compliance, quash or otherwise modify the subpoena. However, McGraw-Hill has not objected to the issuance of the subpoena from this court. Further, at the hearing McGraw-Hill specifically consented to the jurisdiction of this court to decide Defendant Bradley's Motion to Compel. The Rule 45 requirement that a subpoena be issued from the court where the production is to take place provides the person subpoenaed with a convenient forum to resolve any disputes. In light of McGraw-Hill's decision to forego that protection and consent to this court's jurisdiction, the undersigned finds there is no obstacle to deciding Defendant Bradley's motion to compel compliance with the subpoena. Therefore, Defendant Bradley's motion to compel will be considered on its merits.

McGraw-Hill has also filed a Motion for Protective Order [Dkt.119, 124] which seeks an order controlling the scope of discovery which the parties may seek from McGraw-Hill in this case. Under Fed.R.Civ.P. 16 and 26, it is appropriate for this Court to decide the scope of discovery for this case. Therefore, this is the appropriate court to hear and consider McGraw-Hill's motion. However, the issue is complicated by the fact that Plaintiff has issued a subpoena in this case to McGraw-Hill from the United States District Court for

2

the District of Columbia. McGraw-Hill has not complied with that subpoena and the matter is currently pending before the United States District Court for the District of Columbia on Plaintiff's Motion to Compel. The scope of discovery in this case is also at issue in that motion to compel. Therefore, both this Court and the United States District Court for the District of Columbia may have occasion to address the issue of the scope of discovery in this case. Despite the potential of two courts addressing the same issue in the same case, because the case is pending in this court and will be tried here, the undersigned concludes that it is appropriate for this court to decide the appropriate scope of discovery in this case. The Court will therefore proceed to decide McGraw-Hill's Motion for Protective Order regarding the scope of discovery the parties may obtain from McGraw-Hill in this case. [Dkt. 119, 124].

McGraw-Hill asserts, and at the hearing on these motions all parties agreed, that the documents sought from McGraw-Hill are protected by a qualified reporter's privilege. *Silkwood v. Kerr-McGee Corp.* 563 F.2d 433 (10th Cir. 1977). This privilege helps implement the First Amendment's guarantee of a free press by not inhibiting the "free flow of information protected by the First Amendment." *Branzburg v. Hayes*, 408 U.S. 665, 679 (1972). To overcome the privilege parties seeking discovery must establish that the documents or information cannot be obtained from another source and that the documents or information are highly relevant and "go to the heart of the matter" in this case. This standard is much more demanding that the broad discovery generally afforded litigants under Fed.R.Civ.P. 26.

Although the subpoena issued by Defendant Bradley to McGraw-Hill lists some seventeen numbered paragraphs of documents, at the hearing counsel agreed that all of those requests could be fairly summarized, as follows:

> The trade data the individual defendants and/or their former employers submitted or caused to be submitted to Platts; the spreadsheets Platts used to calculate its index prices; and communications concerning what information to report, and not to report, to Platts.

Counsel for Plaintiff also confirmed that the foregoing summary accurately reflects what it is seeking in its Motion to Compel in the United States District Court for the District of Columbia and that it would be the appropriate scope of discovery from McGraw-Hill in this case at this time.

McGraw-Hill argues that no discovery should be permitted unless the Court finds that the qualified reporter's privilege has been overcome and if the Court were to so find, that discovery should be limited to the locations for which the Defendants submitted data and to dates when the Plaintiff claims the Defendants submitted false data. McGraw-Hill also asserts that the identities of others who submitted data should be redacted from any documents produced and that McGraw-Hill's calculations should also be redacted. Finally, McGraw-Hill asserts that any documents produced in this case should be subject to a protective order which limits their use to this case and also limits pubic disclosure in filings and otherwise.

The Court finds that Defendant Bradley and Plaintiff in its filings with the United States District Court for the District of Columbia, have made a sufficient showing to overcome the qualified reporter's privilege with regard to certain documents. The documents and/or the information contained on the documents are not reasonably available

4

from any other source and go to the heart of the matter in a practical, common sense understanding of that term. Plaintiff's case centers around documents or information submitted to McGraw-Hill by Defendants through their employer during the relevant time frame. The documents or information constitute the allegedly false statements upon which the case is based.

McGraw-Hill argues discovery of this category of documents should be limited to those documents submitted on the specific dates Plaintiff claims Defendants submitted false information. The Court finds such a limitation is unduly restrictive. Production of all of the documents submitted by Defendants' employer during the relevant time period will establish the scope of the alleged violations and will thereby help quantify the damages for which Defendants may be liable. Those documents will also demonstrate whether the Defendants were able to accurately and correctly report to McGraw-Hill which is highly relevant to Defendants' intent. Further, the spreadsheets for the entire relevant time period may also reflect a more complete record of the data submitted by the Defendants and others reporting to McGraw-Hill which may serve to place Defendants' data in context and demonstrate the potential to affect the market price of gas, all of which can fairly be seen as the heart of the matter in this case. For the same reason, the calculations by McGraw-Hill on the spreadsheets should not be redacted.

The Court is not persuaded, however, that the identities of the other providers of data, would constitute the heart of the matter in this case. Plaintiff's argument that the identities "may" be necessary to obtain further evidence from those companies "if" the Plaintiff later alleges actual manipulation and "if" the Defendants assert that their false

reports did not actually affect the price, is too speculative to overcome McGraw-Hill's qualified reporter's privilege at this time.

Communications from McGraw-Hill concerning what information providers were to report and not to report goes directly to the Defendants' intent which is at the heart of this case. Further, since these materials were publically disseminated by McGraw-Hill it is unclear how these materials would be covered by the qualified reporter's privilege.

McGraw-Hill has requested that any documents it produces be subject to a protective order binding on all parties to the case. [Dkt. 118, 122]. The Defendants have previously agreed to a protective order. However, Plaintiff objects to the entry of a protective order.

Plaintiff argues that once the qualified reporter's privilege is overcome in this case, the balance has been struck and the privilege should no longer be considered by the Court in deciding whether a protective order is appropriate. Although the only reason Plaintiff is permitted to obtain the documents is because they go to the heart of this case, Plaintiff asserts that once it obtains the documents, they may be used in any other proceeding or for any other purpose. Plaintiff's argument completely ignores the privileged nature of the information. The documents are only being produced because the privilege has been overcome in this particular case, and to the extent possible, the privilege should be maintained outside this case. *See, e.g., Star Editorial, Inc. v. United States District Court for the Central District of California*, 7 F.3d 856, 861 (9th Cir. 1993) (noting that district court "recognized the importance of protecting confidentiality to prevent the risk of job loss to the informants and tailored its order to protect the sources by restricting disclosure to counsel and only for the purposes of [the] litigation."); *Miller v. Transamerica Press, Inc.*, 621 F.2d

6

721, 727 (5th Cir. 1980) (upholding district court's ruling that party need produce information protected by the reporter's privilege, but directed the district court to "protect the informant by restricting the information about the informant's identity to counsel and requiring that it be used strictly for the litigation."). Even within this case, the privileged documents should be handled in such a way as to allow the case to proceed in an orderly and efficient manner while also reducing public disclosure.

The Court rejects Plaintiff's argument that it would be burdensome to obtain this Court's permission to use the documents outside this case. The burden of filing a motion seeking permission to use the documents outside of this case is slight. Moreover, the slight burden pales in comparison to the potential damage to the First Amendment principles which support the qualified reporter's privilege. Further, Plaintiff has not demonstrated that there is any realistic possibility that the documents will be needed in any other context or that the documents could not be obtained if they are, in fact, at the heart of another situation.

McGraw-Hill has also established that the documents in question, in addition to being privileged, are trade secrets or confidential documents entitled to protection under Fed.R.Civ.P. 26(c)(7). The documents contain confidential business information. The Court is persuaded McGraw-Hill would likely suffer economic harm if they are unnecessarily disclosed. Plaintiff, on the other hand, has not established any reason why the documents should not be protected. The Court will therefore GRANT McGraw-Hill's Motion for a Protective Order.

Use of any documents produced by McGraw-Hill in this case will be limited to use in this case. McGraw-Hill documents produced in this case which are revealed in any pre-

trial filings shall be filed under seal. However, the Court may order any documents it relies upon in making any rulings in this case unsealed. Procedures shall be established to enable the orderly conduct of the public trial while reducing public dissemination of the McGraw-Hill documents. The parties and McGraw-Hill shall confer and submit a Protective Order to the Court for entry within ten (10) days of this Order.

Defendant Bradley's Motion to Compel [Dkt. 106] is therefore GRANTED as set forth herein. Plaintiff's Motion to Clarify and/or Vacate the Protective Order [Dkt. 103] is DENIED. Non-Party McGraw-Hill's motion to bind Plaintiff to a separate protective order and Non-Party McGraw-Hill's motion for entry of a protective order [Dkt. 118, 122, 119, 124] are GRANTED as set forth herein.

SO ORDERED this 16th day of June, 2006.