UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Michael Whitney, et al.,<br><br>Defendants. | Misc. No. 1:06MS00210 (RCL) |

**NON-PARTY THE McGRAW-HILL COMPANIES, INC.'S**
**OPPOSITION TO RESPONDENT'S MOTION TO FILE SURREPLY**

Non-Party The McGraw-Hill Companies, Inc. ("McGraw-Hill") submits this opposition to the Commodity Futures Trading Commission's ("CFTC") Motion to File Surreply.

1. As this Court has observed, "A surreply may be filed by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Scott Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp.2d 270, 276 (D.D.C. 2002) (citations omitted). The matter must be "truly new." *Id., citing Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D.D.C. 2001). Under this standard, the CFTC's proffered surreply is clearly improper: each of the topics raised by the CFTC in the proposed surreply has already been addressed in the briefing on the pending motion and cross-motion.

2. At best, the CFTC's arguments represent an attempt to re-state issues that the CFTC has already had full and fair opportunity to address. As such, the surreply is appropriately disregarded. *See Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001) (dismissing proposed surreply that simply attempted to correct an alleged mischaracterization); *Pogue*, 238 F.Supp.2d at 277 (denying motion to file surreply that attempted to change strategy by addressing previously overlooked arguments).

3.  In the most improper part of the surreply, the CFTC attempts to supplement the record *for the first time on surreply* with commentary made in March 2005 by Platts' President, Harry Sachinis, that has been available on the website of the Futures Industry Association, and to insinuate that this commentary contradicts McGraw-Hill's argument that compelled disclosure of newsgathering material will have a chilling effect on Platts' newsgathering ability.

4.  Mr. Sachinis' March 2005 comments and McGraw-Hill's position about the chilling effects of public disclosure are not new to the CFTC: the CFTC and McGraw-Hill have been disputing this very issue for several years, including in the moving and reply papers McGraw-Hill submitted on this very cross-motion (*see* Memorandum of Points and Authorities in Support of McGraw-Hill's Cross-Motion at 15-16; *see also,* June 2003 Declaration of Larry Foster at ¶¶ 7-8, attached as Ex. 19 to the May 26, 2006 Foley Declaration in Support of McGraw-Hill's Cross-Motion) and in the CFTC's own papers previously submitted on these motions (*see, e.g.,* CFTC's June 7, 2006 Opposition to Cross-Motion at 18-21 ["The Requested Orders are not Necessary to Protect the Confidentiality of McGraw-Hill's Relationships with its Sources"]). There is no justification for the CFTC's attempt to address this issue again on surreply.

5.  The CFTC suggests that Mr. Sachinis's comments contradict a declaration made by *Inside FERC's* Chief Editor, Kelley Doolan, submitted in support of McGraw-Hill's cross-motion. On its face, however, this insinuation is baseless. First, the CFTC fails to recognize that the statements cover different time periods – Mr. Sachinis's statement relates to the 2003 to 2005 time period, whereas Mr. Doolan's statement addresses the summer and fall of 2002.[1] This difference in time frame is crucial. By the end of 2002, the volume of transactions Platts was

---

[1] The CFTC also does not tell this Court that Mr. Sachinis attributes the increase in reported data not only to a recognition by sources of the need for market transparency, but also to an increase in trading activity, generally.

able to collect had dropped precipitously from the levels reached at the end of 2001. From the beginning of 2003, continuing through to March 2005 (and, indeed, the present), Platts has been working hard to increase the volume of transaction data it collects. (Indeed, McGraw-Hill's vigorous defense of the reporter's privilege is part of that effort.) While, as Mr. Sachinis indicated, these efforts have been successful, the volume of data collected today has yet to return to the peak levels experienced at the end of 2001 and the beginning of 2002.

6.  In short, there is nothing inconsistent between Mr. Sachinis's comments and Mr. Doolan's declaration.

7.  For these reasons, McGraw-Hill respectfully requests that the motion for surreply and the accompanying supplemental declaration of Anthony Mansfield be stricken from the record of this proceeding. Should this motion for a surreply be granted, McGraw-Hill respectfully requests that this Court provide McGraw-Hill with the opportunity to respond to the new material.[2]

Dated: June 21, 2006
       New York, New York

Respectfully submitted,

s/ Richard L. Cys
Richard L. Cys
D.C. Bar No. 087536
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005-1272
(202) 508-6600 (phone)
(202) 508-6699 (fax)
*Counsel for Third Party The McGraw-Hill Companies, Inc.*

Of Counsel:
Victor A. Kovner (*pro hac vice* admission pending)

---

[2] Thus, admission of the CFTC's proposed surreply would start-off a round of exactly the sort of "endless volley of briefs" for which a surreply is not intended to be used. See *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp.2d 1190, 1197 (N.D. Ga. 2005) (citation omitted).

NYC 170991v2 3930059-27

        Carolyn K. Foley (*pro hac vice* admission pending)
        Kevan D. Choset (*pro hac vice* admission pending)
        DAVIS WRIGHT TREMAINE LLP
        1633 Broadway
        New York, New York 10019
        Telephone: (212) 489-8230
        Facsimile: (212) 489-8340
        Email: carolynfoley@dwt.com

Of Counsel:
William Farley, Esq.
Adam Schuman, Esq.
The McGraw-Hill Companies, Inc.
1221 Avenue of the Americas
New York, New York 10020

4