IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------x
U.S. Commodity Futures Trading Commission,  :
:
        Plaintiff,  :  **Case No. 1:06-mc-00210 (RCL)**
:
        - against -  :
:
Michael Whitney, et al.  :
:
        Defendants.  :
------------------------------------------------------------x

**NON-PARTY MCGRAW-HILL'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO THE CFTC'S MOTION TO
AMEND THE COURT'S JULY 25, 2006 PROTECTIVE ORDER**

Non-party The McGraw-Hill Companies, Inc. ("McGraw-Hill") respectfully submits this Memorandum of Points and Authorities in opposition to the U.S. Commodity Futures Trading Commission's ("CFTC") Motion to Amend the Court's July 25, 2006 Protective Order ("Protective Order"), which the CFTC advances under Federal Rule of Civil Procedure 59(e).

**PRELIMINARY STATEMENT**

With this motion, the CFTC seeks to draw this Court into a theoretical discussion of the Speech or Debate Clause of the U.S. Constitution. To succeed on this application, however, the CFTC must present this Court with more than abstract discourse. The standard for granting a motion to amend under Rule 59(e) requires a stringent showing of an "intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *U.S. Commodity Futures Trading Commission v. McGraw-Hill*, 403 F. Supp.2d 34, 36 (D.D.C. Dec. 2, 2005), *quoting Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996). The CFTC's motion to amend does not meet these stringent requirements but falls, rather, into the realm of "theories that were or could have been presented in the initial

matter" and for that reason does not provide a basis for amendment of this Court's Protective Order. *Id.* Thus, the CFTC has failed to provide this Court with a sufficient basis to grant the exceptional relief allowed under Rule 59(e). *See CFTC v. McGraw-Hill*, 403 F. Supp.2d at 36 ("motions for reconsideration are rarely granted by this Court"). (Point I, below). Moreover, even if the CFTC's motion was not procedurally defective, the CFTC is wrong on the merits. First, since the Speech or Debate Clause affords the privilege of immunity to suit to members of Congress, not to the agencies of the executive branch, *Gravel v. United States*, 408 U.S. 606, 617 (1972) (Speech or Debate clause is designed to "prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary"), the CFTC cannot assert the privilege on behalf of a hypothetical congressional subcommittee. Second, the CFTC incorrectly interprets the scope and application the Speech and Debate Clause as limiting the broad discretion of the judiciary to issue protective orders in civil matters. The CFTC thus fails to provide substantive grounds, and certainly no ground rising to the level of "clear error" or "manifest injustice," for this Court to modify the Protective Order. (Point II, below).

## ARGUMENT

### I.     The CFTC Fails to Provide a Basis for Granting a Motion to Amend

Since the CFTC cites no newly-changed law, nor any new facts in support of its motion to amend, the CFTC must demonstrate that the amendment it seeks will correct "clear error" or prevent "manifest injustice." As this Court has observed, a finding of "clear error" in the context of a motion to amend "should conform to a 'very exacting standard,'...district courts should have 'a clear conviction of error' before finding a final judgment was predicated on 'clear error'... [and] a final judgment must be 'dead wrong' to constitute clear error." *Piper v. U.S. Dep't of Justice*, 312 F. Supp.2d 17, 21 (D.D.C. 2004), *citations omitted*. Further, the sort of "manifest injustice" that would justify a motion to amend "does not exist where ... a party could

have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C.Cir. 2004) (citation omitted).

Viewed in this light, the CFTC's motion to amend falls woefully short. In its effort to show "clear error," the CFTC has come up with nothing more than a slight variation of the argument it previously advanced to this Court about its *hypothetical* need to use McGraw-Hill's privileged documents for purposes other than the cases for which they have been subpoenaed.[1] The CFTC already has raised and zealously argued this position and this Court has already carefully considered and specifically rejected it:

> The CFTC responds that the public interest dictates that it should be permitted to share the information with other federal agencies *and Congress* who would use the information for similar purpose of protecting the integrity of the natural gas markets. [CFTC Opp. Br. at 27-28.] *This Court finds the CFTC's position to be troubling.* Since documents protected by the reporter's privilege are ordered to be disclosed only when the balancing test is satisfied, any subsequent disclosure of the documents must necessarily be on condition that the balancing test is also met in that particular case. Whether the documents go to the heart of the matter is an inquiry that necessarily must be undertaken for each disclosure of the documents. Accordingly any future disclosure of the documents for purposes other than the matters pursuant to which the Subpoenas were issued must be preceded by a case-specific determination by a court of law.
>
> While this Court recognizes that imposing such a requirement may impede future investigations and prosecutions, the alternative of permitting indiscriminate disclosure effectively eviscerates the protection provided by the reporter's privilege.

(Op. at 16-17; emphasis added).[2]

---

[1] The CFTC's arguments in this regard are found on pages 27 and 28 of the CFTC's June 7, 2006 Memorandum of Points and Authorities in Opposition to McGraw-Hill's Motion for a Protective Order. [Docket No. 17] ("CFTC Opp. Br.").

[2] "Op." refers to this Court's July 25, 2006 Memorandum Opinion [Docket No. 25]. The Northern District of Oklahoma, faced with a similar motion also involving the CFTC and McGraw-Hill, reached a similar conclusion: "The Commission is only entitled to these

NYC 173381v4 3930059-27      3

Now, after entry of the protective order, the CFTC cites two longstanding statutory provisions, Section 8(e) and 8(i) of the Commodity Exchange Act (the "CEA"),[3] to argue that when read in conjunction with the Speech or Debate Clause, these provisions supposedly circumscribe this Court's discretion to craft a protective order. There is no reason, however, why these provisions could not have been cited and the Speech or Debate Clause argument spelled out in opposition to McGraw-Hill's motion for a protective order. Accordingly, because this argument could have been raised, but was not, the CFTC's motion is premised on arguments that are not permitted in a Rule 59(e) motion and should be denied for that reason alone. *See CFTC v. McGraw-Hill*, 403 F. Supp.2d at 38 (denying Rule 59(e) motion to amend on grounds that arguments advanced in support of motion either were or could have been made in original motion); s*ee also Piper*, 312 F. Supp.2d at 23 ("The Court does not now find anything 'manifest' about the possible 'injustice' that may result from the Government's prior inaction [*i.e.,* failure to raise the issue before the court's decision] that would compel the Court to disturb its original judgment").

## II. Neither the Speech or Debate Clause Nor the CEA Provides Reason to Modify the Protective Order

The CFTC's argument would have been fatally defective even if raised in its initial opposition to the Protective Order. The CFTC contends that Sections 8(e) and 8(i) of the CEA preclude judicial orders that *might, someday, possibly* limit the CFTC's ability to provide information to a hypothetical inquiry from Congress or the Comptroller. Such an interpretation

---

documents for use in this case, for no other purpose. Not for Congress's oversight, not for the Comptroller's oversight, you are only entitled to them for the purpose of this litigation." See p. 12 of the Transcript of the July 18, 2006 proceeding before Magistrate Frank H. McCarthy in *CFTC v. Bradley, et al.* (N.D.Ok. Case No. 05-CV-62-JHP-FHM) [Docket No. 151]

[3]   The official citations for these provisions are: 7 U.S.C. § 12(e) and 7 U.S.C. § 12(i), respectively.

of the statutory provisions, however, would significantly interfere with the authority and discretion of this Court (and any federal district court) to place appropriate conditions or limitations on an order granting a motion to compel.[4] The more natural and appropriate reading of Sections 8(e) and 8(i) is that the provisions restrict the discretion of the *CFTC and not of the Court* in determining its response to a Congressional or Comptroller inquiry.

The CFTC's support for its proposed departure from this natural reading of Sections 8(e) and 8(i) hinges on the Speech or Debate Clause – a provision of the Constitution that provides legislators with immunity from being sued or "questioned" because of a step taken in furtherance of legislative activity. This privilege, however, applies, on its very face, to members of the *legislative* branch, *not* agencies of the *executive* branch. *See* Article 1, Section 6 of the U.S. Constitution ("The *Senators and Representatives*... for any Speech or Debate in either House, [] shall not be questioned in any other place.") (emphasis added). Accordingly, the CFTC is not the proper entity to assert this privilege. *See Laxalt v. McClatchy*, 809 F.2d 885, 891 (D.C.Cir. 1987), *citing Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A litigant 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties'").

Moreover, in relying on the Speech or Debate Clause to support its expansion of the reach of Sections 8(e) and 8(i), the CFTC *incorrectly* asserts that the Speech or Debate Clause wholly removes Congressional investigatory activities from judicial scrutiny. As the Court of Appeals has explained: "The courts do *not* accept the concept that Congress' investigatory

---

[4] A court has broad authority and discretion – whether under Rule 26, Rule 45, the All Writs Act, or other applicable statutory authorities – to issue orders necessary to protect the confidentiality of privileged information, trade secrets and other confidential information. *See, e.g., Laxalt v. McClatchy,* 809 F.2d 885, 889 (D.C.Cir. 1987) (the Federal Rules of Civil Procedure give "the District Court ample discretion to fashion appropriate protective orders upon a showing of 'good cause.'").

power is absolute. What the cases establish is that the immunity from judicial inquiry afforded by the Speech or Debate Clause is personal to members of Congress. *Where they are not harassed by personal suit against them, the clause cannot be invoked to immunize the congressional subpoena from judicial scrutiny.*" *U.S. v. American Tel. & Tel. Co.*, 567 F.2d 121, 130 (D.C. Cir. 1977) (emphasis added). Thus, as would be expected when the Speech or Debate Clause is at issue, and as in contrast to the situation presented here, all of the cases the CFTC cites in support of its motion arose in the context of lawsuits commenced against a legislator (or a legislator's aide). The questions at issue in those cases were whether the legislators were immune from suit under the Speech or Debate Clause and/or whether the suit arose from activities outside of the protected sphere of legislative activities. *See, e.g., Doe v. McMillan*, 412 U.S. 306, 307-309 (1973) (Congressmen and their staffers assert that the Speech or Debate Clause bars action by civil plaintiffs seeking to recover damages based on dissemination of Congressional report identifying and discussing students in derogatory contexts); *Gravel v. United States*, 408 U.S. at 616 (members of a Senator's staff assert that Speech or Debate Clause prevents a grand jury from subpoenaing testimony from them); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 507, 509 (1975) (members of Senate Subcommittee on Internal Security assert that Speech or Debate Clause bars lawsuit by organization against the Subcommittee Members, personally, seeking to enjoin them from implementing a subpoena issued to organization's bank).[5] Because the instant matter does not concern a lawsuit seeking to

---

[5] The Court of Appeals explicitly noted that this procedural distinction between the posture in which a challenge to investigatory activity is raised is a determinative matter for purposes of the Speech or Debate Clause. A party aggrieved by a Congressional subpoena is prevented by the Clause from affirmatively seeking redress by commencing an action against a legislator – as happened in the cases cited by the CFTC. A party is *not* prevented, however, from raising such a challenge, defensively, in an attempt to prevent compliance or enforcement of the subpoena – the right that the Protective Order preserves. *See U.S. v. American Tel. & Tel. Co.*, 567 F.2d at 130.

hold a legislator personally liable for legislative activity (and, indeed, no Congressional request or subpoena is pending or, to our knowledge, even threatened), the Speech or Debate Clause has no bearing. *See U.S. v. American Tel. & Tel. Co.*, 567 F.2d at 130.

At issue here is a decision that limits the use and disclosure of a non-party's documents to the cases in which they were compelled to be produced because they are protected by the reporter's privilege. If a Congressional Committee issued a subpoena to McGraw-Hill directly, McGraw-Hill would be in a position to take any number of actions to protect its privileged documents, including negotiating the scope of the subpoena with the committee that issued the subpoena, or obtaining assurances of confidential treatment for any documents that were produced, or resisting the subpoena, *in toto*, on the grounds of privilege. By asking this Court to amend the Protective Order so as to allow the CFTC to hand over McGraw-Hill's privileged documents without any sort of showing of need, the CFTC is effectively asking this Court to strip McGraw-Hill of the options it would otherwise have to protect its privileged documents.[6] The Protective Order, as drafted, thus ensures that the qualified constitutional protection provided by the journalists' privilege is not compromised forever and for all purposes merely because an adequate showing of need was established in the limited context of a civil action.

As is made clear by the holding by the Court of Appeals in *U.S. v. American Tel. & Tel. Co.*, affording McGraw-Hill the continued ability to protect the privileged status of the documents it has been compelled to produce to the CFTC does not run afoul of the Speech or Debate Clause. In *American Tel. & Tel.*, the Department of Justice obtained an order enjoining AT&T from responding to a congressional subpoena. Because the injunction was not directed at members of

---

[6]  As this Court has observed, the CFTC's position in this regard is troubling in that it would allow for the sort of indiscriminate disclosure that would "effectively eviscerate[] the protection provided by the reporter's privilege." *See* p. 3, above.

Congress, the Court ruled, the injunction did not violate the Speech or Debate Clause. Further, the Court explained, "the fortuity that documents sought by a congressional subpoena are not in the hands of a party claiming injury from the subpoena *should not immunize that subpoena from challenge by that party.*" *U.S. v. American Tel. & Tel. Co.*, 567 F.2d at 129 (emphasis added). Since the Protective Order at issue here is not directed at and does not bind any member of Congress, it simply does not implicate – let alone violate – the Speech or Debate Clause.

The CFTC's alleged predicament of having to "ignore its statutory obligations to Congress and the Comptroller General of the United States" (Mov. Br. at 6) in order to comply with the Protective Order is illusory. First, there is no support in the record to believe that Congress or the Comptroller has given any consideration to seeking the documents covered by the Protective Order from the CFTC. Second, if the CFTC complies with the terms of a validly issued protective order, such as the one at hand, such compliance would not be grounds for accusing the CFTC of "ignoring statutory obligations" were it to receive a hypothetical request under Sections 8(e) or 8(i). *See, e.g.,* in *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 384 (1980) (government agency is bound by a court order that prohibits disclosure of certain information even if it is subject to a federal statute that requires disclosure of that same information); *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991) ("[A] federal court's power to seal documents takes precedence over FOIA rules that would otherwise allow those documents to be disclosed."); *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) ("[A]bsent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need... a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government").

* * * *

In sum, the CFTC has failed to meet the procedural requirements of Rule 59(e). In addition, even were this Court to consider the merits of the CFTC's position, the CFTC fails to demonstrate any error – let alone clear error or manifest injustice. Sections 8(e) and 8(i) of the CEA and the Speech or Debate Clause do not curtail this Court's discretion, which it properly exercised here, to craft a protective order. Accordingly, the CFTC's motion to amend is both procedurally and substantively unsupportable and should be denied.

## CONCLUSION

For the reasons set forth above, McGraw-Hill respectfully requests that this Court deny the CFTC's motion to amend and leave in place the Court's July 25 protective order and grant such other and further relief as this Court may deem appropriate.

Dated: August 21, 2006          Respectfully submitted,
       New York, New York


                                 s/ Richard L. Cys
                                 Richard L. Cys

D.C. Bar No. 087536
DAVIS WRIGHT TREMAINE LLP
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005-1272
(202) 508-6600 (phone)
(202) 508-6699 (fax)
*Counsel for Non-Party The McGraw-Hill Companies, Inc.*

                                 Of Counsel:
                                 Victor A. Kovner (*pro hac vice*)
                                 Carolyn K. Foley (*pro hac vice*)
                                 Kevan D. Choset (*pro hac vice*)
                                 DAVIS WRIGHT TREMAINE LLP
                                 1633 Broadway
                                 New York, New York 10019
                                 Telephone: (212) 489-8230
                                 Facsimile: (212) 489-8340
                                 Email: carolynfoley@dwt.com

Of Counsel:  
William Farley, Esq.  
Adam Schuman, Esq.  
The McGraw-Hill Companies, Inc.  
1221 Avenue of the Americas  
New York, New York  10020

CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

        I, KEVAN CHOSET, being sworn, say: I am not a party to the action, am over 18 years of age and reside at New York, New York. On August 21, 2006, I caused to be served the within NON-PARTY McGRAW-HILL'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE CFTC'S MOTION TO AMEND THE COURT'S JULY 25, 2006 PROTECTIVE ORDER by ECF and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following at the last known address set forth after their name:

Anthony M. Mansfield, Esq.
United States Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

/s/ Kevan Choset
Kevan Choset

NYC 173703v1 3930059-27