UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Misc. No. 1:06MS00210 (RCL) |
| Michael Whitney, et al. | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY TO MCGRAW-HILL'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO
AMEND THE COURT'S JULY 25, 2006 PROTECTIVE ORDER**

Plaintiff, U.S. Commodity Futures Trading Commission ("Commission") submits this reply to the *Memorandum of Points and Authorities in Opposition to Motion to Amend the Court's July 25, 2006 Protective Order* filed by third party, The McGraw-Hill Companies, Inc. ("McGraw-Hill").

**I.      Argument**

**A.      The Speech or Debate Clause is Properly Invoked by the Commission**

McGraw-Hill argues that the Speech or Debate Clause is not properly invoked in this case because "[t]his privilege [] applies, on its very face, to members of the *legislative* branch, not agencies of the *executive* branch. Accordingly, the CFTC is not the proper entity to assert this privilege." Opposition at p.5 (emphasis in original). To the contrary, "[w]hile it is true that the primary purpose of the Clause involves precluding direct hardship to the legislative branch or any of its members, a broader purpose is also served. Separation of Powers principles dictate that, once it is determined that Congress or any of its members have acted within the legitimate legislative sphere, neither the Executive Branch nor the Judiciary shall interfere with

legislative discretion." *See United States v. Peoples Temple of the Disciples of Christ*, 515 F.Supp. 246, 248 (D.D.C. 1981).

The Commission does not seek protection for itself under the Speech or Debate Clause. Rather, it invokes the Clause because paragraph 1 of the Court's Protective Order prevents the Commission from complying with requests by Congress for the McGraw-Hill documents pursuant to Section 8 of the Commodity Exchange Act. 7 U.S.C. §§ 12(e) & 12(i). Section 8 reflects an act of Congress falling squarely within Congress' right to information pursuant to its investigatory function. Barring the Commission from providing Congress with the McGraw-Hill documents, upon request, is a restriction on Congress' access to this information. This, the Court may not do by blanket order under the Speech or Debate Clause, and the Commission is an appropriate entity to voice this constitutional impediment. *See FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d 966 (D.C. Cir. 1980) (on appeal by the FTC, D.C. Circuit vacated district court order imposing restrictions on the FTC's dissemination of documents to Congress produced by Owens-Corning pursuant to a FTC investigation). *See also*, *FTC v. Anderson*, 631 F.2d 741 (D.C. Cir. 1979) (rejecting joint respondents' request for imposition of a notice requirement on the FTC before dissemination of documents to Congress produced by respondents to the FTC).

    **B.**    **The Documents the Court Ordered McGraw-Hill to Produce are Implicated by an Act of Congress within the "Sphere of Legitimate Legislative Activity"**

McGraw-Hill's effort to avoid the Speech or Debate Clause because no Congressional request or subpoena is pending or threatened is without merit. As the Commission articulated in its original motion, Congress has acted within the "legitimate legislative sphere" in the form of Sections 8(e) and (i) of the Commodity Exchange Act, 7 U.S.C. §§ 12(e) & (i), wherein its reserved the right unto itself and the Comptroller General of the

United States to demand information from the Commission, including information of the kind this Court ordered McGraw-Hill to produce in this action. Contrary to McGraw-Hill's contention, the law does not require the additional <u>actual</u> <u>exercise</u> of that authority by Congress to trigger the protections afforded by the Speech or Debate Clause. *See FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d 966 (D.C. Cir. 1980).

In *Owens-Corning Fiberglas, Corp.*, the district court entered an order enforcing three subpoenas *duces tecum* issued by the FTC, subject to certain conditions. Those conditions included, *inter alia*, a requirement that the FTC "in the case of a congressional or judicial request 'immediately, forthwith upon receipt by it of such a request, (to) advise the respondent which had furnished the document, by telephone and by a written communication, that the request has been made and indicate the nature and extent of the request.'" *Id*. at 970, *quoting*, *FTC v. Owens-Corning Fiberglas Corp.*, Misc. No. 78-313, at 2 (D.D.C. Jan. 31, 1979). The D.C. Circuit rejected the conditions imposed by the district court on the FTC, noting that "the judiciary must refrain from slowing or otherwise interfering with the legitimate investigatory functions of Congress," *id*. at 970, and finding that "the incremental protection afforded by the district court's additions is speculative and minimal, and the changes would only burden the Commission by forcing it to halt other activities to contact the appellant affected immediately upon receipt of a request" and "may embroil the Commission in needless disputes with members and committees of Congress over the propriety of their requests." *Id*. at 974.

In *Owens-Corning*, as here, there was no pending or threatened request by Congress for the information in the FTC's possession.[1] Nevertheless, the D.C. Circuit was not

---

[1] 15 U.S.C. § 46(f) is the statutory provision that the FTC interprets requires the agency to produce information in response to congressional requests. S*ee Ashland Oil, Inc. v. FTC*, 548 F.2d 977, 980 (D.C. Cir. 1977). Section 46 states, in pertinent part, "**The Commission shall also have the power** . . . (f) . . . to make annual and special reports to the Congress and to submit therewith recommendations for additional legislation; and to

3

troubled by the "theoretical discussion" and "abstract discourse" about a "hypothetical congressional request," which McGraw-Hill posits as a basis to ignore the Speech or Debate Clause. Opposition at p.1. The Commission respectfully suggests that this Court rely on the Circuit Court's reasoning and not that of McGraw-Hill.[2]

### C.  McGraw-Hill Overstates the Role Court's have Defined for Themselves in Considering the Speech or Debate Clause

As the Commission previously pointed out, when Congress acts within the "sphere of legitimate legislative activity," the Speech or Debate Clause serves as an absolute bar to judicial interference. *Doe v. McMillan*, 412 U.S. 306, 314, 93 S.Ct. 2018, 36 L.Ed. 2d 912 (1972). This does not mean that the Legislature's actions are beyond judicial scrutiny; rather, the role courts have carved out for themselves is limited. In circumstances like those presented here, courts focus their inquiry on whether the act of Congress falls within the legitimate legislative sphere. *See Ashland Oil, Inc. v. FTC*, 409 F.Supp. 297, 305 (D.D.C. 1976), *aff'd*, 548 F.2d 977 (1977) ("Hence, the parameters of the inquiry may be no broader than the 'legitimate sphere of legislative activity.'"). "The types of legislative activities which have justified exercise of the power to investigate include: the primary functions of legislating and appropriating; the function of deciding whether or not legislation is appropriate; oversight of the administration of laws by the executive branch; and the essential Congressional function of informing itself in matters of national concern." *Id*. at n.8 (internal citations omitted).

---

provide for the publication of its reports and decisions in such form and manner as may be best adapted for public information and use . . ." (emphasis supplied).

[2]    Arguably, vesting the FTC with authority to provide information to Congress, which is what 15 U.S.C. § 46(f) does, is less an exercise of congressional oversight than requiring the FTC to produce information upon request. In contrast, Section 8 of the Commodity Exchange Act states that the Commission, "upon request . . . shall furnish" information to Committees of Congress, 7 U.S.C. § 12(e), and that the Comptroller General "shall be furnished information . . ." 7 U.S.C. § 12(i).

Once a court has satisfied itself that Congress' actions fall within this sphere, "courts must presume that committees of Congress will exercise their powers responsibly and with due regard for the rights of affected parties." *Exxon Corp. v. FTC*, 589 F.2d at 589 (citation omitted); *FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d at 972 ("we must assume that arms of Congress will act discreetly, with due regard for the documents' sensitive nature").[3] As the *Exxon* court concluded,

> It would exceed our jurisdiction for this court to require guarantees of specific congressional procedures in advance of any concrete threat to appellants' vital interests. The strong and long-standing principle of judicial abstention into the actions of the legislature demands that the courts, "avoid the possibility of unwarranted interference with a coordinate branch of government, by requiring dismissal of applications (seeking to restrain congressional committees' use of information) not substantiated by a showing of need arising out of immediate threats to constitutional rights."

589 F.2d at 590, *quoting*, *Cole v. McClellan*, 439 F.2d 534, 535-536 (1970).[4]

As the Commission noted in its original motion, the provisions of the Commodity Exchange Act that implicate the McGraw-Hill documents make plain that the purposes for which Congress and/or the Comptroller General shall request information from the Commission fall

---

[3]  The Commission is not unmindful of the distinction between documents procured via administrative versus court ordered subpoenas, and the protections a court may require for each category. However, the Commission notes that the limitations imposed in paragraph 1 of the Protective Order will impede Congress' exercise of its investigatory and oversight authority over the Commission. This fact supports deference by this Court regardless of how the Commission secured the information.

[4]  McGraw-Hill refers the Court to the D.C. Circuit's decision in *United States v. American Tel. & Tel. Co.*, 567 F.2d 121 (D.C. Cir. 1977) wherein the Circuit Court stated that the Speech or Debate Clause only acts as an absolute bar to judicial interference where a member of Congress is a defendant. *Id*. at 129. In contrast, "Congress' investigatory power is not, itself, absolute." *Id*. However, subsequent to *American Tel. & Tel. Co.*, the same court repeatedly paid heed to the Supreme Court's call in Eastland for judicial deference, even in cases where a member of Congress was not a defendant. *See*, *e.g.*, *Exxon Corp.*, 589 F.2d at 588-89 ("To impose any mandatory advance notice would run directly counter to the spirit expressed in Eastland v. United States Servicemen's Fund . . . The inquiry in Eastland differed from that in the present appeal, but the decision's emphasis on the necessity for courts to refrain from interfering with or delaying the investigatory functions of Congress has an obvious relevance to appellant's demand . . ."); *Anderson*, 631 F.2d at 747 ("We adhere to our decision in Exxon and its underlying rationale: '**the necessity for courts to refrain from interfering with or delaying the investigatory functions of Congress** . . .' 191 U.S.App.D.C. at 66, 589 F.2d at 589, see also Eastland v. United States Servicemen's Fund, 421 U.S. 491, S.Ct. 1813, 44 L.Ed.2d 324 (1975)") (emphasis in original).

with the legitimate legislative sphere. *See* 7 U.S.C. § 12(e) ("Upon the request of any committee of either House of Congress, **acting within the scope of its jurisdiction**, the Commission shall furnish . . .") (emphasis supplied); 7 U.S.C. § 12(i) (entitled "[Reviews and Audits of Commission]"). Thus, there is no basis to contend that Congress' actions are beyond the protections afforded by the Speech or Debate Clause.[5]

### D. Binding the Commission to Paragraph 1 of the Protective Order will Result in Clear Error and Manifest Injustice

Finally, McGraw-Hill directs the Court to the fact that nothing prevented the Commission from raising the Speech or Debate Clause in its original filings. The Commission does not dispute this point.[6] Nevertheless, the Commission respectfully suggests that allowing a provision in the Protective Order, which undermines Congress' constitutional right to information and invades Congress' Article I immunity from judicial interference, warrants reconsideration lest it result in a final judgment that is "dead wrong." *Piper v. U.S. Dep't of Justice*, 312 F.Supp. 2d 17, 21 (D.D.C. 2004) (citation omitted). As this Court recognized, a district court "has considerable discretion in ruling on a Rule 59(e) motion." *Id*. at 20. The Commission requests that the Court exercise that discretion to avoid a constitutional conflict.

---

[5] The Commission recognizes that in similar circumstances the FTC has agreed to provide reasonable notice or as much notice as possible prior to producing information to Congress pursuant to 15 U.S.C. § 46(f). This may be an appropriate resolution here, although the Commission questions the usefulness of such a provision where (1) the Commodity Exchange Act defines the purposes for which Congress and/or the Comptroller General may request information, and (2) this Court already considered McGraw-Hill's stated reasons for seeking protection of its information. As to McGraw-Hill's claim that its documents must remain confidential in order to protect "its journalistic sources," the Court stated, "this Court finds McGraw-Hill's concerns to be unpersuasive in light of the fact that the data requested by the Subpoenas is several years old . . ." Moreover, "there is no reason to expect that disclosure of the information sought in the Subpoenas will lead the source companies to mistrust McGraw-Hill or cease reporting to its publications." *United States Commodity Futures Trading Commission v. Whitney*, 2006 WL 2055722 *8 (D.D.C. Jul. 25, 2006). As to McGraw-Hill's claim that its documents constitute protected trade secrets, the Court responded, "This Court finds that the spreadsheets and related documents do not constitute trade secrets justifying the entry of a protective order. McGraw-Hill has failed to make a colorable showing on the elements necessary for trade secret protection." *Id*. at *9

[6] In the Commission's *Reply to McGraw-Hill's Opposition to the Motion to Compel Third Party to Produce Documents in Response to Subpoena Duces Tecum and Opposition to Cross-Motion for Protective Order* (Doc. No. 17), it cited the Court to Section 8 of the Commodity Exchange Act, albeit not to Sections 8(e) and (i) of the Act.

6

## II.    Conclusion

For the foregoing reasons, the Commission respectfully renews its request that the Court amend the July 25, 2006 Protective Order to allow the Commission to make available the McGraw-Hill documents upon request of (i) Congress pursuant to Section 8(e) of the CEA, 7 U.S.C. § 12(e), and (ii) the Comptroller General of the United States pursuant to Section 8(i) of the CEA, 7 U.S.C. § 12(i).

Dated: August 29, 2006                          Respectfully submitted,
      Washington, D.C.


                                /s/ Anthony M. Mansfield
                                Michael J. Otten (VA Bar No. 42371)
                                Anthony M. Mansfield (MA Bar 630216)
                                Laura Gardy (FL Bar 523909)
                                United States Commodity Futures
                                   Trading Commission
                                1155 21st Street, N.W.
                                Washington, D.C. 20581
                                202.418.5000
                                202.418.5523 (facsimile)

CERTIFICATE OF SERVICE

I, Anthony M. Mansfield, hereby certify that on August 29, 2006, I caused a copy of the *Plaintiff's Reply to McGraw-Hill's Memorandum of Points and Authorities in Opposition to the CFTC's Motion to Amend the Court's July 25, 2006 Protective Order* to be served by First Class Mail on the following individuals:

Victor Kovner, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019
*Counsel for The McGraw-Hill Companies, Inc.*
*First Class Mail*

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

/s/ Anthony M. Mansfield
Anthony M. Mansfield