# EXHIBIT A

Document2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

U.S. Commodity Futures Trading Commission,    :

        Plaintiff,    :

        - against -    :    Case No. 1:06-mc-00210 (RCL)

Michael Whitney, et al.    :

        Defendants.    :

---

**NON-PARTY MCGRAW-HILL'S [PROPOSED] SURREPLY IN FURTHER
OPPOSITION TO THE CFTC'S MOTION TO AMEND**

Non-party The McGraw-Hill Companies, Inc. ("McGraw-Hill") respectfully submits this proposed surreply in further opposition to the U.S. Commodity Futures Trading Commission's ("CFTC") Motion to Amend the Court's July 25, 2006 Protective Order ("Protective Order").

**ARGUMENT**

McGraw-Hill opposed the CFTC's motion to amend the Protective Order in part because the CFTC is not the appropriate entity to challenge *any* action on the grounds that it runs afoul of the Speech or Debate Clause and in part because no subpoena from Congress or inquiry from the Comptroller General's office has issued under Sections 8(e) or (i) of the Commodities Exchange Act ("CEA").[1]  In reply, the CFTC cites several cases not originally discussed in support of its motion to amend – chiefly, *FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d 966 (D.C.Cir. 1980) – and characterizes them in a manner that misconstrues the controlling law.  McGraw-Hill

---

[1] The CFTC repeatedly admits that it "does *not* seek protection for itself under the Speech or Debate Clause" and that "Section 8 reflects an act of *Congress* falling squarely within *Congress'* right to information..." and that "[b]arring the Commission from providing *Congress* with the McGraw-Hill documents, upon request, is a restriction on *Congress'* access to this information..." August 29, 2006 Reply Memorandum of the CFTC ("Reply") at p. 2 (emphasis added).

NYC 174024v3 3930059-27

submits this surreply to correct the misimpression.

In *Owens-Corning*, the FTC was not challenging a protective order on the grounds that it ran afoul of the Speech or Debate Clause. Rather, the FTC was seeking to enforce an *administrative* subpoena because Owens-Corning had refused to produce some of the requested documents on the grounds that the protective measures to which the FTC had agreed to abide did not provide sufficient protection for Owens-Corning's trade secrets. The district court granted the FTC's motion to compel production of the disputed documents, but also imposed some of the *additional* protective safeguards sought by Owens-Corning. On appeal, the FTC argued that the district court abused its discretion in imposing these additional safeguards.

The Court of Appeals held that because the motion involved enforcement of an administrative subpoena and the district court's authority derived from Section 9 of the FTC Act, the scope of the district court's review of the "protective conditions" agreed to by the FTC was limited to "whether the exercise of discretion by the Commission was within permissible limits, *not* whether the District Judge's substituted judgment was reasonable." *Owens-Corning*, 626 F.2d at 974. Because it found that the FTC had not abused its discretion, the Court of Appeals found that the district court had exceeded its authority in imposing the additional safeguards. *Id.* at 975. Thus, the question decided in *Owens-Corning* – whether the FTC had abused its discretion – was clearly one that the FTC had authority and a full interest in raising.[2]

---

[2] The other cases newly cited by the CFTC are even more obviously distinct from the present case in their procedural postures and substantive rulings. *See Ashland Oil, Inc. v. FTC*, 409 F.Supp. 297 (D.D.C. 1976) (holding that disclosure by the FTC to Congress of confidential trade secrets is not a prohibited "public disclosure" under the FTC Act and that FTC Act does not *require* protection of documents from congressional request); *U.S. v. People's Temple of the Disciples of Christ*, 515 F.Supp. 246 (D.D.C. 1981) (quashing a subpoena by a private party against the United States requesting documents that had been collected during the course of a Congressional investigation); *FTC v. Anderson*, 631 F.2d 741, 745 (D.C. Cir. 1979) (addressing question of whether FTC's refusal to limit use of documents called for by administrative

Here, by contrast, this Court has enforced a *judicial* subpoena issued under the authority of this Court, in aid of discovery in a pending civil matter. The Court's authority to act herein did not derive from Section 9 of the FTC Act (or the CEA equivalent), but from Fed.R.Civ.P. 26 and 45. Under that authority, it was indisputably appropriate for this Court to consider whether, in light of the decision to compel McGraw-Hill to produce its privileged documents, a protective order is necessary to minimize violation of the First Amendment rights protected by the reporter's privilege. *See, e.g.,* Fed.R.Civ.P. 26(c) ("the court ... *may make any order which justice requires to protect a party or person* from annoyance, embarrassment, oppression, or undue burden or expenses...") (emphasis added). The CFTC cites no authority for the proposition that either the Speech or Debate Clause, or Sections 8(e) or (i) of the CEA, were intended to modify the Court's authority in that regard. Nor does the CFTC explain why it – and not Congress – has standing or sufficient interest, whether under the Speech or Debate Clause, or under any other theory of separation of powers, to challenge a hypothetical interference with Congressional investigatory powers.

The CFTC also overlooks the critical fact that *all* of the new cases it cites concern the appropriate level of protection for documents containing *trade secrets* and *none* involve documents protected by the *reporter's privilege*. The distinction is crucial. Where the need for a protective order derives from statutory trade secret protections, the protection at issue does not provide grounds to quash a subpoena *in toto*, but just a basis to impose protective restrictions. Moreover, at least the FTC Act does not prohibit disclosure to Congress of a third party's trade secrets because such disclosure is not a "public disclosure." *Ashland*, 409 F.Supp. 297. By

---

subpoena to the administrative proceeding for which they were sought was an abuse of FTC's discretion); *Exxon Corp. v. FTC*, 589 F.2d 582 (D.C. Cir. 1978) (rejecting request for *permanent* injunction that would require, as a general matter, FTC to give 10 days' notice to any affected parties before disclosure, pursuant to congressional request, of a third party's trade secrets).

contrast, where, as here, the need for the protective order derives from the reporter's privilege, a motion to quash the subpoena *in toto* may well be appropriate, and the very act of disclosure of the privileged documents to a party who has not made a showing sufficient to overcome the privilege – including Congress – will violate the First Amendment rights protected by the reporter's privilege. The Protective Order issued by this Court thus appropriately limits the use of McGraw-Hill's privileged documents to the purposes for which they have been compelled and requires anyone who would make different use of the privileged documents to proffer a showing sufficient to overcome the privilege – *i.e.*, that the documents go to the heart of the matters for which they are sought and are otherwise unavailable.

## CONCLUSION

For the reasons set forth above, McGraw-Hill respectfully requests that this Court deny the CFTC's motion to amend and leave in place the Court's July 25 protective order and grant such other and further relief as this Court may deem appropriate.

Dated: September 1, 2006  
       New York, New York

Respectfully submitted,

s/ Richard L. Cys  
Richard L. Cys  
D.C. Bar No. 087536  
DAVIS WRIGHT TREMAINE LLP  
1500 K Street, N.W., Suite 450  
Washington, D.C. 20005-127s2  
(202) 508-6600 (phone)  
(202) 508-6699 (fax)  
*Counsel for Non-Party The McGraw-Hill Companies, Inc.*

|  |  |
|---|---|
| Of Counsel:<br>William Farley, Esq.<br>Adam Schuman, Esq.<br>The McGraw-Hill Companies, Inc.<br>1221 Avenue of the Americas<br>New York, New York  10020 | Victor A. Kovner (*pro hac vice*)<br>Carolyn K. Foley (*pro hac vice*)<br>Kevan D. Choset (*pro hac vice*)<br>DAVIS WRIGHT TREMAINE LLP<br>1633 Broadway<br>New York, New York 10019<br>Telephone:  (212) 489-8230<br>Facsimile:  (212) 489-8340<br>Email:  carolynfoley@dwt.com |

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK  )

I, KEVAN CHOSET, being sworn, say: I am not a party to the action, am over 18 years of age and reside at New York, New York. On September 1, 2006, I caused to be served the within NON-PARTY McGRAW-HILL'S [PROPOSED] SURREPLY IN FURTHER OPPOSITION TO THE CFTC'S MOTION TO AMEND and NONPARTY McGRAW-HILL'S MOTION TO FILE SURREPLY by ECF and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following at the last known address set forth after their name:

Anthony M. Mansfield, Esq.
United States Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

Samuel F. Abernathy, Esq.
Menaker & Herrmann
10 East 40th Street
New York, NY 10016-0301
*Counsel for Michael Whitney*

Matthew L. Fornshell, Esq.
250 West Street
Columbus, OH 43215
*Counsel for Joseph Foley*

David R. Cordell, Esq.
Conner & Winters
4000 One Williams Center
Tulsa, OK 74172
*Counsel for Jeffrey Bradley*

Thomas M. Ladner, Esq.
Norman Wohlgemuth Chandler & Dowdell
401 South Boston Avenue
2900 Mid-Continent Tower
Tulsa, OK 74103-4023
*Counsel for Robert Martin*

Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
*Counsel for Andrew Richmond*

/s/ Kevan Choset
Kevan Choset

NYC 174107v1 3930059-27